UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, ROELIF CARTER, ALLISON NELSON, HERBERT NELSON, JR., ALFRED MORRIS, ANTHONY KIMBLE, DONYALE THOMAS, SHAMEIKA MORRIS, DANIEL JENKINS, RONNIE TUCKER, TONYA DEBERRY, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF FERGUSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Case No.: 4:15-cv-253 ) ) ) ) JURY TRIAL DEMANDED ) |

# *MOTION TO DISMISS OF DEFENDANT CITY OF FERGUSON*

COMES NOW Defendant, the City of Ferguson ("Defendant"), and for its Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. No. 1), pursuant to Federal Rules of Civil Procedure 8, 10, 12(b)(6), 12(e), and 12(f), states as follows:

1. On February 8, 2015, Plaintiffs filed their Class Action Complaint (Doc. No. 1).

2. On February 9, 2015, Plaintiffs served this Defendant.

3. Plaintiffs' Complaint consists of fifty five pages and 245 narrative paragraphs, and is not a "short and plain statement of the claim showing that the pleader is entitled to relief" as is required by the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009).

{01340550.DOCX;1}

4. Plaintiffs' Complaint fails to state the claims of the Plaintiffs in separate paragraphs that are limited as far as practicable to a single set of facts and circumstances as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 10(b).

5. All six Counts contained in the Complaint should be dismissed because the Plaintiffs have failed to plead facts essential to their claims for relief, namely, that any convictions or sentences imposed upon them have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

6. All six Counts contained in the Complaint should be dismissed because Plaintiffs' allege they sustained damage from the imposition of alleged unconstitutional judgments, and any challenges to such judgments are barred by the *Rooker-Feldman* doctrine.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

7. Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted regarding any Plaintiff allegedly jailed due to their inability to pay fines pursuant to the Equal Protection Clause, as Plaintiffs have not pleaded facts essential to this claim for relief, such as: 1) non-indigent plaintiffs were provided an indigent hearing, and were therefore treated differently, or 2) Plaintiffs paying fines imposed against them were similarly situated individuals to defendants who have not paid their fines.

8. Plaintiffs' claims regarding the right to counsel should be dismissed or, at minimum, re-pleaded, because at least one Plaintiff (Aldred Morris) admittedly proceeded in the municipal court despite being informed of his right to obtain an attorney.

9. Plaintiffs' claims regarding violations of rights under the Fourteenth Amendment and their alleged indefinite and arbitrary detentions should be dismissed for failure to plead such claims in a sufficient manner so as to apprise Defendant which of the alleged detentions serve as the basis for this cause of action.

10. Plaintiffs' claims regarding the Eighth Amendment should be dismissed, as Plaintiffs have not pleaded facts showing they were anything other than pretrial or pre-charge detainees, not individuals serving custodial sentences.

11. Plaintiffs' claims regarding the Fourteenth Amendment and the allegedly unconstitutional conditions of their confinement should be dismissed for failure to adequately plead which specific conditions serve as the basis for this cause of action.

12. Plaintiffs' claims regarding the method of collection of municipal fines should be dismissed because individuals who are debtors to a private creditor cannot serve as legally similarly situated individuals to Plaintiffs, who are or were allegedly at one point alleged be individuals who owe or owed the payment of fines to Defendant, a municipality.

13. Plaintiffs' claims regarding the alleged practice of Defendant in clearing warrants for individuals with attorneys, but not for indigent individuals, should be dismissed as it is duplicative and redundant to previous claims alleged in Count I, and because the clearing of warrants for individuals who fail to appear for court after having been advised of their obligation to appear has not been recognized as a constitutionally actionable harm pursuant to 42 U.S.C. § 1983.

14. Plaintiffs' claims regarding the Defendant's alleged deliberate indifference to a serious medical need of Plaintiffs should be dismissed for failure to plead facts stating every element of such a claim in a "short and plain statement" of said cause of action.

15. Plaintiffs' claims regarding the alleged violation of rights arising under the First Amendment should be dismissed for failure to plead facts stating every element of such a claim in a "short and plain statement" of said a cause of action.

16. Plaintiffs' claims for declaratory judgment should be dismissed as there is no actual case or controversy, lack of ripeness, lack of justiciability, and for mootness.

17. Plaintiffs' claims for injunctive relief should be dismissed as there is no actual case or controversy, lack of ripeness, lack of justiciability, for mootness, as the Plaintiffs failed to sufficiently allege the threat of irreparable harm, alleged that there is a significant probability Plaintiffs will succeed on the merits, and allege that public interest is significant to warrant granting injunctive relief.

WHEREFORE, for all the foregoing reasons, Defendant respectfully request the Court dismiss Plaintiffs' Complaint, or alternatively, ask that Plaintiffs be ordered to re-plead their cause of action to comply with Federal Rules of Civil Procedure 8 and 10, without reference to duplicative, redundant, immaterial, impertinent, and scandalous matters, and that Plaintiffs' claims be dismissed consistent with the arguments raised in Defendant's Memorandum in Support of its Motion to Dismiss, and for such further relief as this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant City of Ferguson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 2nd day of March, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Alec Karakatsanis
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
alec@equaljusticeunderlaw.org
Attorneys for Plaintiffs

Mr. Thomas B. Harvey
Mr. Michael-John Voss
ArchCity Defenders
812 N. Collins Alley
St. Louis, Missouri 63102
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
Co-Counsel for Plaintiffs

Mr. John J. Ammann
Mr. Stephen Hanlon
Mr. Brendan Roediger
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, Missouri 63101
ammannjj@slu.edu
hanlonsf@slu.edu
broedige@slu.edu
Co-Counsel for Plaintiffs

/s/ Peter J. Dunne