UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEILEE FANT, ROELIF CARTER,        )
ALLISON NELSON, HERBERT NELSON,    )
JR., ALFRED MORRIS, ANTHONY        )
KIMBLE, DONYALE THOMAS,            )
SHAMEIKA MORRIS, DANIEL JENKINS,   )
RONNIE TUCKER, TONYA DEBERRY, et   )
al.,                               )
                                   )
        Plaintiffs,                )
                                   )
vs.                                )   Case No.: 4:15-cv-253
                                   )
THE CITY OF FERGUSON,              )
                                   )   JURY TRIAL DEMANDED
        Defendant.                 )

# *DEFENDANT CITY OF FERGUSON'S MEMORANDUM IN SUPPRT OF ITS MOTION TO DISMISS*

COMES NOW Defendant, the City of Ferguson ("Defendant"), and for its Memorandum in Support of its Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. No. 1), pursuant to Federal Rules of Civil Procedure 8, 10, 12(b)(6), 12(e), and 12(f), states as follows:

## INTRODUCTION

In their Complaint, the Plaintiffs purport to raise six separate counts and many extraneous and secondary issues regarding the operation of Defendant's municipal court and jail.  Plaintiffs' Complaint fails to allege facts that specify the required elements of some purported causes of action; Plaintiffs offer irrelevant, redundant, immaterial, impertinent, and scandalous allegations in other portions of their Complaint; and Plaintiffs fail to state necessary facts to state valid causes of action and claims upon which relief may be granted.  For all these reasons, as more fully set forth below, the Defendant respectfully asks that this Court dismiss Plaintiffs

Complaint, or alternatively, order Plaintiffs to file an Amended Complaint which complies with Federal Rule of Civil Procedure 8.[1]

## STANDARD OF REVIEW

Rule 8(a)(2), of the Fed.R.Civ.P., provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context"). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.  Rule 10(b) requires plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  A district court's ruling on Motions to Dismiss pertaining to Rules 8 and 10 are reviewed for an abuse of discretion. *Stanard v. Nygren*, 658 F.3d 792, 796 (7th Cir. 2011).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable

---

[1] Defendant has been put in the position as to whether the relief sought falls as a Rule 12(e) Motion for a More Definite Statement, a Rule 12(f) Motion to Strike, or a 12(b)(6) Motion to Dismiss.  Pleading requirements regarding Rule 8 and Rule 10(b) are also at issue.  Due to the complexity in which Plaintiffs' Complaint has been made, Defendant asks that this Court consider all of these rules and remedies in ruling on this Motion.

inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 at 678). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.  In support of any type of cause of action, a plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully harmed-me accusation." *Id.* at 678. This tenet is especially true in cases involving government entities given the potential application of an immunity defense. *Id.* at 685.

Rule 12(e) provides in relevant part that; "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  "A motion for more definite statement is proper when a party is unable to determine the issues he must meet." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).[2]  A district court's ruling on a Motion for More Definite Statement is reviewed for an abuse of discretion.  *See, e.g., Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 131 (5th Cir. 1959).

Rule 12(f) allows a district court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter."  A court "enjoys liberal discretion under Rule 12(f)." *Nationwide Ins. Co. v. Cent. Missouri Elec. Coop., Inc.*, 278 F.3d 472, 748 (8th Cir. 2001).

---

[2] Defendant acknowledges that Motions for More Definite Statement, like Motions to Strike, are generally disfavored.  However, given the manner and nature of the allegations purportedly raised by Plaintiffs, Defendant states that this is one such case where clarity will be helpful as the parties move forward in litigation and toward matters to be presented to the trier of fact.

Defendant further attempts to respond, even in light of the difficulty doing so, in the alternative.

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.Supp.2d 1279, 1292 (D. Del. 1995).   "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.*  Scandalous matter has been defined as "that which improperly casts a derogatory light on someone, most typically on a party to the action." *Aoki v. Benihana, Inc.*, 823 F.Supp.2d 759, 764 (D. Del. 2012).

## ARGUMENT

I.  *Plaintiffs' Complaint fails to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure.*

Plaintiffs have filed a fifty-five page, 245 paragraph Complaint which contains multiple statements per paragraph which digress into wholly separate subjects within in each paragraph. Individual claims and counts appear to be raised, but are not presented logically or clearly, and it is impossible for the Defendant to decipher exactly what Plaintiffs intend to raise as their causes of action or to file a response to meet those claims.[3]

A.  Plaintiffs' Complaint fails to comply with Rule 8(a)(2).

Plaintiffs' Complaint devolves into wide-ranging subjects, accusations and topics that bear questionable relation, at best, to the specific counts raised.  For example, Plaintiffs have allege that unnamed individuals purportedly committed suicide in "local municipal jails" (Doc. No. 1, p. 44, n.21), the emotions of the employer and family of a plaintiff (*Id.* at 26, ¶ 129), teenage children of plaintiff who were incarcerated but are not named as plaintiffs (*Id.* at 32, ¶ 162), and unnamed inmates were allegedly "sexually abused and physically beaten by jail staff in the past several years" (*Id.* at 32, ¶ 197).  This kind of unspecific and detailed digression

---

[3] Defendant has attempted to meet the allegations raised, nonetheless, in this memorandum.

4

into irrelevancy is present throughout Plaintiffs' Complaint, and such digressions are immaterial, impertinent, and scandalous pursuant to the meaning given by the *Aoki* Court.

Defendant asks the Complaint be dismissed, or that Plaintiffs be ordered to replead the specific cause of action constituting a claim for relief, and to omit  the redundant, immaterial, impertinent, and scandalous remarks replete throughout the Complaint, or, in the alternative, that they be stricken from the Complaint.

      B.      <u>Plaintiffs' Complaint fails to comply with Rule 10(b).</u>

Similarly, Plaintiffs have failed to limit, "as far as practicable to a single set of circumstances," each of their numbered allegations pursuant to Rule 10(b).  Plaintiffs have listed six separate counts, yet cite to the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States.  Doc. No. 1, p. 5, ¶ 16.  For example, Plaintiffs attempt to state some plaintiffs were denied medical care, yet these claims are not separately identified, specifically pleaded, placed into counts or alleged with the required factual elements. *See infra*.  As stated above, Plaintiffs' pleading deficiencies hinder Defendant's ability to decipher what claims are being raised by which Plaintiff and make it impossible for Defendant to respond to those allegations.

Similar to the argument contained in Section I, Defendant asks that the Complaint be dismissed or that Plaintiffs be ordered to replead the cause of action in a format meeting the requirements of Rule 10(b) so that Defendant may provide a response to all causes of action which Plaintiffs intend to raise.

II.    *Plaintiffs' Complaint contains six counts and should be dismissed for failure to state a cause of action upon which relief may be granted.*

5

Section 1983 is a remedial statute allowing for a person acting under "color of any statute, ordinance, regulation, custom, or usage, of a State or Territory or the District of Columbia" to be held liable for the "deprivation of any rights, privileges, or immunities secured by the Constitution and its laws." 42 U.S.C. § 1983. The statute is "merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Foster v. Wyrick,* 823 F.2d 218, 221 (8th Cir. 1987). In a § 1983 action, two essential elements must be present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999).

Like common law torts, constitutional torts require proximate cause. *See Carey v. Piphus*, 435 U.S. 247, 257–58 (1978) (recognizing that the tort rules defining elements of damages and the prerequisites for the recovery of damages provide the appropriate starting point for the inquiry under § 1983 as well); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 409 (1970) (Harlan, J. concurring); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1072 n.12 (9th Cir. 2012); *Temple v. Temple*, 172 F.3d 49 (6th Cir. 1998).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074–75 (8th Cir. 1996) (*quoting Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978)); *see also Giustiniano v. Village of Calverton Park*, *Mo.*, 2008 WL 5110576, 2 (E.D. Mo. 2008).

A municipality may be liable under § 1983 for the unconstitutional acts of its employees if some custom or policy of the municipality was the moving force behind the constitutional

6

violation.  *Wilson v. Spain*, 209 F.3d 713, 717 (8th Cir. 2000) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997)).   If Plaintiff can establish a municipality's officer violated his federal right, Plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (internal citation omitted).  "Official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who [is determined by state law to have] the final authority to establish governmental policy."  *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998).  A plaintiff must make a showing regarding the fault of the municipality and a causal link between the municipal policy and the alleged violation, whereby there exists a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights.  *See  id.*

To state a municipal liability claim under an "inaction" theory, a plaintiff must establish 1) the existence of a clear and persistent pattern of constitutional violations; 2) notice or constructive notice on the party of the municipality, and 3) the municipality's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and 4) that the municipality's custom was the "moving force" or direct causal link in the constitutional deprivation.  *See id.*; *see also City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

The Plaintiffs have failed to plead facts to establish all elements of the claims contained within the counts that appear to be raised in Counts I through VI.  For this reason, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6).

A.  Plaintiffs' Count I pertaining to the Fourteenth Amendment and jailing Plaintiffs regarding their alleged inability to pay fines fails to allege every element of such a claim and should be dismissed.

The Due Process Clause of the Fourteenth Amendment provides that, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. AMEND. XIV, § 1. Plaintiffs mention the Due Process and Equal Protection clauses of the Fourteenth Amendment in Count I.  Defendant will address each of these potential causes of action under 42 U.S.C. § 1983.

i.  **Plaintiffs have failed to allege facts to state a cause of action regarding the Due Process Clause.** [4]

Procedural due process claims require a two-step analysis.  Initially, a plaintiff must demonstrate that the state deprived him or her of some "life, liberty, or property" interest.  If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient "process." *Krentz v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000).

a.  *Plaintiffs' Complaint should be dismissed pursuant to* Heck.

Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the United States Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[4] Plaintiffs have failed to clarify whether they have attempted to plead a cause of action regarding an alleged violation of procedural due process or substantive due process.  *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998) (requiring precise identification of the Constitutional Amendment allegedly violated).  As paragraph 235 of the Complaint mentions the alleged failure to inquire as to "their ability to pay and without considering alternatives to imprisonment as required by the United States Constitution."   To the extent Plaintiffs intended to raise a cause of action pursuant to substantive due process, Defendant requests that this Court dismiss such a claim under Count I for failure to adequately plead such a cause of action.

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*; *but see Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Justice Souter, in his concurrence, concluded *Heck*'s favorable-termination requirement is inapplicable to those persons prevented from satisfying it as a matter of law).  The United States Court of Appeals for the Sixth Circuit has specifically addressed a similar issue presented by Plaintiffs here: whether *Heck* barred a § 1983 claim regarding the failure of a public defender to request an indigency hearing.  *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 602–03 (6th Cir. 2007).  The *Powers* Court recognized the Circuit split regarding whether *Heck* would prevent a § 1983 plaintiff's suit where the plaintiff lacks a habeas option for the vindication of his or her federal rights.  *Id.* at 603.  The Court explicitly found the Eighth Circuit to apply *Heck* in such a situation.  *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (declining to read *Spencer* to allow a former prisoner to maintain his § 1983 action on the grounds that *Heck* did not differentiate between prisoners and habeas-ineligible former prisoners for purposes of applying the favorable-termination rule and no Supreme Court decision had "explicitly overrule[d]" *Heck*).

*Heck* and *Entzi* are good and controlling law, notwithstanding *Powers*' express disagreement.  Defendant is entitled to dismissal based on *Heck* and the Plaintiffs' failure to plead their convictions or sentences have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck*, 512 U.S. at 486–87.

   b.    *Plaintiffs' Complaint should be dismissed pursuant to the* Rooker-Feldman *doctrine.*

9

The *Rooker-Feldman* doctrine bars parties that have lost in state court from filing suit in federal district courts for the purpose of obtaining review of the adverse state-court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker–Feldman* prevents an unsuccessful state-court party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

Plaintiffs here ultimately state that their damages sustained pursuant to each and every count resulted in unconstitutional judgments.  The *Rooker-Feldman* doctrine bars this kind of review, as state proceedings allow for their own administrative review and appellate processes for such constitutional assertions.[5]

> ii.     **Plaintiffs have failed to plead every element to a claim pertaining to the Equal Protection Clause.**

Defendant incorporates their above argument in Section II.A.1, as *Heck* applies equally to bar Plaintiffs claims regarding the Equal Protection Clause.

The Equal Protection Clause requires that state actors must treat similarly situated people alike.  *Habhab v. Hon*, 536 F.3d 963, 967 (8th Cir. 2008).  State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause.  *Id.*  "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her."

---

[5] Here, the Missouri legislature has specifically enabled the creation of municipal courts to hear and determine violations of municipal ordinances.  Section 479.010.   The legislature provided for a specific review process, whereby a defendant challenging the determination of the municipal court may seek a trial de novo "within ten days after judgment and shall be filed in such form and perfected in such manner as provided by supreme court rule." Section 479.200

*Klinger v. Dept. of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).   If a plaintiff fails to make a showing that he was treated differently than those similarly situated, he does not have a viable Equal Protection claim.  *Id.*  Classifications based on income are subject only to rational basis review. *See San Antonio Independent Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28–29 (1973).

Here, the Plaintiffs have not pleaded that non-indigent plaintiffs were provided an indigency hearing, and were therefore treated differently.  Further, any Plaintiffs paying fines imposed against them are not similarly situated to municipal defendants who have not paid their fines.  Accordingly, Plaintiffs' claims based on the Equal Protection Clause should be dismissed.

B.      Plaintiffs' Count II pertaining to the Sixth and Fourteenth Amendment regarding allegedly jailing Plaintiffs without the benefit of counsel and without a knowing, intelligent, voluntary waiver should be clarified, or, in the alternative, dismissed for failure to clearly state a claim.

It is unclear exactly what the claim is which the Plaintiffs raise Count II against Defendant.  *See* Doc. No. 1, p. 11, § 41 (stating assistance of counsel received by Roelif Carter); *see also supra*, Section I.B.  Defendant incorporates arguments regarding *Heck* and the *Rooker-Feldman* doctrine, discussed *supra*.

The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right. . . to have the Assistance of Counsel for his defense." *Kansas v. Ventris*, 556 U.S. 586, 590 (2009); (quoting U.S. Const. amend. VI); *see also United States v. Red Bird*, 287 F.3d 709, 713 (8th Cir. 2002).

It is well established Federal law that the Sixth Amendment grants a defendant the right to self-representation in state court proceedings.  *See McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984); *Faretta v. California*, 422 U.S. 806, 820 (1975) ("To thrust counsel upon the accused

against [his or her] considered wish, . . . violates the logic of the [Sixth] Amendment.").  "[I]n order to represent [himself or herself], the accused must knowingly forgo" the relinquished benefits of the right to counsel.  *Id.* at 835 (internal quotations and citations omitted).[6]

Assuming all reasonable factual inferences in a favorable light toward Plaintiff, at least one Plaintiff (Aldred Morris) alleges that he was informed of the "need[]" of obtaining an attorney.  Doc. No. 1, p. 21, ¶  93.  It is unclear if Plaintiffs assert Count II on behalf of each Plaintiff, including Mr. Morris, and that the judge's instructions and proceeding based on this instruction was not a knowing and voluntary waiver.  *See supra*, Section I, regarding the pleading deficiencies in the Complaint.

C.   Plaintiffs' Count III pertaining to the Fourteenth Amendment and alleged indefinite and arbitrary detentions should be dismissed for failing to sufficiently plead the cause of action..

Defendant incorporates the *Heck* and *Rooker-Feldman* doctrine arguments that are raised *supra*.

Again, the Plaintiffs do not allege which alleged detention listed in their Complaint serves as their basis for this claim.  In other words, Plaintiffs do not delineate which of the many alleged detentions are constitutionally significant (and upon which detentions Plaintiffs seek

---

[6] Missouri Supreme Court Rule is the statute policy, applying to Defendant, which requires a transcript of the waiver of counsel in the event of a felony charge, only.  Mo. Sup. Ct. R. 31.02(b).  In addition, it provides:

"In all criminal cases the defendant shall have the right to appear and defend in person and by counsel. If any person charged with an offense, the conviction of which would probably result in confinement, shall be without counsel upon his first appearance before a judge, it shall be the duty of the court to advise him of his right to counsel, and of the willingness of the court to appoint counsel to represent him if he is unable to employ counsel. Upon a showing of indigency, it shall be the duty of the court to appoint counsel to represent him. If after being informed as to his rights, the defendant requests to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the court shall have no duty to appoint counsel. If at any stage of the proceedings it appears to the court in which the matter is then pending that because of the gravity of the offense charged and other circumstances affecting the defendant, the failure to appoint counsel may result in injustice to the defendant, the court shall then appoint counsel. Appointed counsel shall be allowed a reasonable time in which to prepare the defense."

recovery of damages).  For these reasons, Plaintiffs' Complaint should be dismissed, or Plaintiffs should be ordered to restate their cause of action with more definiteness and particularity.

D.   Plaintiffs' Count IV pertaining to the alleged conditions of Defendant's jail should be dismissed for failing to sufficiently plead facts giving rise to such a claim.

Defendant incorporates the *Heck* and *Rooker-Feldman* doctrine arguments raised, *supra*.

It is not clear what constitutional provision Plaintiffs invoke regarding Count IV. Defendant therefore addresses the Eighth Amendment (by incorporation through the Fourteenth Amendment) and the Fourteenth Amendment's Due Process Clause.

i.      **Plaintiffs' claims potentially raised by invocation of the Eighth Amendment should be dismissed for failure to state a claim, where Plaintiffs have not alleged formal adjudication regarding the cause for any incarceration.**

In paragraph 200 of Plaintiffs' Complaint, Plaintiffs invoke the Eighth Amendment with respect to the alleged unconstitutional jail conditions.   When considering the claims of pretrial detainees, the Court must consider the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.   *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Eighth Amendment's guarantees are implicated after the "State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n. 40 (1977)). Impositions of punishment occurring prior to "a formal adjudication of guilt in accordance with due process of law" implicate the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Id.*  Plaintiffs have not clearly alleged formal adjudications of guilt regarding their incarcerations, therefore the Eighth Amendment claims regarding the conditions must be dismissed.

13

ii.     **Plaintiffs' claims raised regarding the Fourteenth Amendment should be clarified, or, in the alternative, dismissed.**

Assuming Plaintiffs attempt to raise their claim regarding the conditions of confinement under the Fourteenth Amendment,[7] "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Bell*, 441 U.S. at 537. In the Eighth Circuit, the standards applied to these [pretrial detention under the Fourteenth Amendment] claims are the same as those applied to Eighth Amendment claims. *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir.1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotations and citations omitted).

Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months.  *Whitnack*, 16 F.3d at 957 (internal quotations and citation omitted).  Although the Constitution does not mandate comfortable prisons, inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time. *Id.*  Conditions of confinement, however, constitute cruel and unusual punishment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.  *Id.* "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

---

[7] *See supra*, footnote 4.

14

Plaintiffs do not allege facts that specify which alleged deprivation listed in their Complaint were experienced by which Plaintiff and which, of these serves as their basis for this cause of action.  For example, Plaintiffs have alleged generally, for example, they are not provided television, toothpaste, soap, and a toothbrush in jail.  Doc. No. 1. p. 2, ¶ 2; *see Ellis v. Pierce County, GA*, 415 Fed. Appx. 215 (11th Cir. 2011) (denial of hot water and normal entertainment—e.g. no television, limited access to a telephone, and limited social time with other inmates—are not "extreme deprivations" which amount to unconstitutional conditions of confinement; defendants were entitled to summary judgment on pretrial detainee's conditions of confinement claim); *Davidson v. Murray*, 371 F. Supp. 2d 361 (W.D. N.Y. 2005) (ruling allegations that plaintiff was routinely denied toothpaste, soap, and other personal hygiene and cleaning items did not rise to the level of an Eighth Amendment claim, and there was no evidence defendants realized plaintiff's need for these items was so great as to present a health risk); *Calhoun v. Thomas*, 360 F. Supp. 2d 1264 (M.D. Ala. 2005) (ruling that, even if plaintiff-detainee's allegations that he was deprived of shower thongs, clean clothes, and a toothbrush when he arrived at the county jail were true, they did not rise to the level of a constitutional violation; such deprivations may have made plaintiff uncomfortable, but they did not constitute an extreme condition that posed an unreasonable risk of damage to his future health).

Due to lack of specificity and clarity in the Complaint as argued *supra*, Defendant is unable to investigate and properly respond to each of Plaintiffs' allegations which are intended to be the basis for the condition of confinement claim.  The claim should be dismissed, or at minimum, repleaded to specify the exact nature of this claim for each individual Plaintiff.

E.      <u>Plaintiffs' Count V pertaining to the alleged methods of collection should be dismissed for failing to sufficiently plead.</u>

15

Defendant incorporates the *Heck* and *Rooker-Feldman* doctrine arguments raised, *supra*.

Plaintiffs have stated Defendant's alleged methods of collection violate the Equal Protection Clause of the Fourteenth Amendment, and compares the Plaintiffs as those who owe money to the government (as opposed to those individuals who are in debt to private creditors). See *supra*, Section I.A.ii. for discussion regarding the Equal Protection Clause.

Assuming all reasonable factual inferences in a light most favorable to Plaintiffs, the Plaintiffs simply are not legally similarly situated to individuals owing money to private creditors. The rights and remedies accompanying the groups are entirely different, both factually and legally. A fine levied by a municipality is simply not similar to a debt owed to a private creditor.

Defendant respectfully requests that Count V be dismissed.

F.   Plaintiffs' Count VI pertaining to the alleged warrant procedure fails to state a cause of action upon which relief may be granted.[8]

Defendant incorporates the *Heck* and *Rooker-Feldman* doctrine arguments raised, *supra*.

Plaintiffs appear to argue Defendant treated them differently from individuals represented by attorneys with respect to "clearing" warrants.  To the extent the end result alleged by Plaintiffs is the incarceration of Plaintiffs, Count VI is redundant from Count I and should be stricken pursuant to Rule 12(f).  To the extent Plaintiffs attempt to create allege the failure to

---

[8] It is difficult to determine what constitutional provisions are being invoked, here, and if not dismissed, the Plaintiffs should be ordered to replead this Count with more clarity.  For example, Plaintiffs allege Defendant delayed presentment "for weeks or days."  Defendant argues this is redundant to the allegations raised in Count III, and should therefore be stricken pursuant to Rule 12(f).

Plaintiffs also allege Defendant "chooses to pursue warrants instead of issuing summons even when it has spoken to people on the phone or in person and has the opportunity to notify them to appear in court."  This should be stricken as it is impertinent and immaterial.

clear a warrant violates equal protection and due process, Defendant has failed to procure any controlling case law addressing this issue.[9]  Plaintiffs have similarly failed to allege what aspect of the Fourth Amendment was violated, or how the result was to cause harm to Plaintiffs.

Plaintiffs' failure to allege facts supporting a cause of action on this isolated issue fails to state a claim upon which relief may be granted, and this claim should be dismissed.

III.     *Potential claims not included in separate counts should be dismissed for failure to state a claim.*

As mentioned throughout this memorandum, Plaintiffs' method of pleading has inhibited the Defendant's ability to determine who is alleging what claims and which theories of recovery. Defendant will attempt to address the potential theories invoked by Plaintiffs, but not alleged separately or contained in individual counts.

A.     Plaintiffs' have failed to sufficiently allege a cause of action for deliberate indifference to a serious medical need.

The Eighth Circuit analyzes both a pretrial detainee's (Due Process Clause of the Fourteenth Amendment) and a convicted inmate's (Eighth Amendment) claim of inadequate medical care under the deliberate indifference standard. *Cummings v. Ferguson*, No. 09-5173, 2011 WL 4072176, *7 (W.D. Ar. Aug. 1, 2011) (referencing *Butler v.* Fletcher, 465 F.3d 340, 344 (8th Cir. 2006)).  It is well established that "[d]eliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eight Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010); *See Gordon ex rel. Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006) (citing *460 Estelle v. Gamble,* 429 U.S. 97, 106, (1976)).  The deliberate

---

[9] Further, assuming the warrant results in an arrest (which scenario is presumably encompassed in Count I), case law has not specifically recognized a cause of action where the removal or maintaining of a warrant constitutes a constitutionally significant harm allowing for a cause of action pursuant to 42 U.S.C. § 1983.

indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.' " *Ferguson*, 2011 WL 4072176 at *8 (citing *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)).  To state a claim based on "inadequate medical treatment ... [t]he plaintiff 'must show more than negligence, more even than gross negligence….' " *Alberson v. Norris,* 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995)).

Plaintiffs have failed to allege sufficient facts supporting each of these elements as to which individual's claim Plaintiffs tend to seek relief based on this cause of action.[10]  To the extent some or all Plaintiffs intended to raise such a claim, each such claim should be dismissed for failure to plead every element regarding each individual Plaintiff.

B.      Plaintiffs' have failed to sufficiently allege a cause of action regarding the First Amendment.

Plaintiffs have cited to the First Amendment of the United States Constitution as the basis for recovery in their Complaint.  Doc. No. 1, p. 5, ¶ 16.

The First Amendment, applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech."  *Virginia v. Black*, 538 U.S. 343 358 (2003).  Courts generally follow three steps in addressing a First Amendment challenge: First, determining whether the First Amendment protects the speech at issue, then identifying the nature of the forum, and finally assessing whether the . . . justifications for restricting . . .speech satisfy the requisite standard.  *See Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 797 (1985).

---

[10] It is unclear whether Plaintiffs intended to include these allegations only to support a claim of condition of confinement.

Plaintiffs have not identified any of the three elements required to state a claim under the First Amendment.  Accordingly, reference to the First Amendment should be dismissed or stricken from the Complaint.

IV.   *Plaintiffs' request for declaratory judgment and injunctive relief should be dismissed due to lack of an actual controversy.*

Plaintiffs ask for seven different avenues of declaratory judgment in their "Request for Relief."  Doc. No. 1, . 54, ¶¶ a–f.  Plaintiffs also seek "[a]n order and judgment permanently enjoining Defendant from enforcing the above-described unconstitutional policies and practices against Plaintiffs."  *Id.* at ¶ g.  For the reasons stated below, no actual controversy exists and these requests for relief should be dismissed.

A.   Plaintiffs requests for declaratory judgment should be dismissed for lack of ripeness.

The Declaratory Judgment Act provides that any federal court, "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. *Maytag Corp. v. International Union, United Auto., Aerospace & Agricultural Implement Workers of America*, 867 F.3d 1076, 1081 (8th Cir. 2012); 28 U.S.C. § 2201(a).  The phrase "case of actual controversy" in § 2201 refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.  *Id.* (internal quotations and citation omitted).  There must be a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.  *Id.* (internal

quotations and citation omitted).   In the declaratory judgment context, the difference between an

abstract question and an Article III case or controversy

> is necessarily one of degree, and it would be difficult ... to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Two varieties of mootness exist: Article III mootness and prudential mootness.  *Ali v. Congemi*, 419 F.3d 722, 723–24 (8th Cir. 2005); *see also Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (stating under the prudential mootness doctrine, "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies")

An exception to the mootness doctrine applies where the following two circumstances are simultaneously present: 1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and 2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (no indication inmate was likely to be transferred back to the prison that had imposed the challenged conditions); *see also Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009) (same).  The mere possibility an individual might be subject to the same conditions again in the future are too speculative a basis to bring claims within the exception of the mootness doctrine.  *See id.*; *c.f. Helling v. McKinney*, 509 U.S. 25, 35 (1993) (state prisoner, incarcerated at the time of the claims, who claimed involuntary exposure to environmental tobacco smoke showed prospective relief may be appropriate on a claim regarding

conditions of confinement where a plaintiff shows an unreasonable risk of serious damage to his future health).

Here, Plaintiffs' future harms are insufficiently pleaded and are entirely speculative.  Any Plaintiff who currently has counsel and is attempting to raise constitutional objection has not pleaded there is a reasonable likelihood[11] they will violate the law, be incarcerated at Defendant's jail, fail to request an indigency hearing, and fail to have other counsel appointed for the alleged harm to take place (assuming, in a light most favorable to Plaintiffs, the alleged unconstitutional condition of confinement were to exist at such undetermined future point in time).  Plaintiffs' claims are not justiciable, not ripe, and are moot, as they have not alleged current confinement or pending fines.[12]

     B.     <u>Plaintiffs requests for injunctive relief should be dismissed for lack of ripeness.</u>

As stated, Plaintiffs have requested an order and judgment permanently enjoining Defendant from enforcing the alleged unconstitutional policies and practices against the Plaintiffs.  Similarly to the above discussion regarding ripeness, justiciability, and mootness, Plaintiffs have not pleaded the elements required for the Court to provide injunctive relief.

---

[11] Presiding Judge Catherine Perry provided an informative review of Judge Frederick R. Buckles' report and recommendation regarding the mootness of condition of confinement challenges in *West v. Mueller*, No. 4:06CV904 CDP, 2007 WL 4287696, at *1 (E.D. Mo. Dec. 4, 2007).  Judge Perry noted the exception to the mootness doctrine where "the challenged action is too short to be fully litigated before its cessation, and where there is reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same in the future." *Id.* at *2.  The Court found the plaintiff "has presented no evidence that would support a finding" that "there is a reasonable likelihood that he will again be. . . arbitrarily arrested." *Id.*

[12] Even if Plaintiffs were to current confinement, such claims would be barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 41 (1971) (The Younger abstention doctrine prevents federal courts from "stay[ing] or enjoin[ing] pending state court proceedings except under special circumstances."); *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (stating abstention  should be exercised when 1) state judicial proceedings are ongoing, 2) the proceedings implicate important state interests, and 3) there is an adequate opportunity to raise constitutional challenges in the state proceedings.).

Plaintiffs have alleged potential application for military enlistment, but have not alleged actually attempting and a refusal for enlistment based on the disputed warrants. *See* Doc. No. 1, p. 16, n.8.

A class, which has not been ordered certified, has included those with current fines.  No Plaintiff has been identified as representing this class (being similarly situated). *See id.* at p. 4, ¶ 211.

"[W]hether a preliminary injunction should issue involves a consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

For the reasons stated in the above section (which are incorporated here and should operate to bar injunctive relief), the first two considerations are completely absent.  Plaintiffs have not alleged they are currently incarcerated, or that they currently owe fines to Defendant. The third element, as argued throughout this brief, is also absent.  Finally, with respect to the fourth element, the public interest alone is not sufficiently great to rise to the level justifying the granting injunctive relief.

Accordingly, Defendant respectfully requests that this Court dismiss or strike Plaintiffs' request for injunctive relief.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully moves the Court dismiss Plaintiffs' Complaint, or alternatively, that Plaintiffs be ordered to re-plead their causes of action to comply with Federal Rules of Civil Procedure 8 and 10 and without the redundant, immaterial, impertinent, and scandalous matters contained in the Complaint, that Plaintiffs' claims be dismissed consistent with the above arguments, and for such further relief as this Court deems just and proper.

{01338894.DOCX;1}

/s/Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

23

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 2nd day of March, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Alec Karakatsanis
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
alec@equaljusticeunderlaw.org
Attorneys for Plaintiffs

Mr. Thomas B. Harvey
Mr. Michael-John Voss
ArchCity Defenders
812 N. Collins Alley
St. Louis, Missouri 63102
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
Co-Counsel for Plaintiffs

Mr. John J. Ammann
Mr. Stephen Hanlon
Mr. Brendan Roediger
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, Missouri 63101
ammannjj@slu.edu
hanlonsf@slu.edu
broedige@slu.edu
Co-Counsel for Plaintiffs

/s/ Peter J. Dunne

24