UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, ROELIF CARTER, ALLISON NELSON, HERBERT NELSON, JR., ALFRED MORRIS, ANTHONY KIMBLE, DONYALE THOMAS, SHAMEIKA MORRIS, DANIEL JENKINS, RONNIE TUCKER, TONYA DEBERRY, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF FERGUSON, <br><br> Defendant. | Case No.: 4:15-cv-253 <br><br> JURY TRIAL DEMANDED |

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant, the City of Ferguson, and for its Reply in Support of its Motion to Dismiss (Doc. Nos. 8 and 9) Plaintiffs' Complaint (Doc. No. 1), and pursuant to pursuant to Federal Rules of Civil Procedure 8, 10, 12(b)(6), 12(e), and 12(f), states:

### INTRODUCTION

Defendants will not repeat the arguments raised in their initial Motion (Doc. No. 8) and Memorandum in Support (Doc. No. 9), but submit the following response to the arguments of Plaintiff in the order raised in the Plaintiff's Response (Doc. No. 13).

### ARGUMENT

**I.    Rule 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief and that each allegation be simple, concise, and direct.**

Plaintiff argues the lack of citation to case law regarding Federal Rule 8 is fatal to Defendant's Motion to Dismiss.  Defendant has cited to the United Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, two seminal cases commanding pleading requirements in federal court.  *See also* Fed. R. Civ. P. 8(a)(2), 8(d)(1).  Defendant has also cited to *Stanard v. Nygren* in that the standard of review on a motion to dismiss based upon Rule 8 is for a review of discretion.[1]   Assessment of a pleading should be made on a case-by-case basis, depending on what is attempted to be raised as a claim for relief, the length of the pleading, and whichever factors the court deems just and proper when analyzing the clarity of the claims and the manner in which Defendant must respond.  *See e.g., Tatum v. St. Louis Cmty. Coll.*, No. 4:12CV2218 CDP, 2012 WL 6055454, at *1 (E.D. Mo. 2012) ("Because the complaint is overly long and repetitive, it does not comply with Rule 8(a), and it is dismissible as a result.") (citing *Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983)).

The problem presented by the manner in which Plaintiffs have pleaded their Complaint is the unintelligibility of *what* claim is raised, *by whom*, and under *what theories*.  Although the "fat" in the Complaint alone is insufficient for dismissal (*see Nygren*, *supra*), the lack of notice provided Defendant as to the precise claims asserted is the key concern.  *See Meidinger v. City of Rapid City*, No. CIV. 12-5064, 2012 WL 5378941, at *2 (D.S.D. Oct. 31, 2012) (discussing Rule

---

[1] 658 F.3d 792, 797–98 (7th Cir.2011), reh'g denied (Mar. 1, 2012) ("Two themes emerge from our cases applying Rules 8 and 10. First, undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint. Where a complaint does not comply with Rule 8's mandate of a short and plain statement of the claim but nevertheless puts the defendant on notice of the plaintiff's claims, dismissal is inappropriate merely because of the presence of superfluous matter. Davis held that if the trial court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8, and dismissal based on the inclusion of superfluous material is inappropriate. Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal. Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so. Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

8 and 10 in a context of a motion to dismiss).  A District Court Judge is not required to "do [Plaintiffs'] work for them to connect assertions with elements" of Plaintiffs' constitutional claims or "'piece' together the plaintiffs' complaint."  *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).  Neither should the Defendant be so required.

> II. **Rule 10 requires a plaintiff state their claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.**

Plaintiffs argue Defendant has failed to cite to authority regarding Federal Rule of Civil Procedure 10.  The Defendant has cited both the federal rule and to *Stanard v. Nygren* (*see supra*).  Further, Defendant has called specific attention to the deficiencies in the Plaintiffs' Complaint.  A review of Plaintiffs' Complaint shows that the numbered paragraphs are not limited as far as practicable to a single set of circumstances.  Practically speaking, Defendant does not wish the Complaint to invite confusion as to the specific facts admitted, denied or unknown should the time come to file an Answer.  In further proceedings, the Defendant anticipates the Complaint will beg confusion as to *what* claims are raised, *by whom*, and under *what theories* (for example, when jury instructions are required and submitted in this litigation).[2] As the standard of review regarding a motion to dismiss regarding Rule 10 is for an abuse of discretion, Defendant's motion requests Plaintiffs clarify the factual and legal issues at this early stage for both the shaping of potential discovery and for judicial efficiency.

> III. **Rule 10 requires a plaintiff state their claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.[3]**
>
>> A. **Plaintiffs have not disputed the controlling nature of *Entzi*, and Plaintiffs' Complaint should be dismissed.**

---

[2] For example, Plaintiffs argue in their Response that individual plaintiffs and the subclass purport to assert claims regarding the alleged denial of medical care.  It remains unclear which individual plaintiffs intend to raise such a claim by failure to recite elements regarding said allegations.  *See Meidinger v. City of Rapid City*, No. CIV. 12-5064, 2012 WL 5378941, at *2 (D.S.D. Oct. 31, 2012) (including citations).

[3] *Heck* and the *Rooker-Feldman* doctrine serve as a basis for dismissal of Plaintiffs' Complaint regarding all counts.

Plaintiffs have not addressed the decision in *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 602–03 (6th Cir. 2007), or the circuit split recognized by *Powers*. Most significantly, Plaintiffs have not taken the opportunity in their Response to address *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) and the consideration of a habeas option for vindication of federal rights by the Eighth Circuit. The Plaintiffs are attempting to allege claims regarding jailing in a state facility and challenging the basis for that jailing, specifically.

As Plaintiffs have not disputed the controlling nature of *Entzi*, Plaintiffs' Complaint as to those allegations and claims should be dismissed.

## B. The *Rooker-Feldman* doctrine should apply because Plaintiffs attack judgments.

Plaintiffs have stated that "[t]hey do not challenge any state court judgments in this case." Doc. No. 13, p. 7. The next statement, Plaintiffs concede they attempt to raise causes of action "arising out of a **post-judgment** municipal scheme to collect money from old **judgments**." *See id.* (emphasis added); *see also infra*, Section III.C.6 (discussing criminal judgments). Plaintiffs do not allege the existence of a class of individuals who did not commit any violation or crime. The basis of the jailing, as Defendant interprets the Plaintiffs' Complaint, begins with such a accusation, criminal violation and criminal judgment. Based on Plaintiffs' own allegations, the *Rooker-Feldman* doctrine is implicated. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker–Feldman* prevents an unsuccessful state-court party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

## C. Plaintiffs have insufficiently pleaded their attempted causes of action.

### 1. Due Process and Equal Protection

#### a. Plaintiff has not pleaded each and every element of their Due Process claim.

Plaintiffs attempt to respond to Defendant's Motion to Dismiss by discussing *Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983). Defendant's argument, as organized in their Motion to Dismiss, is founded upon *Heck*, the *Rooker-Feldman* doctrine, and Plaintiffs' failure to allege the precise constitutional provisions allegedly violated by the Defendant. It appears the Plaintiffs intended to assert a procedural due process claim in their Complaint. However, as the Response to a motion to dismiss does not constitute a pleading (*see* Fed. R. Civ. P. 7), Defendant respectfully requests that Plaintiffs be ordered to so specify the alleged constitutional violation in an Amended Complaint (including all elements per whichever Plaintiff intends to allege it) or accept the dismissal of this claim.

#### b. Plaintiff has not pleaded each and every element of their Equal Protection claim.

Plaintiffs have cited to *Bearden* and have made the conclusory statement that they have raised an Equal Protection claim. The Defendant's argument raised in their Motion to Dismiss is <u>elemental</u>. The Plaintiffs, in their Response, fail to explain how they have cited to each and every element of an Equal Protection claim. As stated above, this is necessary to put Defendant on notice of what is being claimed, with respect to what each plaintiff was treated allegedly differently from those individuals who were similarly situated to that plaintiff. *See Klinger v. Dept. of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). Plaintiffs Complaint should be dismissed as to this claim, as Plaintiffs' have failed to address this shortcoming in pleading.

{01347864.DOCX;1}

> **2.      Plaintiffs' have not sufficiently alleged who is raising a claim regarding an alleged Sixth Amendment Right to Counsel violation.**

The Plaintiffs's response clarifies the cause of action under Count II pertains to Defendant "proceed[ing] without appointed counsel or obtaining valid waivers." Doc. No. 13, p. 13.  This clarity is needed because this information is not present in Plaintiffs' Complaint.  Again, the deficiency in Plaintiffs' pleading is as to exactly *what* is raised, *by whom*, and under *what theories*.  To the extent each and every Plaintiff contends Defendant proceeded without appointed counsel or obtaining valid waivers, Plaintiffs must allege such in their Complaint to place Defendant on notice of the claims being raised by each Plaintiff.

> **3.      Plaintiffs' failure to specify which of the many alleged detentions are the basis for Plaintiffs' claims, and their Complaint should be dismissed for failure to sufficiently plead each and every element in Count III.**

Plaintiffs have argued that Defendant "does not attempt to make any legal argument justifying its policy, pattern, and practice of holding people in its jail until they come up with enough money to satisfy the City or until City officials decide to let them out for free." Doc. No. 13, p. 13.  Well-pleaded facts (as opposed to bald conclusions) should be accepted as true for purposes of this Court's consideration of Defendant's Motion to Dismiss.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant's argument in their Motion to Dismiss pertains to Plaintiffs' failure to specify which detention it claims is constitutionally significant (or which detention each Plaintiff intends to raise a claim upon which relief may be granted).  In other words, do all Plaintiffs contend they are entitled to a probable cause determination with respect to every Plaintiff who was jailed for twenty-four hours?  Again, Plaintiffs have failed to address the argument Defendant raised on

their Motion to Dismiss, and this inhibits Defendant to adequately respond to which detention may or may not be constitutionally recognizable. For this reason, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

      **4.      Plaintiffs have failed to specify which factors for which plaintiffs exist regarding the "condition of confinement claim" under Count IV, which should therefore be dismissed.**

The Plaintiffs begin their argument by conceding that they do not raise an Eighth Amendment claim. *See* Doc. No. 13, p. 15. Regardless, Plaintiffs have not disputed the deficiencies in the Complaint, to the extent it raises any alleged violation pursuant to the Eighth Amendment, and as a result it should be dismissed.

Plaintiffs submit that in a condition of confinement suit, the totality of the circumstances should be considered. *See Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010) (sheriff's transportation of a plaintiff in a dog cage during a ninety-minute drive from county jail to county courthouse established fact question with respect to an alleged constitutional violation). The Defendant again states that Plaintiffs must allege what each Plaintiff contends he or she was not provided, and if so, whether that Plaintiff contends that constituted a constitutionally significant deprivation. For example, does each Plaintiff contend he or she was not provided a toothbrush? Do Plaintiffs intend to allege this failure is to be considered, for each Plaintiff, a constitutionally significant deprivation?

The Plaintiffs have argued "[a]ny reasonable reading of the Complaint reveals that, if true, these conditions make out a constitutional violation and must be stopped." Doc. No. 13, p. 17. The Plaintiffs speculate Defendant would argue their Complaint is too long if they listed items which they seek to claim significant constitutional deprivations per Plaintiff (the deprivations are "materially the same". *Id.* p. 16 n.7. In fact, the opposite is true. The

Defendant, when responding to the truth of the matter averted, will be forced to guess what "materially the same" means within the parameters of the Constitutions protections. A review of the individual Plaintiffs' allegations shows that the alleged items which were not provided were not "materially the same."

In their suit, the Plaintiffs allege events that occurred in different time periods and of different conditions. Defendant's Motion to Dismiss is based on *what* is raised, *by whom*, and under *what theories*. If the conditions were the same for all Plaintiffs and that all Plaintiffs make such a claim, then Plaintiff should so plead. As it is now stated, Defendant is unable to discern which Plaintiff alleges what factor or set of factors constituted an alleged constitutional violation.

> **5.  Plaintiffs have failed to cite to the elements of an Equal Protection claim in Count V, and their citations to recoupment cases are not instructive to the pleading deficiency.**

The Plaintiffs contend Defendant has not cited to any case in support of its Motion to Dismiss. Defendant, in its Memorandum in Support, expressly cited to the previously raised arguments and case law regarding the Equal Protection clause and the elements Plaintiffs are required to plead to make out a submissible case.

Plaintiffs then cite to *James v. Strange*, in support of their argument regarding their purported Equal Protection claim. 407 U.S. 128 (1972).[4] *James* is distinguishable as it invokes

---

[4] Plaintiffs other citations are inapplicable to the allegations in this case, as the cited cases pertain to civil recoupment measures based on civil procedure and remedies.

Plaintiffs cite to *Fuller v. Oregon*, 417 U.S. 40, 47 (1974). *Fuller* is similarly distinguishable as it pertains to an Oregon condition of probation that a petitioner reimburse the county for fees and expenses of an attorney and investigator whose services had been provided because of the defendant's indigent status. *Id.* at 41–42.

Plaintiffs cite to *Olson v. James*, 603 F.2d 150, 154 (10th Cir. 1979). *Olson* analyzes a Kansas statute creating civil liability and procedure to the State of Kansas for payouts made to an indigent defendant. *Id.* at 152.

Plaintiffs cite to *United States v. Bracewell*, 569 F.2d 1194, 1198–1200 (2d Cir. 1978). *Bracewell* is another matter regarding the reimbursement process of the court-appointed defense attorney in connection with the seizure of funds. *Id.* at 1197–98.

an Equal Protection analysis regarding a civil cause of action for recoupment of counsel fees and expenditures paid for indigent defendants.  *Id.* at 132.  The Kansas statute under review did not provide the indigent defendant exemptions available to other judgment debtors under the Kansas Code of Civil Procedure except for the homestead exception.  *Id.* at 130.  Specifically, the plaintiffs in *James* specifically argued the statute "has attempted to treat them (indigent defendants) the same as would any civil judgment debtor be treated in State courts. . . ."  *Id.* at 134.  The Court then discusses treatment of indigent defendants "with other civil debtors."  *Id.* at 135.

Again, Plaintiffs do not address the arguments Defendant has raised, i.e., Plaintiffs have not alleged the elements of an Equal Protection claim.  Specifically, Plaintiffs have not pleaded a statute, such as the Kansas statute, where indigent individuals are treated dissimilarly from other similarly situated individuals.  Plaintiffs have not alleged any civil recoupment process or any civil case brought against indigent defendants or similarly situated individuals.  Plaintiffs have alleged the finding of fines pursuant to a criminal judgment.[5]

Plaintiffs assert, "Unpaid court fines and costs are civil judgments. . ."  Doc. No. 13, p. 21.  However, the Plaintiffs have not so pleaded.  Plaintiffs' own citation to R.S.Mo. § 560.031 discusses the nature of the fine in a criminal realm, enabling the court or prosecuting attorney to require the plaintiff to show cause "why he should not be imprisoned for nonpayment."  R.S.Mo. § 560.031.1.  Section five of the statute provides, "Upon default in the payment of a fine or any installment thereof, the fine **may** be collected by any means authorized for the enforcement of

---

Plaintiffs cite to *Alexander v. Johnson*, 742 F.2d 117, 124 (4th Cir. 1984).  *Alexander* pertained to an action based upon 42 U.S.C. § 1983 challenging the State of North Carolina's Parole Commission and Secretary of Department of Corrections' practice requiring indigent inmates to make restitution for costs of court appointed counsel as a condition of parole.  *Id.* at 118–19.

[5] *See* above arguments regarding *Heck* and the *Rooker-Feldman* doctrine.

money judgments."[6]  Plaintiffs have not alleged any exemption is available to non-indigent defendants, but not to indigent defendants, as was analyzed in *James*.  Further, the subject allegations pertain to criminal fines and not civil recoupment of fees provided to indigent defendants.

Plaintiffs' Count V should be dismissed for failure to allege each and every element required to make an Equal Protection claim.

> **6.   Plaintiffs have failed to adequately state a cause of action regarding a "warrant scheme," and Count VI should therefore be dismissed.**

Plaintiffs argue Defendant has failed to address an alleged policy that (presumably some individual acting on behalf of) Defendant issues warrants without probable cause to believe that any offense had been committed.  This is the exact problem presented by the confusing nature of the Plaintiffs' allegations.  Without this kind of clarity, Defendant submits to this court that Plaintiffs may attempt to use one point, couched in several potentially unrelated statements within a paragraph, to evade detection by Defendant so it may not be addressed or recognized as attempting to state a claim.  This is neither in the spirit nor the letter of pleading requirements under the Federal Rules of Civil Procedure.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (referencing requirement that the pleader gives fair notice of what the claim is and the grounds upon which it rests).  Which Plaintiff claims probable cause was not determined? What warrant provided for the authority to jail which Plaintiff?  What crime did each Plaintiff allegedly commit?  The Complaint is silent on each question.  Plaintiffs' purported Fourth Amendment claims fail to state the elements as to each Plaintiff and fail to put Defendant on notice of which the claim is and the grounds upon which it rests.  Plaintiffs now assert, "Because

---

[6] Plaintiffs argue Missouri enforcement of money judgments by the civil process protects against extreme poverty.  Doc. No. 13, p. 21.

the City does not make any argument for the dismissal of this claim, the City's Motion should be denied." Doc. No. 13, p. 23.

Plaintiffs have neither cited to the elements nor to the Equal Protection clause in Count VI.  Defendant argued against application of the Equal Protection clause in its Motion to Dismiss out of an abundance of caution.  Plaintiffs have not explained how their Complaint adequately presented such a claim or the elements upon which it may be based.  Plaintiffs have further failed to allege which policy caused which Plaintiff a harm or deprivation of which substantive due process right.  As with their other counts, Plaintiffs' conclusory allegations regarding a policy violating a Constitutional Amendment does not plead an element of causation tied to an individual Plaintiff.  Accordingly, Count VI should be dismissed for failure to state a claim upon which relief may be granted.

> **D.** **Plaintiffs have failed to sufficiently allege an actual controversy, and their claims for declaratory judgment and injunctive relief should be dismissed.**

Plaintiffs state the chance they may again be arrested presents the "paradigmatic case for which such equitable relief was designed." Doc. No. 13, p. 24.  Plaintiffs' state in their Response Defendant is "currently attempting to collect those debts using its unlawful policies and procedures." *Id.*  Plaintiffs have neither alleged any actual harm, nor have they alleged a reasonable likelihood such events will occur.  Plaintiffs have not alleged any basis that Defendant is "currently attempting to collect those debts using its unlawful policies and procedures." *See supra*.  Plaintiff's citation to a fear that a future event may happen is not the type of actual case or controversy needed to seek a declaratory judgment.  *See, e.g., Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

11

Plaintiffs argue Defendant confuses the issue presented to the Court in Plaintiffs' Complaint with Plaintiffs' potential Motion for Injunctive Relief. Doc. No. 13, p. 25. It is the Complaint that causes the confusion. A party seeking injunctive relief (a remedy, not a cause of action) must demonstrate the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc). Merely because Plaintiffs have not moved this Court for injunctive relief does not relieve them of the pleading requirements of Rule 8. *See Willett v. Wells*, 469 F. Supp. 748, 754 (E.D. Tenn. 1977) aff'd, 595 F.2d 1227 (6th Cir. 1979); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1155 (5th Cir. 1992) ("In order to obtain a permanent injunction or a declaratory judgment, a party must make his request for such relief in his pleadings. Fed.R.Civ.P. 8(a)").

Plaintiffs have failed to plead the requirements needed in order to obtain a permanent injunction. Such a request for relief, therefore, should be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.

## CONCLUSION

In both the original Complaint, and in their response, the Plaintiffs have failed to address or correct the pleading deficiencies Defendant has raised in its Motion to Dismiss. For the reasons stated above, Defendant is not placed on notice of what Plaintiff alleges a policy or custom caused (in what manner) what constitutional deprivation. Plaintiff further fails to cite to an actual controversy, and Plaintiffs' claims for declaratory judgment and injunctive relief

should be dismissed.  Most importantly, the matter should be dismissed pursuant to *Heck* and the

*Rooker-Feldman* doctrine.

                                                                               /s/Peter J. Dunne
                                                                               Peter J. Dunne   #31482
                                                                               Robert T. Plunkert   #62064
                                                                               PITZER SNODGRASS, P.C.
                                                                               Attorneys for Defendant
                                                                               100 South Fourth Street, Suite 400
                                                                               St. Louis, Missouri 63102-1821
                                                                               (314) 421-5545
                                                                               (314) 421-3144 (Fax)

       I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 16th day of March, 2015 to be served by operation of the Court's electronic filing system upon  the following or U.S. mail for parties not registered with CM/ECF:

| | |
|---|---|
| Mr. Alec Karakatsanis<br>Equal Justice Under Law<br>916 G Street, NW Suite 701<br>Washington, DC 20001<br>alec@equaljusticeunderlaw.org<br>Attorneys for Plaintiffs | Mr. Thomas B. Harvey<br>Mr. Michael-John Voss<br>ArchCity Defenders<br>812 N. Collins Alley<br>St. Louis, Missouri 63102<br>tharvey@archcitydefenders.org<br>mjvoss@archcitydefenders.org<br>Co-Counsel for Plaintiffs |

Mr. John J. Ammann
Mr. Stephen Hanlon
Mr. Brendan Roediger
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, Missouri 63101
ammannjj@slu.edu
hanlonsf@slu.edu
broedige@slu.edu
Co-Counsel for Plaintiffs

                                                                              /s/Peter J. Dunne

{01347864.DOCX;1}