UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, ROELIF CARTER, ALLISON NELSON, HERBERT NELSON, JR., ALFRED MORRIS, ANTHONY KIMBLE, DONYALE THOMAS, SHAMEIKA MORRIS, DANIEL JENKINS, RONNIE TUCKER, TONYA DEBERRY, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF FERGUSON, <br><br> Defendant. | Case No.: 4:15-cv-253 <br><br> **JURY TRIAL DEMANDED** |

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

COMES NOW Defendant, the City of Ferguson, and for their Response in Opposition to Plaintiffs' Motion for Reconsideration (Doc. No. 20), states as follows:

**INTRODUCTION**

Plaintiffs have requested that this Court reexamine its Order (Doc. No. 19) granting in part and denying in part Defendant's Motion to Dismiss (Doc. No. 8). This request should be denied. "A motion for reconsideration should not be used as a vehicle to present authorities at the time of the first decision or to reiterate arguments previously made: *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992).

> [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court ... already thought through—rightly or wrongly.... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the

> Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* (citations omitted).

Plaintiffs request that the court rethink that which Court has already thought through, presents new authorities available to them at the time of the first decision, and reiterates arguments previously made.  Procedurally, the Plaintiffs have failed to demonstrate these threshold questions and the Court should deny Plaintiffs' motion.  Subject to this, Defendant will address the arguments asserted by Plaintiffs in the order they are raised.

## ARGUMENT

**I.   The Court correctly ruled regarding the dismissal of Count V and Plaintiffs' failure to sufficiently allege they were similarly situated to civil judgment debtors.**

The Court has ruled as follows:

> The City asserts, and Plaintiffs do not dispute, that Plaintiffs' fines are not merely court costs but fines imposed pursuant to criminal judgments.  Accordingly, the Court finds that Plaintiffs cannot state an equal protection claim for being treated differently with respect to their fines than civil judgment debtors because they have not adequately alleged that they are similarly situated to civil judgment debtors.

Doc. No. 19, p. 31–32.  Plaintiffs now argue the nature of the municipal court proceedings is civil (with citations), therefore any judgment based on the proceedings must be a civil judgment similar to those returned against private debtors (without citation to any supporting case law).  This latter argument is incorrect and is contrary to Missouri law.  The Missouri Court of Appeals has stated:

> [I]t is improper to consider the fact that our Supreme Court has designated a prosecution for an offense committed against municipal ordinances, a civil action, as was done in [citations], as

2

> determining the question whether the accused should be deprived of the protection of the rule as to a reasonable doubt. Those cases do not affect that question. The court did not say that such cases were in all respects like those which are commonly understood to be ordinary civil cases, and that in all respects the practice, procedure, and rights of the parties were the same. There are necessary differences between them in some respects. Thus it has been ruled, time and again, by the Supreme Court, that such cases are quasi criminal, which is no less than saying that they are like criminal cases in many respects. It was stated in [citation], that a proceeding to punish a violation of a municipal ordinance by fine and imprisonment is civil in form and quasi criminal in character. It is governed by the rules of pleading applicable in civil cases, but, if it was solely civil, no fine or imprisonment could be inflicted. It is therefore a quasi civil and criminal action. Partaking of some of the features of each, its similitude to either is not complete. In pleading it is more nearly like a civil action, but in its effects and consequences it more nearly resembles a criminal proceeding. This language is quoted and approved in [citations], such proceeding is spoken of as a civil action and not "*strictly criminal*" in its nature. (Italics ours.) And in [citation], it is said to be civil in form and quasi criminal in character. It was therefore held in the Stevens Case that, though the criminal court only had jurisdiction of appeals in criminal cases, it was proper to appeal a prosecution for a municipal offense to that court. That an arrest and prosecution for a municipal offense is not an ordinary civil action is determined by the statute itself (section 1787, R. S. 1909), which forbids arrest "in any civil action whatsoever." Among other distinguishing marks are these: The fine which is imposed for a municipal offense is not a debt, and therefore imprisonment may follow its nonpayment without violating the Constitution forbidding imprisonment for debt.

*City of Stanberry v. O'Neal*, 150 S.W. 1104, 1105 (Mo. App. 1912) (internal citations and quotations omitted) (cited favorably by *Brunner v. City of Arnold*, 427 S.W.3d 201, 231 (Mo.App. E.D. 2013)); *see also Ex parte Hollwedell*, 74 Mo. 395, 399–402 (1881) (discussing why proceedings are not strictly criminal); MO. CONST. Art. 1, Sec. 11.[1]

---

[1] Defendant recognizes the holdings in *Tate v. Short*, 401 U.S. 395, 398 (1971) and *Bearden v. Georgia*, 461 U.S. 660, 667–68 (1983). However, *Tate* and *Bearden* do not affect how Missouri classifies court proceedings pertaining to ordinance violations, and the cases cited herein are instructive and dispositive on the matter before the Court in

3

Defendant has distinguished *James v. Strange* and its progeny and has argued how R.S.Mo. § 560.031 discusses the nature of the fine in a criminal realm.  *See also* Chapter 37 of the Missouri Rules of Civil Procedure; MO. CONST. Art. V, Sec. 5.  Though Plaintiffs' have alleged this Court has "overlooked" the statute, Defendant respectfully submits that this Court read the parties' briefing, considered the statute, and determined that Plaintiffs have not adequately pleaded that they, as having been imposed fines for violation of municipal ordinances, are similarly situated to civil judgment debtors.

Plaintiffs have argued it would be

> strange (and unconstitutional) if the Missouri legislature, in authorizing state court debts to be treated like all other civil debts, silently intended to deprive those debtors with court debts from all of the protections of other debtors while granting the government (and the private collection agents with whom many local Missouri governments often contract) all of the corresponding civil tools.

Doc. No. 20, p. 4.  R.S.Mo. § 560.031 states fines "may be collected by any means authorized for the enforcement of money judgments[,]" while it expressly provides several available remedies in the event of the nonpayment of a fine.  Plaintiffs have not alleged or challenged any separate actions instituted against them for garnishment or execution of property, for example.

Plaintiffs further argue the court costs cannot be considered "criminal punishment." However, Plaintiffs do not contend that these court costs are not included in the judgment/sentence, and the above analysis remains unaffected by Plaintiffs' new argument.[2]

---

Count V.  In short, civil judgment debtors are not, as a matter of law, similarly situated to individuals owing fines imposed for violation of municipal ordinances.

[2] Missouri Supreme Court Form 37.I contemplates a sentence, judgment, and/or commitment allows for the inclusion of court costs to be taxed.  *See also* R.S.Mo. § 479.080.

As the Court was not required to accept as true mere conclusory allegations in the Complaint (*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009)), Plaintiffs' Motion for Reconsideration should be denied.

## II. The Court correctly ruled regarding Count VI and Plaintiffs have failed to sufficiently plead a cause of action pursuant to the Fourth Amendment.

Plaintiffs cite to their Response to reargue points already raised, briefed, and determined upon consideration of this Court. Plaintiffs then allege this Court "overlooked binding precedent" regarding whether a facially valid warrant may violate the Fourth Amendment.

Defendant disagrees. In Count VI, Plaintiffs challenge the issuance of the warrants and the finding of probable cause. Doc. No. 1, pp. 53–54. The Court correctly cited to *Baker v. McCollan* regarding the controlling case law pertaining to warrants. 443 U.S. 137, 142 (1979). Plaintiffs appear to raise allegations regarding signed and issued warrants while arguing and briefing case law which discusses probable cause affidavits used in furtherance of requesting that a warrant be signed and issued. Doc. No. 20, p. 5. Regardless, Plaintiffs' discussion regarding probable cause affidavits has not been alleged and need not be addressed on a Motion to Reconsider. Accordingly, Defendant requests that this Court deny Plaintiffs' Motion for reconsideration pertaining to Count VI.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration in all respects, and for such further relief as this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 5th day of June, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Alec Karakatsanis
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
alec@equaljusticeunderlaw.org
Attorneys for Plaintiffs

Mr. Thomas B. Harvey
Mr. Michael-John Voss
ArchCity Defenders
812 N. Collins Alley
St. Louis, Missouri 63102
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
Co-Counsel for Plaintiffs

Mr. John J. Ammann
Mr. Stephen Hanlon
Mr. Brendan Roediger
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, Missouri 63101
ammannjj@slu.edu
hanlonsf@slu.edu
broedige@slu.edu
Co-Counsel for Plaintiffs

/s/ Peter J. Dunne

6

{01408598.DOCX;1}