IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| KEILEE FANT et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:15-cv-253-AGF |
| THE CITY OF FERGUSON | ) (Class Action) |
| Defendant. | ) |

### REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION

The use of municipal courts, police, and jails to generate revenue through predatory debt-collection methods is an issue of enormous importance both for impoverished people and for our legal system.[1] What this Court says about the scheme employed by Ferguson matters a great deal. The City's Response highlights the danger and unfairness of deciding these important questions based on misapprehensions of fact and law and based on arguments that the parties have not fully briefed because the Defendant did not make them.

There are several brief points to be made about the City's Response. As a preliminary matter, the City cites a 23-year-old district court case from Florida as the only authority setting forth a purported legal standard for Motions for Reconsideration. Doc. 21 at 1-2. But the City

---

[1] Illegal municipal debt-collection is a national problem of staggering scope. *See, e.g.*, Sarah Stillman, "Get Out of Jail, Inc.," *The New Yorker* (June 23, 2014), *available at* http://www.newyorker.com/magazine/2014/06/23/get-out-of-jail-inc; Human Rights Watch, "Profiting from Probation" (February 2014), *available at* http://www.hrw.org/reports/2014/02/05/profiting-probation; Andrew Cohen, "Georgia's Debtors' Prisons Belong in a Dickens Novel," *The Atlantic* (January 21, 2014), *available at* http://www.theatlantic.com/national/archive/2014/01/georgias-debtors-prisons-belong-in-a-dickens-novel/283204/; Eli Hager, "Debtors' Prisons, Then and Now: FAQ," *The Marshall Project* (February 24, 2015), *available at* https://www.themarshallproject.org/2015/02/24/debtors-prisons-then-and-now-faq; Editorial, Return of Debtors' Prisons, *The New York Times* (July 13, 2012), *available at* http://www.nytimes.com/2012/07/14/opinion/return-of-debtors-prisons.html?_r=0.

misunderstands that case, which applied the standard for altering or reconsidering "final" judgments or orders under Rule 60(b). As this Court and the Eighth Circuit have pointed out, the Rule 60(b) standard for "final" judgments[2] is different from the standard for reconsidering non-final interlocutory orders.[3] It is well established and beyond dispute that this Court has the authority to reconsider its rulings at any time and that it may do so in the "interests of justice."[4]

In any event, and whatever the standard, the Plaintiffs pointed out that the Court's ruling was based on a mistaken belief. The Court believed that the Plaintiffs had conceded an issue that they very much disputed. Indeed, it was the *City* that never put the issue in controversy. The Plaintiffs clearly meet even the heightened standard for reconsideration that the City would apply.

Whether municipalities can employ debt-collection methods significantly more onerous than private creditors to collect money judgments from municipal court cases is an issue of overarching local and national significance.[5] A constitutional claim of such importance should not be dismissed without argument or analysis. The City now argues for the first time—citing an intermediate state appellate decision that is over 100 years old and that relies on a case from

---

[2] *See O'Grady v. City of Ballwin*, 866 F.Supp.2d 1073, 1080 (E.D. Mo. 2012) (citing *Arnold v. ADT Sec. Services*, 627 F.3d 716,721 (8th Cir. 2010).

[3] "The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. Partnership v. Reade*, 472 F.3d 1009, 1017 (8th Cir.2007) (quoting *Murr Plumbing v. Scherer Bros.*, 48 F.3d 1066, 1070 (8th Cir.1995)). As the Supreme Court has held, every ruling prior to a final judgment is subject to reconsideration at the discretion of the district judge. *See, e.g.*, *Cathedral Square Partners Ltd. Partnership v. South Dakota Housing Development Authority*, 875 F. Supp. 2d 952, 957 (D. S.D. 2012) ("Every order short of a final decree is subject to reopening at the discretion of the district judge.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983).

[4]*See supra* note 3; *see also, e.g.*, *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973) (interlocutory orders may be reconsidered by a district court when doing so is "consonant with justice"); *Baustian v. State of Louisiana*, 929 F.Supp. 980, 981 (E.D. LA 1996) ("Although the Federal Rules of Civil Procedure do not particularly recognize the 'motion for reconsideration,' district courts will often accept such motions as being in the interest of substantial justice"); *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (holding that interlocutory orders are amenable to motions to reconsider "as justice requires.").

[5] To take one revealing example, every American state has enacted basic money judgment protections that, among other things, protect a small amount of a debtors' assets so that a creditor cannot force a debtor into abject poverty. Immunizing municipalities from those basic debt-collection protections would have far-reaching consequences that the Supreme Court warned about in *Strange*.

1881—that the "fines" portion of the money judgments at issue in this case are not "debts" at all.[6] Even in making the "not a debt" argument for the first time, the City does not put forth a single reason that the holding of *James v. Strange*, 407 U.S. 128 (1972), should not apply to the money judgments that the City is seeking to collect, whatever we call them. To the contrary, all of the analysis, precedent, logic, and reasoning offered by the Plaintiffs holds equally true for the money judgments at issue here. *See, e.g.*, Doc. 13 at 18-22.

There is a lot to say about the way that the Missouri courts and legislature have treated these debts as civil judgments, including that the City's position would render a century of subsequent Missouri cases and statutes incorrect about these civil judgments. And there is even more to say about why *Strange* does not hinge on a mere label. But any City argument to the contrary should be fully briefed, preferably after factual development concerning the onerous and sometimes shocking methods of debt collection utilized by Ferguson.

Put simply, cases should be litigated with intellectual rigor and procedural fairness, and a district court clearly has the discretion and authority to correct its errors when fairness and justice would be served. Employing this flexibility is when the system works the best. The City's failure to put any of these important issues in genuine dispute makes any ruling on that question against the Plaintiffs unfair, especially on an important and complex question of law that would benefit from detailed factual development to describe all of the ways in which Ferguson's debt-collection scheme deliberately discriminated against indigent municipal debtors. Because the issue of municipal debt collection and revenue generation through extreme tactics is a local and national scourge, the Court should carefully consider the legality of those tactics in these proceedings.

---

[6] In fact, the intermediate appellate case cited by the City openly misreads the Supreme Court of Missouri's earlier holding from 1881, a fact omitted by the City. The original case did not hold that "a fine is not a debt." *Ex parte Hollwedell*, 74 Mo. 395, 400 (1881), instead held that the proceedings were "civil" but "quasi criminal" in nature and actually stated that such a monetary judgment is "a debt for a fine."

The City's response to the Fourth Amendment issue does not merit lengthy reply. The City fundamentally misunderstands the issue.[7] It cannot be disputed that government defendants are liable under § 1983 for a Fourth Amendment violation if they knowingly, recklessly, or systemically cause the invalidity of arrest warrants. *See* Doc. 20 at 4-8.

        Respectfully submitted,

        */s/ Alec Karakatsanis*
        Alec Karakatsanis (E.D.Mo. Bar No. 999294DC)

        Equal Justice Under Law
        916 G Street, NW Suite 701
        Washington, DC 20001
        (202)-681-2409
        alec@equaljusticeunderlaw.org

        */s/ Thomas B. Harvey*
        Thomas B. Harvey (MBE #61734)
        */s/ Michael-John Voss*
        Michael-John Voss (MBE #61742)

        ArchCity Defenders
        812 N. Collins
        Saint Louis, MO 63102
        855-724-2489

        */s/ John J. Ammann*
        John J. Ammann (MBE #34308)
        */s/ Stephen Hanlon*
        Stephen Hanlon (MBE #19340)
        */s/ Brendan Roediger*
        Brendan Roediger (E.D.Mo. Bar No. IL6287213)

        Saint Louis University School of Law
        100 N. Tucker Blvd.
        Saint Louis, MO 63101-1930
        314-977-2778

        *Attorneys for Plaintiffs*

---

[7] The City thinks *Baker v. McCollan*, 443 U.S. 137 (1979), settles the issue without explanation. But the Plaintiffs explained why *Baker* does not preclude a Fourth Amendment violation if the Defendant is liable for the invalidity of the underlying warrant. Doc. 20 at 5. Even *Baker* itself made this clear by stating that its analysis was only valid "[a[bsent an attack on the validity of the warrant under which he was arrested." *Id*. at 143.

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has, on June 8, 2015, been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing upon counsel for the Defendant in this matter:

Peter J. Dunne
Robert T. Plunkert

PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Counsel for Defendant – City of Ferguson

                                                                                              */s/ Alec Karakatsanis*
                                                                                              Alec Karakatsanis

                                                                                              Attorney for the Plaintiffs