UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEILEE FANT, ROELIF CARTER, ALLISON NELSON, HERBERT NELSON, JR., ALFRED MORRIS, ANTHONY KIMBLE, DONYALE THOMAS, SHAMEIKA MORRIS, DANIEL JENKINS, RONNIE TUCKER, TONYA DEBERRY, ET AL., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:15-cv-253 |
| | ) | |
| THE CITY OF FERGUSON, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

# *DEFENDANT'S ANSWER*

COMES NOW, Defendant, the City of Ferguson, and for its Answer, states:

1.      Defendant denies the allegations contained in each sentence of paragraph 1.

2.      Defendant is without information or knowledge sufficient to form a belief as to whether an individual possesses knowledge regarding when they will be allowed to leave, as such is speculative in nature.  Defendant denies the remainder of the allegations contained in paragraph 2.

3.      Defendant denies the allegations contained in each sentence of paragraph 3.

4.      Defendant denies the allegations contained in each sentence of paragraph 4.

5.      Defendant admits its Municipal Court issues warrants and the Police Department executes warrants upon probable cause or reasonable suspicion that either a subject has committed a criminal offense or an ordinance violation, or that a valid warrant exists for

the arrest of an individual. Defendant is without knowledge or information sufficient to form a belief as to the statistical references. Defendant denies the remaining allegations contained in paragraph 5.

6.      Defendant denies the allegations contained in each sentence of paragraph 6.

7.      Defendant denies the allegations contained in each sentence of paragraph 7.

8.      Defendant admits Plaintiffs purport to raise a class action based on several alleged violations of rights.  Defendant denies the merit of such claims and denies the remainder of the allegations contained in paragraph 8.

### Nature of the Action

9.      Defendant denies the allegations contained in each sentence of paragraph 9.

10.     Defendant denies the allegations contained in each sentence of paragraph 10.

11.     Defendant denies the allegations contained in each sentence of paragraph 11.

12.     Defendant denies the allegations contained in each sentence of paragraph 12.

13.     Defendant denies the allegations contained in each sentence of paragraph 13.

14.     Defendant denies the allegations contained in each sentence of paragraph 14.

15.     Defendant admits Plaintiffs purport to seek declaratory, injunctive, and compensatory relief.  Defendant denies Plaintiffs are entitled to any such relief.

### Jurisdiction and Venue

16.     Defendant admits Plaintiffs have purported to raise an action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, *et seq.*, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Defendant this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Defendant denies the merits of Plaintiffs claims, that Plaintiffs are entitled to any relief, and the remainder of the allegations contained in paragraph 16.

2

17.     Defendant admits the allegations contained in paragraph 17.

## Parties

18.     Defendant admits Plaintiffs Keilee Fant was a thirty-seven year-old woman; Roelif Carter

was a sixty-two year old man; Herbert Nelson, Jr., was a twenty-six year old man; Alfred

Morris was a sixty-two year old man; Anthony Kimble was a fifty-three year old man;

Donyale Thomas was a thirty-six year old woman; Shameika Morris was a thirty year old

woman; Daniel Jenkins is a twenty-seven year old man; Ronnie Tucker was a fifty-year

old man; and Tonya DeBerry was a fifty-two year old woman at the time Plaintiffs filed

the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not

supplement their Answer to this paragraph without the express request of Plaintiffs and

order of this Court, to respect privacy considerations of the Plaintiffs.

19.     Defendant admits the allegations contained in paragraph 19.

## Factual Background

A.      **The Plaintiffs' Imprisonment**

      **i.**      **Keilee Fant**

20.     Defendant admits Plaintiff Keilee Fant was a thirty-seven year-old woman at the time

Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and

Defendant will not supplement their Answer to this paragraph without the express request

of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

Defendant is without knowledge or information sufficient to form a belief as to Ms.

Fant's marital status or any children.  Defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the second

sentence of paragraph 20.  Defendant denies the remainder of the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 21.

22. Defendant denies the allegations contained in each sentence of paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 25.  Defendant admits at one point, Ms. Fant was transported to the City of Ferguson.  Defendant denies the remainder of the allegations contained in paragraph 25.

26. Defendant admits that in 2014, detainees arrested on warrants were typically held in custody a maximum of 72 hours before being released.  Defendant denies the remainder of the allegations contained in paragraph 26.

27. Defendant admits at one point, Ms. Fant was transported to the City of Ferguson.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant admits that in 2014, detainees arrested on warrants were typically held in custody a maximum of 72 hours before being released.  Defendant admits Ms. Fant was released from the Ferguson jail.  Defendant is without knowledge or information

4

sufficient to form a belief as to the conversations Ms. Fant had with the jail staff. Defendant denies the remainder of the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant is without information or knowledge sufficient to form a belief as to whether Plaintiff was fired from several jobs because of her absences, or whether she depended on food stamps to supplement her income to feed her children.  Defendant denies the allegations contained in the remainder of paragraph 31.

32.     Defendant is without knowledge or information sufficient to form a belief as to whether Ms. Fant missed her father's funeral.  Defendant denies the remainder of the allegations contained in paragraph 32.

33.     Defendant admits the City of Ferguson did not appoint counsel to Ms. Fant in 2013 or 2014.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second, third, fourth, and fifth sentences of paragraph 33, due to vagueness.  Defendant denies the remainder of the allegations contained in paragraph 32.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 34.  Defendant denies the remainder of the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in each sentence of paragraph 35.

36.     Defendant denies jail staff refused to give women more than one blanket.  Defendant denies it jailed an individual for failing to afford a few hundred dollars.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in the first sentence of paragraph 36.

37.     Defendant denies the allegations contained in each sentence of paragraph 37.

38.     Upon information and belief, at the time of filing this Answer, Ms. Fant owes the City of Ferguson $762.00 in fines and costs (upon information and belief, Ms. Fant is in the process of performing seventy hours of community service in lieu of paying said fines and costs).  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 38, as it calls for speculation.

       **ii.     Roelif Carter**

39.     Defendant admits Plaintiff Roelif Carter was a sixty-two year-old man at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.  Defendant is without knowledge or information sufficient to form a belief as to the military status of Mr. Carter or the effects of his brain aneurism.

40.     Defendant admits the allegations contained in paragraph 40.

41.     Upon information and belief, Mr. Carter received the assistance of a lawyer from the Veterans Administration, pleaded guilty, was assessed monetary fines, and was scheduled to pay $100 per month.  Defendant denies the remainder of the allegations contained in paragraph 41, including each sentence in footnote 5.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 42, which lacks specification as to time.  Defendant admits Mr. Cater made payments to the City clerk, at times.  Defendant is without knowledge or information sufficient to form a belief as to

6

the truth of the averment regarding why Mr. Carter did not make payments.  Defendant denies the remainder of the allegations contained n paragraph 42.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first sentence of paragraph 43.  Defendant denies the allegations contained in the second sentence of paragraph 43.  Defendant denies the remainder of the allegations contained in paragraph 43.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 44.  Defendant denies the remainder of the allegations contained in each sentence of paragraph 44.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45, which lacks specification as to time.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 46.

47.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first two sentences of paragraph 47.  Defendant denies the remainder of the allegations contained in paragraph 47, as phrased.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 48.

49.     Defendant admits Mr. Carter made payments of $100 for a number of months.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first, second, third, fourth, and fifth sentences of

7

paragraph 50.  Defendant denies the remainder of the allegations contained in paragraph 50.

51.    Defendant admits Mr. Carter made payments of $100 on a number of months.  Defendant denies the remainder of the allegations contained in the first sentence of paragraph 51.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 51.

52.    Defendant denies the allegations contained in paragraph 52.

53.    Defendant admits it did not appoint an attorney to Mr. Carter.  Defendant denies the remainder of the allegations contained in paragraph 53.

54.    Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in the first sentence of paragraph 54.  Defendant denies the allegations contained in the remainder of paragraph 54.

55.    Defendant denies each time Mr. Carter was held in the Ferguson jail was a dangerous experience.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in the first sentence of paragraph 55.  Defendant denies the remainder of the allegations contained in paragraph 55.

56.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56.

57.    Defendant denies the allegations of each sentence in paragraph 57.

58.    Defendant denies the allegations contained in the first sentence of paragraph 58.  Defendant is without knowledge or information contained in the remainder of paragraph 58.

59.    Defendant denies the allegations contained in the first sentence of paragraph 59, as stated.

8

60.   Defendant is without knowledge or information sufficient to form a belief as to the averments contained in paragraph 60.

61.   Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Carter has been kept in custody for old unpaid fines and costs because he could not afford to pay for his release by the City of Berkeley and the City of Cool Valley. Defendant denies the remainder of the allegations contained in the first sentence of paragraph 61.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 61.

### iii.    Allison Nelson

62.   Defendant admits Plaintiff Allison Nelson was a twenty-three year old woman at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 62.

63.   Defendant denies the allegations contained in each sentence of paragraph 63.

64.   Defendant is without knowledge or information sufficient to form a belief as to the averments contained in the first sentence of paragraph 64.  Defendant admits Ms. Nelson was transported to Defendant, and is without knowledge or information sufficient to form a belief as to the remainder of the averments contained in the remainder of the second sentence of paragraph 64.  Defendant denies the allegations contained in the third sentence of paragraph 64.  Defendant denies the allegations contained in the fourth

sentence of paragraph 64, as phrased.   Defendant is without knowledge or information sufficient to form a belief as to the averments contained in the remainder of paragraph 64.

65.   Defendant is without knowledge or information sufficient to form a belief as to the averments contained in paragraph 65, as they pertain to allegations made against the City of Jennings.

66.   Defendant admits the allegations contained in the first sentence of paragraph 66. Defendant denies the allegations contained in the remainder of paragraph 66.

67.   Defendant denies the allegations contained in paragraph 67.

68.   Defendant denies the allegations contained in each sentence of paragraph 68.

69.   Defendant denies the allegations contained in paragraph 69.

70.   Defendant admits if inmates wanted water, they were able to drink water by means of a sink located above the toilet in the jail cell.   Defendant denies the remainder of the allegations contained in paragraph 70, as phrased.

71.   Defendant admits the allegations contained in paragraph 71.

72.   Defendant is without knowledge or information regarding Ms. Nelson's assets or whether she was indigent, as time is not specified.  Defendant admits it did not appoint an attorney to represent Ms. Nelson.  Defendant denies the allegations contained in the remainder of paragraph 72.

73.   Defendant is without knowledge or information sufficient to form a belief as to each sentence of paragraph 73.

74.   Defendant is without knowledge or information sufficient to form a belief as to whether Ms. Nelson has been kept in custody for old traffic ticket debts because she could not afford to pay her way out by the Cities of Chesterfield, Pagedale, Florissant, Country

10

Club Hills, and Bellefontaine Neighbors.   Defendant denies the remainder of the allegations contained in paragraph 74.

**iv.     Herbert Nelson, Jr.**

75.   Defendant admits Plaintiff Herbert Nelson, Jr., was a twenty-six year old man at the time Plaintiffs filed the complaint.   Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 62.

76.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first five sentences of paragraph 76. Defendant denies the remainder of the allegations contained in paragraph 76.

77.   Defendant is without knowledge or information sufficient to form a belief as to the averments contained in the second or third sentences of paragraph 77.   Defendant denies the allegations contained in the remainder of paragraph 77.

78.   Defendant is without knowledge or information sufficient to form a belief as to the first four sentences of paragraph 78.   Defendant admits Mr. Nelson was detained at Defendant's jail due to a warrant for his arrest.   Defendant denies the remainder of the allegations contained in paragraph 78.

79.   Defendant denies the allegations contained in the first sentence of paragraph 79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 79.

{01411585.DOCX;1}

80.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in each sentence of paragraph 80.

81.     Defendant denies the allegations contained in the first sentence of paragraph 81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 81.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 82.

83.     Defendant denies the allegations contained in paragraph 83.

84.     Defendant admits the allegations contained in the second sentence of paragraph 84. Defendant denies the allegations contained in the remainder of paragraph 84.

85.     Defendant is without knowledge or information sufficient to form a belief as to the averments contained in the first, second, third, seventh, eighth, and ninth sentences of paragraph 85.  Defendant denies the remainder of the allegations contained in paragraph 85, as phrased.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second, third, and fourth sentences of paragraph 86. Defendant denies the remainder of the allegations contained in paragraph 86.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and third sentences of paragraph 87.  Defendant denies the remainder of the allegations contained in paragraph 87.

88.     Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Nelson has been held in jail because of his inability to make payments in the City of

Jennings, the City of Florissant, Saint Louis County, and the City of Maryland Heights. Defendant denies the remainder of the allegations contained in paragraph 88.

**v.   Alfred Morris**

89.   Defendant admits Plaintiff Alfred Morris was a sixty-two year old man at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 89.

90.   Defendant denies the allegations contained in paragraph 90.

91.   Defendant denies the allegations contained in paragraph 91, as phrased.

92.   Upon information and belief, Defendant admits Mr. Morris was taken into custody. Defendant denies Plaintiff was told he would not be released from the jail unless he paid $500.  Defendant is without knowledge or information sufficient to form a belief as to truth of the averments contained in the remainder of paragraph 92.

93.   Defendant denies the allegations contained in the first through third sentences of paragraph 93.   Defendant admits the allegations contained in the fourth and sixth sentences of paragraph 93.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fifth sentence of paragraph 93.

94.   Defendant admits Mr. Morris was arrested on a warrant on or about June 29, 2012. Defendant denies the allegations contained in the second, third, fourth, and sixth

13

sentences.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 94.

95.     Defendant denies each of the allegations contained in paragraph 95.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96.

97.     Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Nelson has been held in jail because of his inability to make payments in the City of Cool Valley and the City of Maplewood.  Defendant denies the remainder of the allegations contained in paragraph 97.

**vi.     Anthony Kimble**

98.     Defendant admits Plaintiff Anthony Kimble was a fifty-three year old man at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

99.     Defendant denies the allegations contained in paragraph 99.

100.    Defendant denies the allegations contained in paragraph 100.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and third sentences of paragraph 102.  Defendant denies the remainder of the allegations contained in paragraph 102.

103.    Defendant admits the allegations contained in the first sentence of paragraph 103. Defendant denies the remainder of the allegations contained in paragraph 103.

104.   Defendant is without knowledge or information sufficient to form a belief as to Mr. Kimble's loss of weight.  Defendant denies the remainder of the allegations contained in paragraph 104.

105.   Defendant denies the allegations contained in paragraph 105.

106.   Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Kimble was not able to come up with the money that he owed by March 1. Defendant admits Mr. Kimble did not go the police department to bring the money. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 106.  Defendant denies the allegations contained in the third remainder of paragraph 106, as phrased.

107.   Defendant denies the allegations contained in the first sentence of paragraph 107, as phrased.   Defendant denies the remainder of the allegations contained in the second sentence of paragraph 107.

108.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 108.  Defendant denies the remainder of the allegations contained in paragraph 108.

109.   Defendant denies the allegations contained in the first sentence of paragraph 109. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 109.  Defendant denies the remainder of the allegations contained in paragraph 109.

110.   Defendant denies the allegations contained in paragraph 110, as phrased.

111. Defendant admits the City of Ferguson provided breakfast, lunch, and dinner, which was typically a honey bun for breakfast, a pot pie for lunch, and a pot pie for dinner. Defendant denies the remainder of the allegations contained in paragraph 111.

112. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 112.

113. Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Kimble was jailed for nonpayment of old traffic tickets in the City of Pine Lawn and the City of Berkeley.  Defendant denies the remainder of the allegations contained in paragraph 113.

**vii.    Donyale Thomas**

114. Defendant admits Plaintiff Donyale Thomas was a thirty-six year old woman at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

115. Defendant denies the allegations contained in the first sentence of paragraph 115. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 115.

116. Defendant denies the first sentence in paragraph 116.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 116.  Defendant denies the allegations contained in the remainder of the allegations of paragraph 116.

117.   Defendant denies the allegations in the first two sentences of paragraph 117.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 117.

118.   Defendant admits during Ms. Thomas' incarceration, she was not taken before a judge and was not provided a lawyer. Defendant denies the allegations contained in the remainder of paragraph 118.

119.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first three sentences of paragraph 119.  Defendant denies the remainder of the allegations contained in paragraph 119.

120.   Defendant denies the allegations contained in paragraph 120.

121.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 121.  Defendant denies the remainder of the allegations contained in the second sentence of paragraph 121.

122.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 122.

123.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 123.

124.   Defendant is without information or knowledge sufficient to form a belief as to whether Ms. Thomas saw people jailed without being provided an attorney.  Defendant denies the remainder of the allegations contained in paragraph 124.

125.   Defendant is without knowledge or information sufficient to form a belief as to whether Ms. Thomas languished in jail for non-payment in the City of Jennings, the City of

Berkeley, the City of Pine Lawn, and the City of Dellwood.  Defendant denies the remainder of the allegations contained in paragraph 125.

**viii.    Shameika Morris**

126.    Defendant admits Plaintiff Shameika Morris was a thirty year old woman at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

127.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 127.  Defendant denies the remainder of the allegations contained in paragraph 127.

128.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 128.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 129.  Defendant denies the remainder of the allegations contained in paragraph 129.

130.    Defendant admits that it did not appoint an attorney to Ms. Morris in 2011.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 130.

131.    Defendant admits that it did not appoint an attorney to Ms. Morris in 2011.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 131.

132.   Defendant admits that it did not appoint an attorney to Ms. Morris in 2012.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 132.

133.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 133.

134.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 134.

135.   Defendant denies the first and third sentences of paragraph 135.  Defendant is without knowledge or information sufficient to form a belief as to the remainder of the averments contained in paragraph 135.

136.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 136.  Defendant denies the remainder of the allegations contained in paragraph 136.

137.   Defendant denies the allegations contained in paragraph 137.

138.   Defendant denies the allegations contained in paragraph 138.

139.   Defendant denies the allegations contained in paragraph 139

140.   Defendant denies the allegations contained in paragraph 140, as phrased.

**ix.    Daniel Jenkins**

141.   Defendant admits Plaintiff Daniel Jenkins was a twenty-eight year old man at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

19

142.   Defendant admits Mr. Jenkins was not appointed an attorney.  Defendant denies the remainder of the allegations contained in paragraph 142.

143.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 143.

144.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 144. Defendant denies the remainder of the remainder of paragraph 144.

145.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145.

**x.      Ronnie Tucker**

146.   Defendant admits Plaintiff Ronnie Tucker was a fifty years old when Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiffs.

147.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 147.  Defendant denies the allegations contained in the allegations contained in the remainder of paragraph 147.

148.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 148.  Defendant denies the remainder of the allegations contained in paragraph 148.

149.   Defendant admits Mr. Tucker was not provided an attorney.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 149.

150.    Defendant admits it did not appoint counsel to Mr. Tucker.  Defendant is without knowledge or information sufficient to form a belief as to the amount of bond, if any, Mr. Tucker posted.  Defendant denies the remainder of the allegations contained in paragraph 150.

151.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151.

152.    Defendant denies the allegations contained in paragraph 152.

153.    Defendant denies the allegations contained in paragraph 153.

154.    Defendant denies the allegations contained in paragraph 154.

155.    Defendant denies Mr. Tucker was not allowed to leave his cell to participate in recreation or exercise.  Defendant denies the remainder of the allegations contained in paragraph 155.

156.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 156, as they call for speculation.

157.     Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Tucker was jailed for debts from unpaid tickets in St. Louis County, the City of Jennings, the City of Dellwood, and the City of Moline Acres. Defendant denies the remainder of the allegations contained in paragraph 157.

**xi.    Tonya DeBerry**

158.    Defendant admits Plaintiff Tonya DeBerry was a fifty-two year old woman at the time Plaintiffs filed the complaint.  Plaintiffs are in possession of their dates of birth and Defendant will not supplement their Answer to this paragraph without the express request

{01411585.DOCX;1}

of Plaintiffs and order of this Court, to respect privacy considerations of the Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 158.

159.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 159.

160.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 160.

161.    Defendant denies the allegations contained in paragraph 161.

162.    Defendant denies the allegations contained in the first and last sentences of paragraph 162.  Defendant is without knowledge or information sufficient to form a belief as to truth of the averments contained in the remainder of paragraph 162.

163.    Defendant denies the allegations contained in paragraph 163.

**B.**    **The City's Policies and Practices**

164.    Defendant denies the allegations contained in paragraph 164.

165.    Defendant admits that the Municipal Court is operated by the City and that the revenues of the Court are part of the Municipal budget.  Defendant denies the remainder of the allegations contained in paragraph 165.

166.    Defendant denies the allegations contained in paragraph 166.

167.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 167.

168.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 168.   Defendant denies the remainder of the allegations contained in the first sentence of paragraph 168.

22

169.   Upon information and belief, it is admitted that the Ferguson Municipal Court has generated revenue over the past five years.   Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 169.

### i.      Arbitrary and Indefinite Detention of the Indigent

170.   Defendant denies the allegations contained in each sentence of paragraph 170.

171.   Defendant denies the allegations contained in paragraph 171.

172.   Defendant denies the allegations contained in paragraph 172.

173.   Defendant denies the allegations contained in the first and last sentences of paragraph 173, as phrased.   Defendant denies the remainder of the allegations contained in paragraph 173.

174.   Defendant denies the allegations contained in each sentence of paragraph 174.

175.   Defendant denies the allegations contained in paragraph 175, as phrased.

176.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 176, due to vagueness of which inmate.  Defendant admits that any bond amounts that have been reduced are reported to the inmate in the morning.  Defendant admits from time to time, such reduction may not result from any formal adversarial process.  Defendant admits from time to time, some inmates are given an opportunity to use the telephone to call family or friends who might be able to post an inmate's bond.  Defendant denies the remainder of the allegations contained in paragraph 176, as phrased.

177.   Defendant denies the allegations contained in each sentence of paragraph 177.

178.   Defendant denies the allegations contained in each sentence of paragraph 178.

{01411585.DOCX;1}

179.   Defendant denies the allegations contained in each sentence of paragraph 179.

180.   Defendant denies the allegations contained in each sentence of paragraph 180.

181.   Defendant denies the allegations contained in each sentence of paragraph 181.

182.   Defendant denies the allegations contained in the first sentence of paragraph 182. Defendant denies the allegations contained in the second sentence of paragraph 182, as phrased, and is without knowledge or information sufficient to form a belief as to truth of the averments contained in the second sentence of paragraph 182, due to vagueness.

183.   Defendant denies the allegations contained in the first sentence of paragraph 183, as phrased.  Defendant denies the remainder of the allegations contained in paragraph 183.

184.   Defendant denies each sentence contained in paragraph 184.

185.   Defendant admits it has incarcerated individuals for some days if bond has not been posted.  Defendant denies the remainder of the allegations contained in paragraph 185.

**ii.     Debt-Collection Proceedings in the Ferguson Municipal Court**

186.   Defendant admits it typically holds municipal court sessions for one day and two evenings every month.  Defendant denies the remainder of the allegations contained in paragraph 186.

187.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 187, due to vagueness.

188.   Defendant admits that an individual incarcerated with an assigned bond amount  may be released based on posting of bond.  Defendant denies the remainder of the allegations contained in 188.

24

189.   Defendant admits non-incarcerated people are told either to pay fines and costs at the police department or to appear in court at a future date.  Defendant denies the remainder of the allegations contained in paragraph 189.

190.   Defendant denies the allegations contained in each sentence of paragraph 190, as phrased.

191.   Defendant denies the allegations contained in each sentence of paragraph 191.

192.   Defendant denies the allegations contained in each sentence of paragraph 192.

193.   Defendant denies the allegations contained in paragraph 193, as phrased.

194.   Defendant denies the allegations contained in the first sentence of paragraph 194, as phrased.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 194.

### iii.      The Deplorable Conditions in the Ferguson Jail

195.   Defendant denies each sentence contained in paragraph 195.

196.   Defendant denies each sentence contained in paragraph 196.

197.   Defendant denies each sentence contained in paragraph 197.

198.   Defendant denies each sentence contained in paragraph 198.

199.   Defendant denies each sentence contained in paragraph 199.

200.   Defendant denies each sentence contained in paragraph 200.

201.   Defendant denies each sentence contained in paragraph 201.

### iv.      The City's Flawed and Unlawful Warrant Process

202.   Defendant denies the allegations contained in paragraph 202.

203.   Defendant denies each sentence and subpart of paragraph 203.

### C.      The Cycle of Debt and Jailing in Other Municipalities

204.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in each sentence of paragraph 204.

205.   Defendant denies the allegations contained in paragraph 205, to the extent it alleges facts against the City of Ferguson.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 205.

206.   Defendant denies the allegations contained in paragraph 206, to the extent it alleges facts against the City of Ferguson.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 206.

<u>**Class Action Allegations**</u>

207.   Defendant admits Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated, for the purpose of asserting the claims alleged in this Complaint on a common basis.  Defendant denies Plaintiffs are entitled to proceed in such a manner and on such a basis.

208.   Defendant denies the allegations contained in paragraph 208.

209.   Defendant denies the allegations contained in paragraph 209.

210.   Defendant denies the allegations contained in paragraph 210.

211.   Defendant admits Plaintiff purport to propose two classes as defined.  Defendant denies Plaintiffs may proceed on the purported classes or are entitled to any relief.

212.   Defendant admits Plaintiff purport a damages class as defined.  Defendant denies Plaintiffs may proceed on the purported class or are entitled to such relief.

**A.      Numerosity. Fed. R. Civ. P. 23(a)(1)**

{01411585.DOCX;1}

213.    Defendant admits over the past five years, thousands of people have owed and currently owe the City of Ferguson fines from old traffic tickets and other minor municipal offenses.   Defendant denies the remainder of the first sentence in paragraph 213, as phrased. Defendant denies the remainder of the allegations contained in paragraph 213.

214.    Defendant denies the allegations contained in the first sentence of paragraph 214. Defendant admits it retains, and is required by law to retain, records regarding the operation of its jail.   Defendant denies the remainder of the allegations contained in paragraph 214, for vagueness.

215.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the last sentence of paragraph 215, for vagueness. Defendant denies the remainder of the allegations contained in paragraph 215.

216.    Defendant denies the allegations contained in paragraph 216.

**B.     Commonality.  Fed. R. Civ. P. 23(a)(2).**

217.    Defendant admits Plaintiffs purport to seek relief concerning whether the City's policies, practices, and procedures violated their rights and relief mandating the City to change its policies, practices, and procedures so that the Plaintiffs' rights will be protected in the future.  Defendant denies the remainder of the allegations contained in paragraph 217.

218.    Defendant denies the allegations contained in paragraph 218, including all subparts.

219.    Defendant denies the allegations contained in paragraph 219, including all subparts.

220.    Defendant denies the allegations contained in paragraph 220.

**C.     Typicality. Fed. R. Civ. P. 23(a)(3)**

221.    Defendant denies each sentence contained in paragraph 221.

222.    Defendant denies each sentence contained in paragraph 222.

**D.     Adequacy. Fed. R. Civ. P. 23(a)(4)**

223.    Defendant denies the first sentence contained in paragraph 223.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 223.

224.    Defendant admits Plaintiffs are represented by attorneys from Equal Justice Under Law, ArchCity Defenders, and Saint Louis University School of Law.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 224.

225.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 225.

226.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 226.

227.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 227.  Defendant denies the remainder of the allegations contained in paragraph 227

228.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 228.

**E.     Rule 23(b)(2)**

229.    Defendant denies the allegations contained in each sentence of paragraph 229.

230.    Defendant denies the allegations contained in each sentence of paragraph 230.

**F.     Rule 23(b)(3)**

231.    Defendant denies the allegations contained in each sentence of paragraph 231.

232.    Defendant denies the allegations contained in each sentence of paragraph 232.

{01411585.DOCX;1}

233.    Defendant admits Plaintiffs demand a jury trial and admit Plaintiffs purport to seek the relief stated in this cause for all matters so appropriate.  Defendant denies Plaintiffs are entitled to such relief.

## Claims for Relief

**Count One: Defendant City of Ferguson Violated the Plaintiffs' Rights By Jailing Them For Their Inability To Pay the City.**

234.    Defendant incorporates by reference paragraphs 1–233.

235.    Defendant denies the allegations contained in each sentence of paragraph 235.

**Count Two: Defendant City of Ferguson Violated the Plaintiffs' Rights By Imprisoning Them Without Appointing Adequate Counsel.**

236.    Defendant incorporates by reference paragraphs 1–235.

237.    Defendant denies the allegations contained in each sentence of paragraph 237.

**Count Three: Defendant City of Ferguson' [sic] Use of Indefinite and Arbitrary Detention Violates Due Process.**

238.    Defendant incorporates by reference paragraphs 1–237.

239.    Defendant denies the allegations contained in each sentence of paragraph 239.

**Count Four: The Deplorable Conditions in the Ferguson Jail Violate Due Process and Constitute Impermissible Punishment.**

240.    Defendant incorporates by reference paragraphs 1–239.

241.    Defendant denies the allegations contained in each sentence of paragraph 241.

**Count Five: Defendant City of Ferguson' [sic] Use of Jail and Threats of Jail To Collect Debts Owed to the City Violates Equal Protection Because It Imposes Unduly Harsh and Punitive Restrictions On Debtors Whose Creditor Is the Government Compared To Those Who Owe Money to Private Creditors.[1]**

242.    Defendant incorporates by reference paragraphs 1–241.

243.    Defendant denies the allegations contained in each sentence of paragraph 243.

---

[1] As of the filing of this Answer, this Count has been dismissed by Court Order.  Doc. No. 19.

**Count Six: Defendant City of Ferguson's Policy and Practice of Issuing and Serving Invalid Warrants, Including Those Solely Based on Nonpayment of Monetary Debt, Violates the Fourth and Fourteenth Amendments.[2]**

244.    Defendant incorporates by reference paragraphs 1–243.

245.    Defendant denies the allegations contained in each sentence of paragraph 245.

**Request for Relief**

WHEREFORE, Defendant denies Plaintiffs are entitled to any relief in this matter, that each Count be dismissed against Defendant, for attorneys' fees, costs, and for such further relief this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

A.    Plaintiffs' Petition fails to state a cause of action or a claim upon which relief can be granted against these Defendant is entitled to dismissal (as more fully stated in Defendant's Motion and Memorandum in Support of their Motion to Partially Dismiss), on the grounds of, without limitation:

I)    Plaintiffs failed to comply with Civil Rules of Federal Procedure (8)(2) and 10(b).

II)    All claims should be dismissed pursuant to the doctrine explained in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), in that Plaintiffs cannot prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

---

[2] As of the filing of this Answer, a portion of this Count has been dismissed by Court Order.  Doc. No. 19.

{01411585.DOCX;1}

III)     All claims should be dismissed pursuant to the *Rooker-Feldman* doctrine as Plaintiffs are parties who have lost in state court and are now filing suit for the purpose of obtaining review of the adverse state-court judgments.

IV)     Count I should be dismissed for failing to state a claim upon which relief may be granted, including for Due Process and Equal Protection claims.

V)     Count II should be dismissed for failure to state a claim.

VI)     Count III should be dismissed for failure to state a claim.

VII)     Count IV should be dismissed for failure to state a claim;

VIII)     Plaintiffs have failed to sufficiently allege a claim for deliberate indifference to a serious medical need; and,

IX)     Plaintiffs' request for declaratory judgment and injunction should be dismissed for lack of ripeness, lack of an actual controversy, due to mootness, and for lack of justiciability.

B.     Any injury or damage sustained by Plaintiffs was sustained as the direct and proximate result of Plaintiffs' own criminal conduct, negligence, carelessness and comparative fault and thus and thereby, Plaintiffs are not entitled to recover from Defendants, or any recovery of Plaintiffs should be reduced by the percentage of Plaintiffs' own negligence, carelessness and comparative fault contributing thereto pursuant to federal law.

C.     The City of Ferguson is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made pursuant to policy were in violation of Plaintiffs' constitutional rights.

D.     To the extent any of Plaintiffs' claims can be construed as state law claims, they are barred by the doctrine of sovereign immunity provided by R.S.Mo. § 537.600).   In

31

addition, such claims are to be capped at the measure determined by R.S.Mo. § 537.610 and in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce and annually published by the Missouri Register.

E.     Plaintiffs have a duty to mitigate their damages, and have failed to do so.

F.     Defendant is entitled to a reduction of any award by the amount of settlement pursuant to federal law.

G.     Plaintiffs' claims are barred by application of the statute of limitations.

H.     Plaintiffs' have failed to exhaust administrative remedies afforded to it by operation of the municipal court, have an adequate remedy at law, are barred by res judicata, and have waived constitutional arguments.

J.     Plaintiffs request for monetary compensation is barred by the voluntary payment doctrine.

K.     Plaintiffs are barred from relief due to the doctrine of unclean hands, laches, and in pari delicto.

L.     Plaintiffs are barred from relief to the extent they entered into plea agreements payment plans and other terms which they now attempt to challenge.

M.     Plaintiffs are barred from recovery due to judicial immunity and as, pursuant to Missouri law (including Chapter 479 of the Revised Missouri Statutes and Chapter 37 of the Missouri Supreme Court Rules), the City of Ferguson Municipal Court is a Division of the Circuit Court of St. Louis County, Missouri, is an arm of the state, and is immune from suit due to the Eleventh Amendment of the United States Constitution.

{01411585.DOCX;1}

N.      Defendant denies each and every other allegation in Plaintiffs' Petition not specifically admitted to herein.

O.      Defendant reserves the right to make additional affirmative defenses in the course of discovery.

WHEREFORE, Defendant denies Plaintiffs are entitled to any relief in this matter, that each Count be dismissed against Defendant, for attorneys' fees, costs, and for such further relief this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

{01411585.DOCX;1}

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 9th day of June, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Alec Karakatsanis
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
alec@equaljusticeunderlaw.org
Attorneys for Plaintiffs

Mr. Thomas B. Harvey
Mr. Michael-John Voss
ArchCity Defenders
812 N. Collins Alley
St. Louis, Missouri 63102
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
Co-Counsel for Plaintiffs

Mr. John J. Ammann
Mr. Stephen Hanlon
Mr. Brendan Roediger
Saint Louis University School of Law
100 N. Tucker Blvd.
St. Louis, Missouri 63101
ammannjj@slu.edu
hanlonsf@slu.edu
broedige@slu.edu
Co-Counsel for Plaintiffs

/s/Peter J. Dunne
_____

34