UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:15-CV-00253-AGF |
| | ) |
| THE CITY OF FERGUSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion (Doc. No. 20) to reconsider the Court's Order (Doc. No. 19) dismissing Count Five and dismissing in part Count Six of Plaintiffs' complaint.  For the reasons set forth below, Plaintiffs' motion shall be granted.

**BACKGROUND**

Plaintiffs in this 42 U.S.C. § 1983 action asserted six claims against the City of Ferguson, arising out of the City's policies and practices of jailing them for failure to pay fines owed from traffic and other minor offenses.  In its May 26, 2015 Memorandum and Order (the "Order"), the Court largely denied the City's motion to dismiss Plaintiffs' complaint.  However, the Court granted the City's motion with respect to two of Plaintiffs' six claims.

Count Five of Plaintiffs' complaint alleged that the City's imposition of "unduly harsh and punitive restrictions on debtors whose creditor is the government compared to those who owe money to private creditors" violates the Equal Protection Clause.  (Doc. No. 1 at 53.)  Specifically, Plaintiffs alleged that "the City takes advantage of its control

over the machinery of the City jail and police systems to deny debtors the procedural and substantive statutory protections that every other Missouri debtor may invoke against a private creditor." *Id.* The City argued that this claim should be dismissed because Plaintiffs are not similarly situated to private debtors as a matter of law. Plaintiffs responded that, according to the U.S. Supreme Court's decision in *James v. Strange*, 407 U.S. 128 (1972), states may not "impose unduly harsh or discriminatory terms" on debtors whose "obligation is to the public treasury rather than to a private creditor." *See* Doc. No. 13 at 18 (quoting *James*, 407 U.S. at 138).

In its prior Order, this Court held that, unlike the plaintiffs in *James*, 407 U.S. at 138, who were found to be similarly situated to private judgment debtors where they owed the state reimbursement for legal defense fees, Plaintiffs' fines in this case were not alleged to be merely court fees or costs. Rather, Plaintiffs' fines were alleged to be imposed in connection with traffic and other municipal offenses. Although Plaintiffs argued in opposition to dismissal that unpaid court fines may be considered civil judgments because Missouri Revised Statute § 560.031 provides that unpaid fines may be collected by means used to enforce money judgments,[1] Plaintiffs did not allege or argue that the underlying traffic and other offenses for which the fines were first imposed were civil judgments. And upon review of the complaint, the Court found that Plaintiffs had not adequately

---

[1] However, this statute also authorizes imprisonment for non-payment of fines "unless the offender shows that his default was not attributable to an intentional refusal to obey the sentence of the court, or not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment." Mo. Rev. Stat. § 560.031(2).

2

alleged that they are similarly situated to private judgment debtors.   Therefore, the Court found that Plaintiffs failed to state an equal protection claim in Count Five.

Count Six of Plaintiffs' complaint challenged the City's warrant procedures under the Fourth and Fourteenth Amendments. Plaintiffs alleged that the City regularly issues and serves arrest warrants for "failure to appear," even when the City has not provided adequate notice of a court date, for example, because City officials moved a person's hearing date without informing that person.   Plaintiffs further alleged that the City informs people that they can immediately remove outstanding warrants by paying a sum of money or by retaining a lawyer, but the City does not offer a way for indigent, unrepresented persons to remove arrest warrants.   The City argued that this claim should be dismissed as duplicative of Count One, and because Plaintiffs offered no authority for the proposition that the City's warrant procedures violate the Fourth and Fourteenth Amendments. Plaintiffs responded that their allegations sufficiently stated a violation of the Fourth Amendment, which requires all warrants to be based on probable cause.   Plaintiffs also argued that Count Six stated an equal protection violation arising out of the City's policy of allowing wealthier and/or represented people to automatically remove warrants but not allowing indigent, unrepresented people to do the same.

The Court agreed with Plaintiffs' latter argument and held that Plaintiffs' allegations in Count Six regarding the City's different treatment of them based on their inability to pay were sufficient to state an equal protection claim.   However, the Court held that Plaintiffs did not state a Fourth Amendment claim in Count Six.   The Court found that Plaintiffs' allegations that they were arrested for "failure to appear" without

3

being provided adequate notice of a court appearance may have given rise to a tort claim but did not rise to the level of a constitutional claim.

Plaintiffs have moved for reconsideration of both of these rulings. With respect to Count Five, Plaintiffs argue that the Court erred in holding that Plaintiffs did not adequately plead that they are similarly situated to private judgment debtors. Plaintiffs cite Missouri caselaw suggesting that violations of municipal ordinances are, at most, only quasi-criminal in nature. Therefore, Plaintiffs argue that the fines imposed for these violations are similar enough to civil money judgments to give rise to an equal protection violation for failure to treat the debts similarly. Plaintiffs also note that their debts include not only their offense-related fines but also separately assessed court surcharges and fees that are more akin to the court costs at issue in *James*.

With respect to Count Six, Plaintiffs argue that they have stated a valid Fourth Amendment claim, notwithstanding their facially valid arrest warrants, based on the City's alleged policy of issuing arrest warrants without probable cause.

The City responds that the Court correctly dismissed both claims. The City argues that Count Five was correctly dismissed because, even if the underlying offenses for which Plaintiffs' fines were imposed are only quasi-criminal in nature, Plaintiffs have not adequately pleaded that, as quasi-criminal judgment debtors, they are similarly situated to private judgment debtors. The City also argues that Plaintiffs' Fourth Amendment claim in Count Six was correctly dismissed because Plaintiffs' allegations were based on signed and issued warrants, and any argument about the underlying probable cause for those warrants was not adequately pleaded in the complaint.

4

## **DISCUSSION**

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims[.]"). Thus, district courts have substantial discretion in ruling on motions for reconsideration. However, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Regarding Count Five, the Court notes that in order to state an equal protection claim based on being treated differently than private judgment debtors, Plaintiffs bear the burden to demonstrate that are similarly situated to private judgment debtors. *See Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731(8th Cir. 1994) ("Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim"). There is some question whether Plaintiffs can meet that burden in this case because, as the Court previously found, their complaint does not describe in any detail their underlying offenses and does not allege whether the nature of the fines imposed for these offenses was such as to render Plaintiffs similarly situated to private judgment debtors. *See United States v. Cunningham*, 866 F. Supp. 2d 1050, 1058 (S.D. Iowa 2012) (distinguishing *James v. Strange* and holding that prohibiting a criminal judgment debtor from invoking exemptions afforded private judgment debtors did not

5

violate equal protection). However, rather than dismissing the claim at this early stage, the Court feels that the better practice is to allow the parties to develop the record with respect to these issues. Therefore, the Court will grant Plaintiffs' motion for reconsideration with respect to Count Five.

Regarding Plaintiffs' Fourth Amendment claim in Count Six, as the Court previously held, "[b]y virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan,* 443 U.S. 137, 142 (1979). "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense." *Williams v. City of Alexander*, 772 F.3d 1307, 1310 (8th Cir. 2014) (citation omitted). "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." *United States v. Leon*, 468 U.S. 897, 914 (1984).

But as Plaintiffs correctly note, "[d]eference to the magistrate . . . is not boundless." *Id.* In their motion for reconsideration, Plaintiffs argue that just as an individual government official may violate the Fourth Amendment by obtaining a warrant based on knowingly or recklessly false information, *Franks v. Delaware*, 438 U.S. 154, 165 (1978), so may the City, under the principles of municipal liability discussed in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), violate the Fourth Amendment by

6

having a policy that leads to the issuance of warrants based on knowingly or recklessly false information, or by having a policy that causes systemic invalidity in issuing and executing warrants.

Although the Court is not convinced that Plaintiffs have sufficiently pleaded that their warrants were based on knowingly or recklessly false information, upon reconsideration and focusing on Plaintiffs' allegations in Paragraph 203 of the complaint, the Court finds that Plaintiffs have plausibly pleaded that the City has a policy of issuing warrants for "failure to appear" without probable cause. *See Myers v. Becker Cnty.*, 833 F. Supp. 1424, 1434 (D. Minn. 1993) ("It is axiomatic that Myers cannot be charged with a misdemeanor for not appearing at a hearing of which she did not have prior notice. Accordingly, there was absolutely no basis to objectively believe that probable cause existed to arrest Myers for failure to appear.").

Municipalities may be liable under § 1983 if an action "pursuant to official municipal policy," including "practices so persistent and widespread as to practically have the force of law," cause the plaintiffs' injuries. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In Paragraph 203 of their complaint, Plaintiffs allege that, as a matter of routine, the City issues arrest warrants for a person's "failure to appear" after City officials have given the person paperwork crossing out their court date or have moved the court date without informing the person. Whether Plaintiffs can prove that such practices are "so persistent and widespread" as to have the force of law may be determined at a later stage. At this stage, the Court finds Plaintiffs' allegations sufficient to state a plausible Fourth Amendment claim against the City. *See, e.g.*, *Berg v. County of Allegheny*, 219 F.3d 261,

277 (3d Cir. 2000) (finding that municipality may be liable for Fourth Amendment violation where it "fail[ed] to provide protective measures and fail safes" against issuance of erroneous or invalid warrants); *Johnson v. City of Philadelphia*, No. 13-CV-02963, 2013 WL 4014565, at *3 (E.D. Pa. Aug. 7, 2013) (finding valid Fourth Amendment claim was stated against the municipality, based on its practice of issuing "warrants for a probationer's failure to appear in court when the courts were closed."); *but cf. Myers*, 833 F. Supp. at 1435 (granting municipality summary judgment where "[t]here [was] no evidence whatsoever that the County had a policy, official or otherwise . . . for issuing arrest warrants without probable cause").   Therefore, the Court will also grant Plaintiff's motion for reconsideration with respect to Count Six.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration is **GRANTED**.   (Doc. No. 20.)   The Memorandum and Order dated May 26, 2015 (Doc. No. 19) is hereby amended as set forth above.   Counts Five and Six of Plaintiffs' complaint are hereby reinstated, and the parties shall move forward on all claims in the complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2015.