IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) C.A. No.  : 4:15-cv-253 AGF <br> ) |
| THE CITY OF FERGUSON, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM DEFENDANT CITY OF FERGUSON**

Plaintiffs Keilee Fant *et al*, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37 – 3.04, hereby respectfully move the Court for an order compelling Defendant The City of Ferguson ("Defendant," "City of Ferguson," or the "City") to comply with its discovery obligations and to produce e-mails requested in Plaintiffs' Requests for Production of Documents.

Plaintiffs allege that they were jailed solely on the basis of their inability to make monetary payments arising from traffic tickets and other minor offenses.  Although Plaintiffs pleaded that they were unable to pay and made clear that they could not afford an attorney, they were nonetheless denied the right to an attorney and jailed for days or even weeks.  The crux of the case hinges on Plaintiffs' ability to establish that Defendant engaged in a widespread scheme of jailing individuals when they could not pay small debts arising from violations of municipal ordinances.

1

As evidenced by the United States Department of Justice's Report, *Investigation of the Ferguson Police Department* (March 4, 2015) (hereinafter "DOJ Report"), email communications among the City's employees almost certainly directly relate to the claims at issue and provide evidence of Defendant's illegal scheme and related misconduct.  For example, the DOJ Report found overwhelming evidence that the City's entire municipal court, police, and jail apparatus was corrupted by the pursuit of revenue and involved municipal employees and officials at every level.[1]

Plaintiffs first sought relevant email communications by propounding Requests for Production upon the City over a year ago — on July 21, 2015.  After many meet-and-confer conferences, counsel for Defendant agreed in January of this year to produce email communications "in phases on a rolling basis."  Yet, to date, **not a single email has been produced**.  More than 13 months have passed since Plaintiffs first sought discovery of these email communications, with virtually no progress made in obtaining the communications which are without a doubt central to Plaintiffs' case.  Without access to these otherwise responsive emails, Plaintiffs' ability to litigate this case has been completely thwarted.  Because of Defendant's stonewalling, Plaintiffs have no choice but to seek the Court's intervention.

WHEREFORE, for the reasons set forth in the accompanying memorandum in support of this Motion, Plaintiffs move this Court for entry of an Order compelling the City of Ferguson to

---

[1] *See e.g.,* DOJ Report at 53 (noting that an assistant county clerk wrote in an email that she refused requests to reduce monthly payments for fines, an illustration of a wider pattern of "court staff frequently rejecting requests from payment plan participants to reduce or continue monthly payments—leaving individuals unable to make the required payment with no recourse besides incurring a Failure to Appear charge, receiving additional fines, and having an arrest warrant issued."); 55 ("Ferguson uses its police department in large part as a collection agency for its municipal court.  Ferguson's municipal court issues arrest warrants at a rate officials have called, in internal emails, 'staggering.'"); 59 (describing an email to Chief Thomas Jackson and other police officials that the county court would not reduce bond for anyone that "calls in and is in warrant[]"and seeks to "bring in some extra monies"; "The email identifies no public safety obstacle or other reason not to implement the bond reduction"); and 72 (describing countless emails sent by Ferguson officials demonstrating their racial bias).

2

produce all email communications responsive to Plaintiffs' requests within fifteen calendars days of entry of the Order on this Motion.

## CERTIFICATION

Pursuant to Local Rule 3.04, counsel for Plaintiffs and counsel for Defendant have met and conferred by telephone several times in a good-faith effort to resolve the discovery matters that are the subject of this motion. The correspondence memorializing the various telephonic conferences between counsel is attached as Exhibits 3-7 to the Memorandum accompanying this Motion. On August 26, 2016, counsel for Plaintiffs met and conferred by telephone with Defendant's counsel in a final good-faith effort to resolve the discovery matters that are the subject of this motion. Sonia W. Murphy and William Barrett attended the teleconference on behalf of Plaintiffs, and Robert T. Plunkert and Ida Shafaie attended the teleconference on behalf of the Defendant.

Dated: October 11, 2016

Respectfully submitted,

*/s/ Sonia W. Murphy*
Sonia W. Murphy (pro hac vice)
White & Case LLP
701 Thirteenth St. NW
Washington, DC 20005
(202) 637-6161
Fax: (202) 639-9355
sonia.murphy@whitecase.com

Alec Karakatsanis (E.D.Mo. Bar No. 999294DC)
Civil Rights Corps
916 G Street, NW Suite 701
Washington, DC 20001
(202) 681-2409
alec@civilrightscorps.org

Thomas B. Harvey (MBE #61734)
Michael-John Voss (MBE #61742)
ArchCity Defenders
812 N. Collins
Saint Louis, MO 63102
(855) 724-2489

John J. Ammann (MBE #34308)
Brendan Roediger (E.D.Mo. Bar No. IL6287213)
Saint Louis University School of Law
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930
(314) 977-2778

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| KEILEE FANT et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF FERGUSON, <br><br> Defendant. | C.A. No.: 4:15-cv-253-AGF |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM DEFENDANT CITY OF FERGUSON**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37 – 3.04, Plaintiffs hereby submit this memorandum in support of their motion to compel production of email communications from the Defendant The City of Ferguson ("Defendant," "City of Ferguson" or "City").  To date, the City has refused to produce email communications in response to Plaintiffs' requests for production.  The City has repeatedly stalled and vacillated as to the reasons justifying its failure to produce information that is unquestionably highly relevant, despite specifically agreeing to produce relevant emails by letter in January of 2016 and again by telephone in August of 2016.  Defendant's undue delay comes even after Plaintiffs specifically narrowed the requests in response to Defendant's objections.  Plaintiffs have no choice but to seek the Court's intervention.

1

## I.     BACKGROUND

### a.     Procedural History

Plaintiffs are impoverished people who were jailed by the City of Ferguson because they were unable to make monetary payments for traffic tickets or other minor offenses.  Plaintiffs filed this action against the City on February 8, 2015.  Plaintiffs' Complaint, ECF. No. 1.  The Complaint alleges, among other things, that the City jailed Plaintiffs solely because they were unable to make a monetary payment. *Id*.  Moreover, although Plaintiffs pleaded that they were unable to pay due to their poverty or to afford an attorney, each Plaintiff was jailed and was not provided an attorney nor was or any inquiry made into their ability to pay, as required by the U.S. Constitution. *Id*.  Instead, Plaintiffs were threatened and confined to jail cells for days or weeks. *Id*.

The City moved to dismiss the complaint on March 2, 2015.  ECF No. 8.  Defendant's motion was denied with respect to each of the Plaintiffs' claims by Memorandums and Orders dated May 26, 2015 and July 13, 2015.  ECF Nos. 19 and 27.

Plaintiffs subsequently filed an Amended Complaint on April 13, 2016.  ECF No. 53.  Defendant moved to partially dismiss the Amended Complaint on April 27, 2016.  ECF. No. 57.  The motion to dismiss the Amended Complaint is still pending before the Court.

### b.     Discovery

On July 21, 2015, Plaintiffs served Defendant with its First Set of Requests for Production.  *See* **Ex. 1** at 3.  Plaintiffs made the following requests:

**Request No. 13:**

- Any and all emails or other documents directed to or sent from current or former municipal employees pertaining to any and all individuals with a pending municipal case at any time after February 8, 2010.

**Request No. 14:**

- Any and all emails or other documents sent from or received by Municipal Employees or agents concerning Defendant's enforcement or prosecution of municipal ordinances each year since 2005.

**Request No. 15:**

- Any and all emails or other documents sent from or received by current or former municipal employees concerning the operation of the Municipal Jail, police or municipal court each year since 2005.

The City served responses to Plaintiffs' Requests on October 7, 2015, objecting to the requests seeking emails as "unduly burdensome." *See* **Ex. 2** at 4-5. Specifically, Defendant responded to each of the Plaintiffs' Requests Nos. 13, 14, and 15 with the following objections:

**Defendant's Response to Request Nos. 13, 14 and 15:**

- This is unduly burdensome, as it requests Defendant's employees or agents to sort through tens of thousands of e-mails. In addition, this is not reasonably limited in scope and is not reasonably calculated to lead to the discovery of admissible evidence. Further, to the extent this requests e-mails sent regarding a pending municipal case to an attorney or vice-versa, this requests information protected by the attorney-client privilege and the work product doctrine. To the extent this involves e-mails regarding a claim made for insurance coverage, such e-mails are covered by the insurer-insured privilege.

Counsel for Plaintiffs and Defendants met and conferred telephonically on December 28, 2015 to discuss discovery matters. During that meeting, counsel for Plaintiffs agreed to narrow the requests for emails to:

- Emails sent or received on Municipal accounts relating to individuals with pending cases, bonds, the City's enforcement or prosecution of Municipal ordinances, and the operation of the jail, police or Municipal Court since 2010.

*See* **Ex. 3** at 2 ("Emails") (Letter from Sonia W. Murphy, Counsel for Plaintiffs, to Robert T. Plunkert, Ida Shafaei, and Peter Dunne of Pitzer Snodgrass, P.C. (December 31, 2015)). Counsel for Defendants maintained their position that collection and production of emails would be burdensome because it would require removing privileged emails between the City and its counsel, so counsel for Plaintiffs narrowed the request even further to:

3

- Emails sent or received on Municipal accounts relating to individuals with pending cases, bonds, the City's enforcement or prosecution of Municipal ordinances, and the operation of the jail, police or Municipal Court since 2010, *excluding emails to and from attorneys at [Pitzer Snodgrass] and Stephanie Karr while she was acting as City Attorney*.

*See* **Ex. 4** at 4 (Letter from Pitzer Snodgrass to Sonia W. Murphy (January 11, 2016)). At that point, counsel for Defendant finally offered to begin collecting and producing responsive emails for a few individuals of particularly high and immediate importance, including City of Ferguson Court Clerk Mary Ann Twitty and City of Ferguson Police Chief Thomas Jackson. *See* **Ex. 5** at 2 ("Emails") (Letter from Sonia W. Murphy to Peter J. Dunne, Pitzer Snodgrass, P.C. (January 19, 2016)). Counsel for Plaintiffs expressed appreciation for the offer to collect for a few individuals, but stressed that Plaintiffs are entitled to <u>all relevant emails</u>. *Id.*[2]

In a letter dated January 25, 2016, Defendant's counsel finally agreed to produce responsive emails, representing that Plaintiffs could expect to receive materials responsive to Plaintiffs' discovery request "in phases." *See* **Ex. 6** at 2 ("Emails") (Letter from Peter J. Dunne to Sonia W. Murphy (January 25, 2016)). Specifically, the January 25, 2016 letter reveals the following:

- Plaintiffs' narrowed request appears to have satisfied Defendant's concerns about the scope of the requests ("We appreciate the narrowed request and the exemption of emails protected by the attorney-client privilege");

---

[2] It is particularly important to note that, in virtually every letter and in every phone conversation and in-person meeting concerning this issue, Plaintiffs continued to remind Defendant that it had *voluntarily disclosed these very same emails to the Department of Justice*, meaning that the emails were readily available and that no conceivable claims of attorney-client privilege could be maintained to delay the process. Pursuant to Federal Rule of Evidence 502(b), when disclosure is made to a federal office or agency, the disclosure will operate as a waiver of attorney-client privilege unless (1) the waiver is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B). *See* Fed. R. Evid. 502(b); *see also Stormo v. City of Sioux Falls*, No. 12-04057, 2015 U.S. Dist. LEXIS 115111, at * 11 (D.S.D. Aug. 31, 2015) (discussing the purpose of Fed. R. Evid. 502(b)). Here, the City voluntarily disclosed these materials to the Department of Justice, waiving attorney-client privilege. Since there was no "inadvertent" disclosure, Fed. R. Evid. 502(b) does not apply and Defendant cannot now claim attorney-client privilege to prevent or delay production of these materials.

4

- Defendant knew the approximate number of emails to be produced ("at least 120,000 emails were produced [to the DOJ]"), and knew roughly how long it would take to review the documents for privilege (a course of action that Defendant frivolously continued to insist on even though it had waived any conceivable privilege by producing the emails voluntarily to the DOJ) and produce them to Plaintiffs ("several months");

- Several of the email files were corrupted but could be restored by a professional IT company;

- Many of the files were not corrupted, and subject to (an unnecessary) privilege review, could be produced.

Over seven months have passed since counsel for Defendant promised to produce the emails, and **not a single email has been produced** to date.

During another meet and confer on August 26, 2016, Defendant's counsel indicated, for the first time, that there are close to one hundred (100) potentially relevant City of Ferguson custodians, and claimed that over ninety (90) of those custodians' emails had been corrupted. *See* **Ex. 7** (Email from Sonia Murphy to Robert Plunkert and Ida Shafaie (August 29, 2016 at 10:19 AM)). In other words, nearly a year after the documents were requested, the City is now claiming that a large majority of the documents which it had a duty to preserve have been destroyed. Bizarrely, the City resisted repeated requests to simply ask the DOJ for copies of the emails back. Finally, more than eight months after Plaintiffs' counsel requested that the City contact the DOJ to ask for the emails back, the City supposedly inquired to the DOJ about the emails for the first time. *See* **Ex. 7** (Email from Robert Plunkert to Sonia Murphy (August 30, 2016 at 8:28 AM).

Defendant's counsel received a quote from a data recovery company, which estimated approximately $2650.00 as the cost to repair the emails, and requested that Plaintiffs' counsel cover half the costs of restoration. *Id.* Defendant's counsel has known about this issue for months and done little or nothing to resolve the issue. Moreover, according to Defendant's

5

counsel, at least seven (7) custodians' emails are not corrupted.  *Id*.  Not even these emails were produced.

Since the August 26, 2016 meet-and-confer teleconference, Defendant's counsel has refused to provide a specific date upon which the relevant emails will be produced and has continued inexplicable stonewalling.  Given the short time available for discovery in this case, the Court should not indulge Defendant's dilatory tactics.  Defendant's delay, frivolous claims of privilege, failure to preserve evidence, and refusal timely to correct for its failures cannot be tolerated.

## II.     **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for liberal discovery.  *See Labrier v. State Farm Fire and Casualty Co.*, No. 15-04093, 2016 U.S. Dist. LEXIS 61246, at *10 (W.D. Mo. May 9, 2016) ("The federal rules contemplated liberal discovery."); *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 08CV230-DJS, 2009 WL 539927, at *1 (E.D. Mo. Mar. 4, 2009) (holding that Rules 26(b) and 34 provide for broad discovery) (citations omitted).  "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed."  *St. Paul Reins. Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000).

The party resisting production bears the burden of establishing lack of relevance or undue burden.  *St. Paul Reins. Co., Ltd.*, 198 F.R.D. at 511.  The objecting party "must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'"  *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

6

Use of boilerplate objections, such as "the request is overbroad" are insufficient and "are textbook examples of what federal courts have routinely deemed to be improper objections." *Id*. at 512.  Instead, the party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensome.  *Id*.

### III.   ARGUMENT

#### a.   The Non-corrupted Emails Should Be Produced Immediately

It is undisputed that the non-corrupted emails are relevant and within the City's possession, custody, and control.  Defendant's counsel has confirmed that at least seven (7) custodians' emails are not corrupted.  There is no reason why these emails have not been produced over a year after they were requested.  Any privilege review should have been undertaken over seven months ago and be fully complete (indeed, this privilege review is likely unnecessary to the extent that the emails of these custodians were voluntarily produced to the DOJ).  Plaintiffs respectfully request that this Court order the City to immediately produce the non-corrupted emails.

#### b.   The City Should Restore or Retrieve the Corrupted Emails, and They Should Be Produced Immediately

The City's counsel has represented that an overwhelming majority of the files where the responsive emails are located have been "corrupted."  In order to recover these files, the City claims it must retain a data recovery company.  According to the City's counsel, the data recovery company will charge a fee of approximately $2650.00 for recovering and restoring the files.  The City has taken the position that the cost of recovering these files is unduly burdensome.

The emails at issue are unquestionably responsive to Plaintiffs' discovery requests and highly relevant to the claims at issue in this case.  The cost of recovering the files is minimal,

7

especially when considered in comparison to the costs of litigating over the amount at issue and in the context of the serious constitutional violations alleged to have been committed against thousands of people.  Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), the files are reasonably accessible and should be produced.

Plaintiffs are aware of no case in which such minimal costs have been found to render documents not reasonably accessible.  Defendant's objections gloss over the purpose of discovery, which is to enable parties to obtain the factual information needed to prepare a case for trial.  *See Alpern v. UtilCorp. United, Inc.*, 84 F.3d 1525, 1536 (8th Cir. 1996).  The costs of recovering the emails is minimal, the emails are reasonably accessible, and therefore the emails should be produced.

Notably, the purportedly "corrupted emails" were provided to the DOJ before they were "corrupted."  Indeed, according to the City's counsel, the emails were extracted and put onto two media devices – one of which was provided to the DOJ and one of which was provided to the City.  Only recently has the City's counsel agreed to reach out to the DOJ to obtain its copy of the emails, which could be done essentially for free, even though clear precedent confirms that the DOJ copies of the emails are squarely within the City's control.  *See Huggins v. Fed. Express Corp.*, 250 F.R.D. 404, 408 (E.D. Mo. 2008) ("Control is defined broadly as the ability to obtain upon demand documents in the possession of another. The party to whom the discovery is directed need not have legal ownership or actual possession, but rather a practical ability to obtain the documents.").  Courts have defined "control" as the legal right to obtain documents upon demand. *Searock v. Stripling*, 736 F.2d 650 (11th Cir 1984).  "Control" is not about physical possession, but about the practical ability to obtain documents.  *Orthoarm, Inc. v. Forestadent USA, Inc.* No. 06-730, 2007 U.S. Dist. LEXIS 44429, at *2 (E.D. Mo. June 19,

8

2007).

Defendant has the ability to obtain the purported "corrupted" emails, either by paying to have them restored or by simply asking for copies of the emails back from the DOJ. Defendant's counsel should obtain a copy of the emails from the DOJ. Instead, Defendant's counsel only recently requested the files from the DOJ and continues to revert back to citing the cost of attempting to restore the corrupted files as a barrier. In light of Defendant's evasive responses to Plaintiffs' efforts to resolve these outstanding discovery issues, Plaintiffs request that the Court order Defendant to recover the files—either through a document recovery service or by seeking the emails from the DOJ – within fifteen days, and once recovered or obtained, produce the files forthwith.

These email communications directly relate to the claims at issue and provide evidence of Defendant's illegal scheme and related misconduct. As noted above, the DOJ Report found overwhelming evidence that the City's entire municipal court, police, and jail apparatus was corrupted by the pursuit of revenue and involved municipal employees and officials at every level. Without access to these email communications, Plaintiffs have been precluded from reviewing vital evidence and fully litigating this case. In particular, Plaintiffs have not been able to confront deponents with their emails or use the emails to pursue other avenues of investigation. Now that Defendant has unduly delayed production of these emails, Plaintiffs will need additional time to review the emails once produced, which may delay trial and justice for Plaintiffs.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court order the Defendant produce all non-corrupted emails immediately. In addition Plaintiffs respectfully request that this Court order Defendant's to make every effort to produce the purportedly

9

corrupted emails responsive to Plaintiffs' First Request for Production of documents within fifteen calendar days after the entry of the Order on this Motion.

Dated: October 11, 2016

Respectfully submitted,

*/s/ Sonia W. Murphy*
Sonia W. Murphy (pro hac vice)
White & Case LLP
701 Thirteenth St. NW
Washington, DC 20005
(202) 637-6161
Fax: (202) 639-9355
sonia.murphy@whitecase.com

Alec Karakatsanis (E.D.Mo. Bar No. 999294DC)
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202) 681-2409
alec@equaljusticeunderlaw.org

Thomas B. Harvey (MBE #61734)
Michael-John Voss (MBE #61742)
ArchCity Defenders
812 N. Collins
Saint Louis, MO 63102
(855) 724-2489

John J. Ammann (MBE #34308)
Brendan Roediger (E.D.Mo. Bar No. IL6287213)
Saint Louis University School of Law
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930
(314) 977-2778

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 11th day of October 2016, the following was filed electronically via this Court's electronic filing systems, which sends electronic notification of such filing to:

>Peter Dunne
>Robert T. Plunkert
>Pitzer Snodgrass, P.C.
>100 South Fourth Street, Suite 400
>St. Louis, Missouri 63102-1821
>plunkert@pspclaw.com
>dunne@pspclaw.com

>*/s/ Sonia W. Murphy*
>Sonia W. Murphy