IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:15-CV-00253-AGF |
| | ) |
| THE CITY OF FERGUSON, | ) |
| | ) |
|     Defendant. | ) |

**MOTION FOR TEMPORARY STAY OF PROCEEDINGS**

Plaintiffs, individually and on behalf of a class of similarly-situated individuals, hereby move this Court for a temporary stay of proceedings in the above-captioned matter pending the Court's ruling on Plaintiffs' Motion to Disqualify Defendant's Counsel. In support thereof, Plaintiffs state:

**INTRODUCTION**

Plaintiffs filed their Motion to Disqualify Defendant's Counsel on June 7, 2017 after learning Ferguson's attorneys, Pitzer Snodgrass, P.C., had a direct and incurable conflict of interest arising from the decision to hire an attorney who formerly represented several—if not all—of the named Plaintiffs in the City of Ferguson's municipal court. *See* Pl.'s Mot. to Disqualify Def.'s Counsel, ECF No. 111. Plaintiffs have also filed their Motion for Class Certification (ECF No. 112). Both the Motion to Disqualify and the Motion for Class Certification remain pending as of this filing.

Even after Plaintiffs filed their Motion to Disqualify Defendant's Counsel (ECF No. 111), Ferguson's attorneys at Pitzer Snodgrass, P.C. now seek to depose several named Plaintiffs in spite of the incurable conflict of interest, which arose when Pitzer Snodgrass hired Plaintiffs'

former attorney.

Until this Court rules on Plaintiffs' Motion to Disqualify Defendant's Counsel (ECF No. 111), participation by Ferguson's attorneys at Pitzer Snodgrass, P.C. in discovery and in motion practice herein has provided and will "continue to provide the [Defendant's] counsel with an unfair advantage and taint the proceedings." *See Martinez v. Cnty. Of Antelope*, 4:15-cv-3064, 2016 U.S. Dist. LEXIS 76549, at *30 (D. Neb. June 13, 2016) (granting at an initial hearing the motion to stay proceedings pending resolution of motion to disqualify, which the court also granted).

## ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997), citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In choosing "how to manage their dockets . . . the decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of the district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013), quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "Before exercising this power, a court must 'weigh competing interests and maintain an even balance' between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enters. V. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (issuance of stay warranted where outcome of pending proceeding may affect other issues arising before the court), quoting *Landis*, 299 U.S. at 255.

Here, granting a brief stay of proceedings until this Court rules on Plaintiffs' Motion to Disqualify Defendant's Counsel will benefit both parties while limiting the potential hardship both parties would face were the instant motion denied. First, granting a stay prevents both

Plaintiffs and Defendants from expending time and costs in taking and defending Plaintiffs' depositions, and in briefing class certification issues—proceedings that ultimately may be clouded by the conflict of interest for which Plaintiffs presently seek to disqualify Defendant's counsel Pitzer Snodgrass, P.C. Additionally, granting Plaintiffs' Motion to Stay prevents Plaintiffs from the Hobson's choice to either (a) oppose the Plaintiff depositions being sought by Pitzer Snodgrass for the same grounds Plaintiffs asserted in their Motion to Disqualify; or (b) inadvertently waive the conflict of interest on behalf of all purported class members (without proper notice or consent) by permitting Plaintiffs to be deposed by Pitzer Snodgrass.

Furthermore, Defendant Ferguson would actually benefit from the Court granting this motion to stay proceedings, in that they would avoid the costly expenses and fees of unnecessary motion practice and discovery depositions performed by its attorneys who may ultimately be disqualified.

Finally, any further participation in discovery—or in briefing the pending Motion for Class Certification—by Pitzer Snodgrass, P.C. would be highly prejudicial and unfair to Plaintiffs in light of Pitzer Snodgrass's conflict of interest and until this Court enters a ruling on Plaintiffs' Motion to Disqualify Defendant's Counsel (ECF No. 111). Denying Plaintiffs' Motion for Temporary Stay will cause undue hardship on Plaintiffs, yet granting the motion will benefit Plaintiffs, Defendants, and even the Court, who will benefit from avoiding unnecessary discovery motions and further disputes related to the disqualification issue. Thus, based on the foregoing, the Court should grant a temporary stay of proceedings.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this honorable Court, in its sound discretion, grant the instant Motion and enter an order staying proceedings in this matter until

such time as the Court has issued its ruling on Plaintiffs' Motion to Disqualify Defendant's Counsel (ECF No. 111), and for such other and further relief as this Court deems proper under the circumstances.

Dated:  June 15, 2017

Respectfully submitted,

By: /s/ *Nathaniel R. Carroll* (MBE #67988MO)
Thomas B. Harvey (MBE #61734MO)
Michael-John Voss (MBE #61742MO)
Blake A. Strode (MBE #68422MO)
**ARCHCITY DEFENDERS, INC.**
1210 Locust Street, 2nd Floor
Saint Louis, MO 63103
Tel: (855) 724-2489
Fax:  (314) 925-1307
tharvey@archcitydefenders.org
mjvoss@archicitydefedners.org
bstrode@archcitydefenders.org
ncarroll@archcitydefenders.org

—and—

Andrew Tomback (*pro hac vice*)
Alice Tsier (*pro hac vice*)
Dorian Panchyson (*pro hac vice*)
Larry Moscowitz (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

—and—

Sonia W. Murphy (*pro hac vice*)
Margaret Spicer (*pro hac vice*)
Vivake Prasad (*pro hac vice*)
**WHITE & CASE LLP**
701 13th Street, NW
Washington, DC 20005
(202) 637-6161

—and—

        Alec Karakatsanis (E.D. Mo. 999294DC)
        **CIVIL RIGHTS CORPS**
        910 17th Street NW, Suite 500
        Washington, DC 20006
        (202) 681-2409
        alec@civilrightscorps.org

        —and—

        John J. Ammann (MBE #34308)
        Brendan Roediger (E.D.Mo, IL6287213)
        **SAINT LOUIS UNIVERSITY SCHOOL OF LAW**
        100 N. Tucker Blvd.
        Saint Louis, MO 63101-1930
        (314) 977-2778

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that notice and a copy of the foregoing was received by all parties of record via this Court's PACER/ECF electronic notification system upon filing on this 15th day of June, 2017.

                /s/ *Nathaniel R. Carroll*