UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEILEE FANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-00253-AGF |
| | ) | |
| THE CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion (ECF No. 125) to temporarily stay these proceedings until the Court rules on Plaintiffs' motion to disqualify Defendant's counsel, Pitzer Snodgrass, P.C., based on a conflict of interest. The motion to disqualify (ECF No. 111) arises from Pitzer Snodgrass's alleged hiring of an attorney who previously worked at Plaintiffs' counsel's firm and who previously represented Plaintiffs.

Plaintiffs seek a stay because defense counsel has sought to depose several named Plaintiffs and intends to participate in the briefing of Plaintiffs' recently-filed motion for class certification. Plaintiffs argue that until the Court rules on their motion to disqualify defense counsel, defense counsel's continued participation in discovery and motion practice will risk tainting these proceedings.

Defense counsel opposes the motion to stay but argues that, to the extent the Court deems a stay necessary, the Court should set a schedule upon lifting of the stay that ensures that Plaintiffs will produce the remaining named Plaintiffs for deposition at least 14 days before Defendant's response to Plaintiffs' motion for class certification is due.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy. *See SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258 CAS, 2013 WL 2420676, at *4 (E.D. Mo. June 3, 2013); *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013).

After carefully considering and weighing all of the competing interests in this case, the Court concludes that a stay is warranted. In light of the issues regarding conflict of interest raised in Plaintiffs' motion to disqualify defense counsel, there is some risk that Plaintiffs will be prejudiced by defense counsel's continued involvement in this case. Staying the case until the Court rules on the motion to disqualify will help avoid that risk. And the Court is not aware of any prejudice that would result from granting a stay of such a limited duration. The Court will also order the parties, after the stay is lifted, to meet and confer regarding a joint proposed schedule for the remainder of this litigation, including an appropriate deadline to complete any outstanding depositions of the named Plaintiffs and any necessary amendment to the briefing schedule for Plaintiffs' motion for class certification and the current Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a temporary stay of proceedings is **GRANTED**. ECF No. 125. These proceedings are **STAYED** until such time as the Court rules on Plaintiffs' motion to disqualify Defendant's counsel.

**IT IS FURTHER ORDERED** that, within **seven days** after the Court rules on Plaintiffs' motion to disqualify Defendant's counsel, the parties shall submit a joint proposed scheduling plan for the remainder of this litigation, including an appropriate deadline to complete any outstanding depositions of the named Plaintiffs and any necessary amendment to the briefing schedule for Plaintiffs' motion for class certification and the current Case Management Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2017.