UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEILEE FANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-00253-AGF |
| | ) | |
| THE CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs in this putative class action claim that they have been jailed by Defendant, the City of Ferguson (the "City"), on numerous occasions because they were unable to pay cash bonds or other debts owed to the City resulting from their traffic and other minor offenses. Plaintiffs allege that, in violation of the United States Constitution and as a matter of the City's policies and practices, they were not afforded counsel, any inquiry into their ability to pay, or a neutral finding of probable cause in a prompt manner; and they were held in jail indefinitely, in overcrowded and unsanitary conditions, until they or their friends or family members could make a monetary payment sufficient to satisfy the City. Plaintiffs' amended complaint asserts seven claims pursuant to 42 U.S.C. § 1983, under the Fourth, Sixth, and Fourteenth Amendments.

The City moves to dismiss, on sovereign immunity grounds, all claims in Plaintiffs' first amended complaint except the claim relating to conditions of confinement (Count IV). For the reasons set forth below, the Court will deny the City's motion.

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

This is the third motion to dismiss filed by the City, and this motion asserts arguments similar to the ones raised in a prior motion (ECF No. 57), but reframes them in terms of sovereign immunity. In short, the City argues that Plaintiffs' constitutional challenges are directed to the conduct of the municipal court only, and that, therefore, their claims are barred by the Eleventh Amendment's sovereign immunity doctrine because the municipal court is an arm of the state under Missouri law. As the undersigned has held in this case, and as other judges in this District have held with respect to nearly identical complaints and motions to dismiss, the complaint here alleges that the challenged conduct was and is driven by policies and practices implemented by the City for the purpose of increasing revenue. In addition to conduct undertaken by the municipal court, the

2

complaint alleges that the City's unlawful policies and practices are executed through its clerk, police department, and city attorney, all of whom act under the authority of the city council. Thus, the complaint sufficiently claims that Plaintiffs were subjected to unlawful conduct carried out pursuant to the unconstitutional policies and practices of the City, which is not entitled to Eleventh Amendment protection. *See, e.g.*, ECF No. 79; *Webb v. City of Maplewood, Mo.*, No. 4:16-CV-1703 CDP, 2017 WL 2418011, at *6 (E.D. Mo. June 5, 2017); *Baker v. City of Florissant*, No. 4:16-CV-1693 NAB, 2017 WL 6316736, at *6 (E.D. Mo. Dec. 11, 2017).

The City's argument that the doctrines of absolute judicial, prosecutorial, and quasi-judicial immunity bar Plaintiffs' municipal liability claims likewise fails. Although the City attempts to limit potential liability to individual actors, such as the municipal judge, court clerk, prosecutor, and police officers to whom these immunity doctrines may apply, the amended complaint alleges that it was the City's unconstitutional policies, practices, and procedures that drove the unlawful conduct. Unlike government officials, municipalities do not enjoy absolute or qualified immunity from constitutional claims brought under 42 U.S.C. § 1983. *Sample v. City of Woodbury*, 836 F.3d 913, 917 (8th Cir. 2016) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993); *Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980)).

Finally, the City correctly asserts that, where a plaintiff brings his § 1983 claims under a theory of municipal liability based on the decision of an official responsible for establishing final policy, the identification of the final policymaker "is itself a legal question to be resolved by the trial judge before the case is submitted to the jury."

3

*Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017). But even if identification of the policymaker is ultimately required in this case based on the theories of municipal liability asserted, the Court does not believe that it is required at this stage. *See, e.g.*, *Hoefling v. City of Miami*, 811 F.3d 1271, 1279–80 (11th Cir. 2016) (holding that "not all theories of municipal liability under § 1983 require (or depend on) a single final policymaker," and identification of a final policymaker is not required at the pleading stage, provided that the complaint sufficiently alleges "a policy, practice, or custom of the City" that caused the constitutional violation).

In light of the extensive briefing submitted on these issues, the Court finds that oral argument is unnecessary.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's corrected motion to dismiss Plaintiffs' first amended complaint, and motion for a hearing, are both **DENIED**. ECF Nos. 150 & 165.

**IT IS FURTHER ORDERED** that the stay previously entered is lifted, and, no later than **seven days** from the date of this Memorandum and Order, the parties shall submit a joint proposed scheduling plan for the remainder of this litigation, which addresses the filing deadline and briefing schedule for any motion for class certification; the parties' positions concerning the referral of this action to mediation and when such a referral would be most productive; and any other appropriate deadlines and dates in the current Case Management Order, including a proposed trial date.

**IT IS FURTHER ORDERED** that the current trial setting of April 9, 2018, is **VACATED**, to be reset as appropriate in accordance with the parties' joint proposed scheduling plan.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2018.