IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAYLEE FANT, et al., | ) |
| Plaintiffs | ) Cause No.: 15-CV-00253-AGF |
| vs. | ) |
| THE CITY OF FERGUSON | ) |
| Defendant | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING INTERLOCUTORY APPEAL

COMES NOW Defendant The City of Ferguson ("Ferguson"), by and through counsel, and for its memorandum in support of its motion to stay all proceedings pending interlocutory appeal states the following:

Today – February 15, 2018 – Ferguson appealed this Court's order of February 13, 2018, denying its corrected motion to dismiss on the basis of immunity. (Doc. 43). It did so pursuant to the well-established rule that, despite not being final judgments, interlocutory orders denying immunity are immediately appealable under the collateral order doctrine. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993); *VanHorn v. Oelschlager*, 502 F.3d 775, 778 (8th Cir. 2007). Pendant appellate jurisdiction, in turn, attaches to those issues that are either inextricably intertwined with the denial of immunity or the review of which is necessary to ensure meaningful review of the denial of immunity. *Steward v. Wagner*, 836 F.3d 978, 981 (8th Cir. 2016). Since the applicability of

1

immunity "require[s] an inquiry into whether the plaintiff's…factual allegations state a claim that falls outside the scope of the defendant's immunity," *Mitchell v. Forsyth*, 472 U.S. 511, 529 n. 10 (1985), pendant appellate jurisdiction exists over this Court's determination that Plaintiffs have pled sufficient facts tending to show municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Neither motions on class certification nor discovery may continue on matters subject to an interlocutory appeal related to immunity, since the entire purpose of immunity is to be free from the burdens of litigation, including discovery and trial, in the first place. *See Payne v. Britten*, 749 F.3d 697, 700-701 (8th Cir. 2014); *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir. 1988).

"The filing of a notice of appeal…confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because Ferguson's motion (Doc. 150) covered Counts I through III and V through VII, this Court has now lost jurisdiction over those counts in light of the notice of appeal. The Eighth Circuit, furthermore, has instructed district courts that following an interlocutory appeal on an immunity matter, "the district  court should…stay its hand." *Johnson v. Hay*, 931 F.2d 456, 459 n. 2 (8th Cir. 1991). "If the appeal is utterly lacking in merit and for the purpose of delay only, [the Eighth Circuit] may take appropriate action." *Id.* Accordingly, it is proper for this Court to stay all proceedings as to Counts I through III and V through VII.

2

While this Court no longer has jurisdiction over Counts I through III and V through VII, it still retains jurisdiction over Count IV – Plaintiffs' claim alleging unlawful conditions of confinement (Doc. 53 at 55, §§ 240-241) – because that claim was not part of Ferguson's immunity motion. Nevertheless, judicial economy strongly supports the staying of all proceedings as to that count as well. A failure to do so would create the potential for duplicative motions and discovery. For example, were class certification briefing to proceed on Count IV pending the interlocutory appeal, it would be limited to that count only. It would be a waste of judicial and attorney resources to attempt to uncouple Plaintiffs' class claims as to Count IV from the remaining counts, in light of their close relationship to each other. Furthermore, if this Court were to issue a ruling on class certification as to Count IV prior to the disposition of the appeal, this would create the potential for a second round of briefing on class certification as to the remaining counts in the event of an affirmance by the Eighth Circuit.

Even greater concerns regarding judicial economy exist regarding future discovery. As this Court is well aware, Plaintiffs are alleging several outstanding discovery disputes with Ferguson, including disputes related to a significant amount of document production. Were discovery to proceed as to Count IV only, it would require determining the extent to which the discovery disputes relate to that count only. The same concerns apply to the taking of depositions. It would be incredibly inefficient to depose one witness as to Count IV only and then, in the

3

event of an affirmance by the Eighth Circuit, have to repeat the process again with the same witness as to the remaining counts.

The Western District of Missouri recognized as much in *Root v. Liberty Emer. Phys., Inc.*, 68 F.Supp.2d 1086 (W.D. Mo. 1999). There, the plaintiffs brought a medical malpractice claim against multiple defendants. *Id.* at 1088. Only one of the defendants – a hospital – moved to dismiss, arguing that sovereign immunity bared the plaintiffs' claims. *Id.* at 1088. The Western District denied the motion, and the hospital filed a notice of interlocutory appeal. *Id.* After the hospital filed the notice of appeal, the plaintiffs attempted to proceed with discovery. *See id.* The hospital moved for the court to stay all proceedings, including quashing a pending deposition. *Id.* at 1088, 1092.

The Western District both granted the motion to stay and quashed the deposition. *Id.* at 1092. While continuing to believe that the hospital's "chances of success on appeal [were] marginal," *id.*, and while acknowledging both that the hospital was the only defendant raising the immunity argument and that "the issue of sovereign immunity constitute[d] only a small part of the case," *id.* at 1088, it nevertheless concluded that judicial economy supported a stay of the entire case pending the disposition of the hospital's interlocutory appeal. *Id.* at 1092. *Accord Jones v. Clinton*, 879 F.Supp. 86 (E.D. Ark. 1995).

This Court should follow the Western District's reasoning and stay this case in its entirety pending disposition of Ferguson's interlocutory appeal. To do otherwise

4

would result in numerous inefficiencies, including duplicative motion practice and discovery matters.

WHEREFORE, Ferguson prays this Court (1) vacate its order of February 13, 2018, insofar as it requires the parties to submit a joint proposed scheduling plan by February 20, 2018; (2) issue a new order staying this case in its entirety pending the disposition of Ferguson's interlocutory appeal; and (3) grant Ferguson any other relief that is just and proper.

Respectfully submitted,

**Brinker & Doyen, LLP**

*/s/ John M. Reeves*
Jeffrey J. Brinker, #30355MO
John M. Reeves, #59634MO
Michelle V. Stallings, #57833MO
Brinker & Doyen, LLP
34 North Meramec – 5th Floor
St. Louis,  MO  63105
314.863.6311 – Phone
314.863.8197 – Fax
jbrinker@brinkerdoyen.com
jreeves@brinkerdoyen.com
mstallings@brinkerdoyen.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 15th day of February, 2018, to all counsel of record.

*/s/ John M. Reeves*