**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEILEE FANT, ROELIF CARTER, ALLISON NELSON, HERBERT NELSON JR., ALFRED MORRIS, ANTHONY KIMBLE, DONYALE THOMAS, SHAMEIKA MORRIS, DANIEL JENKINS, RONNIE TUCKER, TONYA DEBERRY, et al., )))))))))) | |
| Plaintiffs, )) | |
| v. ))) | Case No. 4-15-CV-00253-AGF |
| THE CITY OF FERGUSON, )) | |
| Defendant. ) | (Class Action) |

**SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING**
**INTERLOCUTORY APPEAL**

The City argues that it can earn an immediate appeal—and continue to drag out this case—simply by asserting that someone *else* is an arm of the state. Doc. 181. That is mistaken. Unlike the defendants in *Mitchell v. Forsyth*, 472 U.S. 511 (1985) and *Webb v. City of Maplewood*, No. 16-CV-01703 (E.D. Mo. June 26, 2017), Ferguson has not asserted its own immunity. It has never contested the only fact about sovereign immunity that this Court has observed in this case: that cities lack Eleventh Amendment protection. Doc. 173 at 3. That leaves the City with only two options: concede that it is not appealing a denial of sovereign immunity after all (and thus that it has no basis for interlocutory appeal), or insist that it is somehow appealing the blackletter law that cities lack Eleventh Amendment protection. Either way, the City's appeal is so utterly meritless, frivolous, and dilatory as to warrant continuing discovery in this Court. The motion to stay should be denied.

*Mitchell* is inapposite for the simple reason that the defendant there asserted his own immunity and had his motion for summary judgment denied on that basis.  *See* 472 U.S. at 515–18. Had Mitchell argued only that he was entitled to summary judgment because, say, *his neighbor* was immune to suit, the district court's proper response would have been to deny the motion without deciding the irrelevant question of the neighbor's immunity, and it would not have lost jurisdiction over the case or licensed an interlocutory appeal by doing so.  So too here.  In response to Ferguson's argument that all but one of Plaintiffs' claims should be dismissed because the municipal court is (allegedly) immune to suit, this Court properly bypassed that irrelevant assertion of immunity and denied the motion based on the City's relevant but mistaken argument that Plaintiffs' complaint did not adequately allege claims against the City.  Doc. 173 at 2–3.  This Court's rejection of that argument is not subject to interlocutory appeal without special leave of this Court and the Court of Appeals.  *See* 28 U.S.C. § 1292(b).  It does not become immediately appealable simply because the Court issued it without addressing the irrelevant assertion that some third party is an arm of the state and immune to suit.

*Maplewood* is also distinguishable because the defendant there asserted its own sovereign immunity.  In its motion to dismiss, the City of Maplewood argued that "[s]overeign immunity under the Eleventh Amendment bars Plaintiffs' constitutional claims in their entirety, as *these claims are directed against Defendant* [Maplewood] *i*[*n*] *its capacity as the Maplewood Municipal Court*, a state entity under Missouri law."  Motion to Dismiss at 2, *Webb v. City of Maplewood*, No. 16-CV-01703, Doc. 14 (emphasis added); *see* Memorandum in Support at 12, *Webb*, No. 16-CV-01703, Doc. 15 (same).  The district court properly rejected that argument, ruling that when Maplewood acted through its municipal court, it acted as a municipality subject to *Monell*

liability rather than as an arm of the state,[1] and thus that Maplewood did *not* enjoy sovereign immunity in its capacity as the Maplewood Municipal Court.  Memorandum and Order at 13–14, *Webb*, No. 16-CV-01703, Doc. 35 ("Because the Eleventh Amendment does not afford protection to political subdivisions such as municipalities, . . . I will deny the City's motion to dismiss to the extent *it* seeks to invoke sovereign immunity protection under the Eleventh Amendment." (emphasis added)).

There, as here, the district court noted that cities lack Eleventh Amendment protection.  *Id.*; Doc. 173 at 3.  The key difference is that, because Maplewood had asserted its *own* sovereign immunity, this obvious fact about the Eleventh Amendment formed a crucial part of the *Maplewood* court's reasoning that dismissal was unwarranted.[2]  Here, by contrast, because Ferguson never identified itself with the Ferguson Municipal Court (in any capacity), *see* Docs. 150-51, its assertion that the Municipal Court was immune did not amount to an assertion that *it* was immune, and so it gave this Court no occasion to rule on its immunity vel non.  As a result, this Court's correct observation that cities lack Eleventh Amendment protection was not a part of its holding, subject to immediate appeal.

But even if this Court's observation about the Eleventh Amendment somehow constituted an immediately appealable sovereign immunity holding, any appeal of it would be so meritless, frivolous, and dilatory as to warrant continuing discovery in the meantime.  That cities do not

---

[1] Plaintiffs here have made similar arguments about Ferguson's liability for acquiescing in various unconstitutional practices of its municipal court.  *See* Doc. 161 at 13; Doc. 62 at 19–23.  But those arguments are not central here, because unlike the allegations in *Maplewood*, Plaintiffs' allegations against Ferguson are not "largely based on action taken by and in the municipal court."  Doc. 161 at 11.  On the contrary, as this Court has recognized, "Plaintiffs allege that the constitutional deprivations here took place largely outside of any judicial process."  Doc. 79 at 13.

[2] Compare the plaintiffs-appellees' brief in *Maplewood*, which takes the only reviewable holding to be that the Eleventh Amendment does not protect cities.  *See* Brief of Plaintiffs-Appellees at 2, 10, 30–31, *Webb, et al. v. City of Maplewood*, No. 17-2381 (8th Cir. Sept. 6, 2017).

enjoy Eleventh Amendment protection is a bedrock principle of constitutional law that has been so well-understood since the nineteenth century, *Lincoln County v. Luning*, 133 U.S. 529 (1890) that it typically goes without saying.  Were Ferguson's counsel to attempt to delay this case further by pursuing yet another hopeless appeal of this fundamental principle, as they have in *Maplewood*, Plaintiffs submit that they would arguably deserve sanctioning under Fed. R. Civ. P. Rule 11.  The City offers no argument at all—much less a "nonfrivolous" one—for the "extension, modification, or reversal of existing law" on this score.  Rule 11(b)(2).[3]  At the very least, this Court should allow discovery to proceed as Ferguson's frivolous appeal works its way to its inevitable failure.

Finally, the fact that the district court stayed proceedings pending Maplewood's appeal is of no moment here, as the stay was granted without briefing, three days after Maplewood moved for it, Docs. 42 (Motion for Stay, filed June 23, 2017), 44 (Order granting stay, filed June 26, 2017), No. 16-CV-01703, and, as just explained, under crucially different circumstances that provided a formal, if ultimately meritless, basis for interlocutory appellate jurisdiction.[4]

For the reasons set forth above and in their Opposition, Doc. 179, Plaintiffs respectfully request that this Court deny Defendant's motion to stay.

Respectfully submitted,

By:     */s/ Andrew Tomback*
        Andrew Tomback (*pro hac vice*)
        Alice Tsier (*pro hac vice*)
        Martin B. Sawyer (*pro hac vice*)
        Dorian Panchyson (*pro hac vice*)
        Larry Moscowitz (*pro hac vice*)

---

[3] *Cf. McKenzie v. Crotty*, 738 F. Supp. 1287 (D.S.D. 1990) (holding, *sua sponte*, that immunity claim was sufficiently frivolous to warrant holding of hearing to determine whether sanctions should be applied under Rule 11).

[4] Another important difference is that *Maplewood* involves no analogue of Plaintiffs' Count IV regarding conditions of confinement, which Ferguson did not move to dismiss.  *See* Doc. 179 at 9–10.

WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

—and—

*/s/ Sonia W. Murphy*
Sonia W. Murphy (*pro hac vice*)
Margaret Spicer (*pro hac vice*)
Vivake Prasad (*pro hac vice*)

WHITE & CASE LLP
701 13th Street, NW
Washington, DC 20005
(202) 637-6161

—and—

*/s/ Alec Karakatsanis*
Alec Karakatsanis (E.D. Mo. Bar No. 999294DC)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
(202) 681-2409
alec@civilrightscorps.org

—and—

*/s/ Michael-John Voss*
Michael-John Voss (MBE #61742)
Blake A. Strode (MBE # 68422MO)
Nathaniel R. Carroll (MBE #67988MO)
Sima Atri (MBE #70489MO)
ArchCity Defenders
1210 Locust St.
Saint Louis, MO 63103
855-724-2489

*/s/ John J. Ammann*
John J. Ammann (MBE #34308)

*/s/ Brendan Roediger*
Brendan Roediger (E.D.Mo. Bar No. IL6287213)
Saint Louis University School of Law
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930

314-977-2778

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of March, 2018, the foregoing **SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING INTERLOCUTORY APPEAL** was filed electronically via the Court's electronic filing system, which sends electronic notice of the filing to:

**Jeffrey J. Brinker**
**John M. Reeves**
**Michelle V. Stallings**
BRINKER & DOYEN, LLP
34 North Meramec – 5th Floor
St. Louis, MO 63105
314-863-6311
Fax: 314-863-8197
Email: jbrinker@brinkerdoyen.com
Email: gpaul@brinkerdoyen.com
Email: jreeves@brinkerdoyen.com

**Aarnarian (Apollo) D. Carey**
**Ronald A. Norwood**
LEWIS RICE, LLC
600 Washington
Suite 2500
St. Louis, MO 63101
314-444-7788
Fax: 314-612-7788
Email: acarey@lewisrice.com

**Maurice B. Graham**
GRAY AND RITTER, P.C.
701 Market Street
Suite 800
St. Louis, MO 63101-1826
314-241-5620
Fax: 314-241-4140
Email: mgraham@grgpc.com

*/s/ Andrew Tomback*
Andrew Tomback