**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| KEILEE FANT, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4-15-CV-00253-AGF |
| THE CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

In its fourth attempt to dismiss this case, the City recycles arguments rejected in two prior motions to dismiss, Docs. 57, 150, but reframed in terms of Fed. R. Civ. P. 19—the failure to join a required party. In short, the City argues, yet again, that Plaintiffs' constitutional challenges are primarily directed at the conduct of its municipal court, which the City claims to be an arm of the State of Missouri that cannot be joined.

But as this Court has ruled twice, Plaintiffs have sufficiently alleged injuries caused by the City itself:

> The complaint here alleges that the challenged conduct was and is driven by policies and practices implemented *by* the *City* . . . . In addition to conduct undertaken by the municipal court, the complaint alleges that the *City's* unlawful policies and practices are executed through its clerk, police department, and city attorney, all of whom act under the authority of the *City Council*.

Doc. 173 ("Third MTD Order") (emphases added).  To the extent municipal court personnel are involved in the City's scheme, they acted under the direction and control of the City, and not for the state.  Accordingly, the interests of the municipal court are not implicated.[1]

The City's latest attempt to rewrite Plaintiffs' Complaint as blaming the municipal court for the City's own misconduct—this time couched in the language of Rule 19—should not be credited.  Plaintiffs sued the City, for what the City did, and they seek relief only from the City, which must answer for its own actions.

## I.    ARGUMENT

### A.    Standard of Review

In ruling on a motion to dismiss for failure to join a required party, courts must base their decision on the pleadings as they appear at the time of the proposed joinder.  *Yankee Supply Co. v. Cox*, No. 4:06-cv-1643 (JCH), 2007 U.S. Dist. LEXIS 20790, at *7 (E.D. Mo. Mar. 22, 2007) (citing *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990)). "Dismissal of a case for failure to join a necessary party 'is a drastic remedy, which should be employed only sparingly.'"  *Northern Oil & Gas, Inc. v. EOG Res., Inc.*, No. 1:16-cv-388, 2018 U.S. Dist. LEXIS 64181, at *19 (D.N.D. Apr. 17, 2018) (quoting *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014)) (internal citations omitted); *see also Fort Yates Pub. Sch. Dist. #4 v. Murphy*, 786 F.3d 662, 671 (8th Cir. 2015) (noting that "courts are generally reluctant to grant motions to dismiss of this type" (internal citations and quotation marks omitted)).

### B.    Ferguson's Municipal Court Is Not a Required Party Under Rule 19(a)

---

[1] Whether the municipal court is in fact an arm of the state has not been decided by the Eighth Circuit.  Plaintiffs do not believe it is.

Rule 19(a)(1) provides that a party is required to be joined, if feasible, if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."  Neither of these standards is met here.

### 1.      The Court May Grant Complete Relief to Plaintiffs Without the Municipal Court.

Rule 19(a)(1)(A)'s condition that a court be able to accord complete relief "does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990) (internal citations omitted).  When it comes to injunctive and declaratory relief, "complete relief" is possible if an injunction or declaration against those who are parties is meaningful and enforceable.  *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) (joinder of tribe not necessary because court could afford complete relief without joinder by enjoining tribal officials who were parties); *CRST Expedited, Inc. v. Transom Trucking, Inc.*, No. C16-52-LTS, 2017 U.S. Dist. LEXIS 221204, at *9 (N.D. Iowa Oct. 25, 2017) (noting that complete relief does not require accomplishing "an overall sense of justice," but only relief for "the alleged wrong").

Here, the Court is able to accord meaningful relief to the Plaintiffs without joinder of the municipal court.  Plaintiffs seek money damages from the *City*, a declaration that the *City* violated their constitutional rights, and an injunction enjoining the *City* from enacting and enforcing such unlawful policies.  The City can honor and comply with each of these forms of relief on its own.  Undeniably, the City can provide complete monetary compensation for any

injuries that *it* has caused.  If the Court declares the *City's* policies and practices unconstitutional, the City is empowered to change its own conduct to comply with the Constitution.

The City asserts that Plaintiffs cannot obtain complete relief absent joinder of its municipal court because the damages they seek result from the judicial and quasi-judicial actions of court personnel, which the City cannot alter.  This argument fails for three reasons.

*First*, as this Court has recognized, the Complaint alleges that the City was the driving force behind any challenged conduct by municipal court personnel.  *See* Third MTD Order at 2, Doc. 173, ("As the undersigned has held in this case . . . the complaint here alleges that the challenged conduct was and is driven by policies and practices implemented by the City . . . ."). Plaintiffs intend to prove that the conduct of municipal court personnel involved in the City's scheme occurred at the direction and control of the City (rather than being required by state or federal law), meaning that complete relief can be provided by the City for the injuries caused by *its* conduct, and that the municipal court does not have an interest requiring joinder. [2]

*Second*, the question of whether court personnel acted for the City or the municipal court cannot be resolved on a motion to dismiss.  Although the City argues that whether municipal court personnel are acting for the City or the municipal court is a threshold legal question dependent on state law, Eighth Circuit precedent shows that this issue raises factual issues that cannot be resolved on the pleadings.  *See Evans v. City of Helena-West Helena, Arkansas,* 912 F.3d 1145, 1147 (8th Cir. 2019) (finding that a complaint stated "a plausible claim that the clerk

---

[2] That some of Plaintiffs' claims and allegations may implicate conduct of individuals affiliated with the municipal court does not disturb this conclusion.  Even for those allegations involving municipal court personnel, the mere fact that their conduct may have contributed to injuring certain Plaintiffs does not prevent Plaintiffs from obtaining complete relief from the City.  *See Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 1034 (D. Minn. 2016) (noting that "[t]hird-parties are not necessarily required parties under Rule 19 merely because they are involved in conduct underlying a plaintiff's claims" (internal citations omitted)).

was a city official at the time of the alleged wrongdoing").  In *Helena*, the court recognized that the question of whether the court clerk was a state government official could not be determined without further development of the record "with respect to the clerk's duties and responsibilities, the source of the clerk's pay, or the degree of control that state or local officials, respectively, exercised over the clerk." *Id.* (citing *McMillian v. Monroe County*, 520 U.S. 781, 789–93 (1997)); *see also Fort Yates*, 786 F.3d at 671–72 ("Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor" requiring "a careful examination of the facts" (internal citations omitted)); *Two Shields v. Wilkinson*, 790 F.3d 791, 798 (8th Cir. 2015); *Davis v. United States*, 192 F.3d 951, 961 (10th Cir. 1999) (declining to conduct fact-finding necessary for a Rule 19(b) determination and remanding to the district court to conduct the analysis); *see also,* Doc. 171 at 3–4 (citing cases recognizing the partly factual nature of identifying policymaking authorities in a given area).

*Third*, contrary to the City's baseless claim that Plaintiffs identify the municipal court "as the source of the alleged unlawful acts," Doc. 224 at 14–15, the Complaint makes clear that Plaintiffs challenge pervasive policies and practices extending far beyond the municipal courthouse.[3]  This is the law of the case, as the Court has ruled repeatedly—and under the very same legal standard and presumptions that apply to this Motion—that Plaintiffs' allegations concern *City* conduct driven by *City* policies and practices:

> Plaintiffs do not seek to hold the City liable for the judicial decisions made by a municipal court judge in particular cases.  Indeed . . . Plaintiffs allege that the constitutional deprivations here took place largely outside of any judicial process.  Instead, Plaintiffs' complaint is replete with allegations that each of the injuries

---

[3] Indeed, because Plaintiffs have focused on what is incontrovertibly *City* conduct, and because the City has not explained what specific conduct it contends is exclusively controlled by a separate entity, Plaintiffs have not had occasion to brief the question whether the municipal court is an arm of the state for relevant purposes, and this Court has not had occasion or reason to rule on it.

alleged was caused by the City's own unconstitutional policies and by the continuing and pervasive unconstitutional practices of a wide range of City employees.

Doc. 79 at 13 ("Second MTD Order");

Because Plaintiffs challenge City conduct, most of which does not involve the municipal court at all, and seek relief only from the City, the municipal court is not a required party and Plaintiffs' claims may proceed without its joinder.

### 2.    This Case Can Proceed Without Impairing the Interests of the Ferguson Municipal Court.

Under Rule 19(a)(1)(B), the burden lies with the moving party to establish the nature of the absent party's unprotected interests. *H.S. Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (internal citations omitted).  The mere fact that litigation may affect a nonparty's interest does not mean that the nonparty is required, but only that the court must look to whether it can resolve the dispute between the existing parties. *See LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983).  The City argues that proceeding with this case without joining its municipal court will impair the municipal court's interests because (i) it requires trying the municipal court's liability "behind its back," Doc. 224 at 4; and (ii) it will interfere with the municipal court's "ability to exercise its own inherent powers and the ability of [the] Circuit Court and the Missouri Supreme Court to oversee such control." *See* Doc. 224 at 24.  As discussed below, both arguments are mistaken.

*First*, Plaintiffs do not seek to try the municipal court's liability behind its back.  As this Court has repeatedly held, the liability of the municipal court is not at issue because Plaintiffs have sued the City for the City's wrongful conduct.  To the extent municipal court personnel were involved in the City's scheme, Plaintiffs do not seek a finding that the municipal court was liable for those actions.

*Wilkinson* is not to the contrary and does not support the City's position.  *See* Doc. 224 at 18.  In *Wilkinson*, the plaintiffs alleged that the named defendants induced a breach of fiduciary duty by a sovereign nonparty, the United States—a theory of liability that required proof of the commission of a tort by the U.S. *as an element of the plaintiffs' case*.  790 F.3d at 797.  The Eighth Circuit concluded that because, among other things, the plaintiffs could only prevail by demonstrating that the U.S. had breached its fiduciary duty to them, the U.S. had an interest in the litigation that required joinder.  *Id.*[4]  Here, by contrast, no element of any of Plaintiffs' claims requires proof of the commission of a tort by the municipal court, or even any wrongdoing by the municipal court itself.  As another district court recently explained in analyzing *Wilkinson* and rejecting a motion to dismiss for failing to join two states as parties:

> Unlike in [*Wilkinson*], where an element of a claim required a showing that the United States breached its fiduciary duties, nowhere in the instant case does an element of a claim require showing that a [state entity acted improperly].  Finally, [defendant's] argument that Arkansas and Oklahoma have a vested interest in the outcome of this case due to the possible effects that this Court's rulings could have . . . is insufficient to justify joinder.

*Focthman v. DARP, Inc.*, No. 5:18-CV-5047, 2018 U.S. Dist. LEXIS 109359, at *19 (W.D. Ark. June 27, 2018) (citing *Wilkinson*, 790 F.3d at 797) (internal citations and quotations omitted).  *Wilkinson* is therefore inapposite.

*Second*, Plaintiffs do not seek relief that will interfere with the municipal court's powers under state law.  Rather, Plaintiffs ask this Court to grant relief that is entirely within the City's control.  And the City does not deny that its City Council could have legislated various lawful practices and procedures to govern debt collection, warrants, bond schedules, and every other

---

[4] In recognition of its unrepresented interest in the matter, the U.S. had filed an amicus brief in the district court, arguing that the case should be dismissed because it was a required and indispensable party that could not joined.  *See id.* at 794.  By contrast neither the municipal court nor the State of Missouri—both of which are well aware this case is pending—has asserted an interest in this case.

aspect of this case.  As a "home rule" municipality, the City wields maximal authority over its affairs, consistent with state law.  *See* Mo. Const. Art. VI, § 19(a); Ferguson Mun. Code Pt. I, Art. II, § 2.1.  The City has exercised its power to create the municipal court and provide for its funding, housing, and staffing.  Ferguson Mun. Code Ch. 2, Art. IV, § 2-214; *id.* Ch. 13, Art. I, § 13-4.  The City created the offices of Municipal Judge and Clerk of the municipal court, providing for their selection and compensation and defining the duties of each. *See id.* Ch. 13, Art. II; *id.* Art. I, § 13-7.  Most importantly, the City supervises and controls both of these offices by ordinance, consistent with state law.[5]  Accordingly, the City is empowered to stop the unconstitutional practices that the City has either acquiesced in or pressured the municipal court to adopt.[6]  In ordering the City to exercise that power, this Court will not interfere with the municipal court's inherent judicial powers.

---

[5] "The municipal judge shall be and is hereby authorized to . . . . (3) Make and adopt such rules of practice and procedure as are necessary to implement and carry out the provisions of this chapter, to make and adopt such rules of practice and procedure as are necessary to hear and decide matters pending before the municipal court and to implement and carry out the provisions of the rules of practice and procedure for municipal and traffic courts.  *Any and all rules made or adopted hereunder may be annulled or amended by any ordinance limited to such purpose; provided that such ordinance does not violate or conflict with the provisions of the state rules of practice and procedure for municipal and traffic courts or state statutes*. . . . (5) Have such other powers, duties and privileges as are or may be prescribed by state law, *this Code or other ordinances of the city*."  *Id.* Art. II, § 13-29(b) (emphases added); *cf.* Rev. Stat. Mo. § 479-070.  Similarly, "The duties of the clerk shall be to . . . . (8) Perform all other duties *as provided by ordinance*, by the rules of practice and procedures of the municipal court or rules of practice and procedure of the circuit court for municipal courts, *or* by the rules of the state supreme court as they are currently in effect or as they may hereafter be changed or amended, or as required by statute."  Ferguson Mun. Code Ch. 13, Art. I, § 13-7 (emphases added).

[6] *Gooch v. Spradling* is not to the contrary.  523 S.W.2d 861 (Mo. App. K.C.D. 1975).  The City cites *Gooch* for the proposition that municipalities have no authority to interfere with the administration of state court rules (Doc. 224 at 13).  But the relief Plaintiffs seek would not interfere with the administration of Rule 37 because Plaintiffs do not challenge any actions taken by the municipal court (or the City) pursuant to Rule 37.  Indeed, the City has never pointed to a single provision of Missouri law that requires it to engage in any of the constitutional violations Plaintiffs challenge.  For example, Missouri state law authorizes but does not require the Ferguson Municipal Court to issue arrest warrants for non-payment of fees.

The City's argument that it lacks control over municipal court actions and policies (such as the issuing of warrants, setting of bond schedules, appointment of counsel for indigent defendants, and execution of warrants by police officers) is contradicted not only by its own ordinances but also by the public record.  As this Court has noted, the City has promised the federal government, in its Consent Decree with the Department of Justice, that it would correct municipal court practices.  Second MTD Order (Doc. 79) at 17 ("A review of the Consent Decree reveals that the City has agreed to 'develop and implement' plans to correct its municipal court practices in the future.").  This Court has also noted, among other things, the City's promise to "ensure that arrest warrants are not being issued in response to a person's financial inability to pay a fine or fee" and to "develop and implement a plan to eliminate [] the use of a fixed monetary bond schedule." *Id.*  By negotiating and signing the decree, the City warranted that it has the power to stop its prosecutors, police officers, jail guards, and *municipal court employees,* from committing the constitutional violations alleged.

Inasmuch as the City has the power to keep that promise, it is responsible for the legal consequences of having abused—or failed to exercise—its power earlier.

### C.      Under Rule 19(b), the Case May Continue Without the Municipal Court

Should the Court find that the City has met its burden of demonstrating that the municipal court is a required party under Rule 19(a), and should this Court also find that the municipal court is an arm of the state immune from suit—findings Plaintiffs respectfully submit the Court should not make—dismissal would not be compelled.  Before dismissal could occur, the Court would have to find that the City has met its burden of demonstrating that the action should be

dismissed rather than allowed to proceed among the existing parties.  *See* Rule 19(b).  The City

has failed to meet this burden.

Once a court determines that a party is required to be joined under Rule 19(a), Rule 19(b)

provides four factors to consider when determining "whether, in equity and good conscience, the

action should proceed among the existing parties or should be dismissed."  These factors are:

> (1) the extent to which a judgment rendered in the person's absence might
> prejudice that person or the existing parties; (2) the extent to which any prejudice
> could be lessened or avoided by . . . protective provisions in the judgment[,]
> shaping the relief[,] or other measures; (3) whether a judgment rendered in the
> person's absence would be adequate; and (4) whether the plaintiff would have an
> adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Any potential prejudice the municipal court could suffer *as a state actor* from a judgment

rendered in its absence would be substantially less than that facing the required nonparties in

*Pimentel* and *Wilkinson*.  The City summarily asserts that a judgment rendered in the municipal

court's absence will "cloud the validity" of how it adjudicates and rules in the cases on its

docket.  Doc. 224 at 26.  But the City never explains how a judgment against it could have that

effect given that Plaintiffs do not challenge any docket activity of the municipal court.  Similarly,

the City never explains why adjudicating Plaintiffs' claims without joining the municipal court

would amount to trying the liability of the municipal court division "behind its back," Doc. 224

at 12, when Plaintiffs here, unlike those in *Wilkinson*, have not asserted a theory of liability that

requires proof of any liability on the part of the municipal court.  Moreover, with regard to any

conduct alleged that implicates the actions of municipal court personnel, Plaintiffs here assert

that municipal court employees acted under the City's direction and control.  If those individuals

are found to act, with respect to the challenged conduct, only for the municipal court and *not* for

the City, and the Court finds that the municipal court is an arm of the state, Plaintiffs may not be

able to establish that the City is liable on a certain count, and as to those counts no relief would issue at all, much less against the municipal court or the State of Missouri.

Proceeding in the absence of a nonparty is especially non-prejudicial where the nonparty's interests are adequately represented by existing parties. *See Gwartz v. Jefferson Mem'l Hosp.*, 23 F.3d 1426, 1429 (8th Cir. 1994) (finding nonparty not necessary because it had the same interest in establishing facts as one of the parties and its interest would thus not be impaired by nonjoinder). Because the State of Missouri is immune to suits for damages, an arm of the state could only ever be subject to prospective relief, which would require ongoing constitutional violations by a state actor. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Here, the City has every incentive to argue effectively that the conduct Plaintiffs challenge does not violate the Constitution, and Plaintiffs, in pursuing damages that could only come from the City for its own actions, have every incentive to argue effectively that is not State (but rather City) actors who have caused their constitutional injuries.[7] So even if the municipal court were somehow to be deemed an arm of the state with an interest in this case, that interest would be adequately protected without its joinder. (Contrast *Pimentel*, in which it was conceded by all parties that the interests of the absent sovereign would not be protected absent joinder. 553 U.S. at 863–64.)

Indeed, the City has already purported to represent the municipal court's interest adequately: counsel for the City have represented to the Eighth Circuit that in signing briefs— and a consent decree—on behalf of the City of Ferguson, City's counsel effectively signs for the municipal court as well. Brief of Appellant at 30, *Fant, et al. v. City of Ferguson*, No. 18-1472

---

[7] Plaintiffs do not concede that the municipal court had or has interests of its own separate and distinct from those of the City, given that any municipal court personnel involved in the City's scheme acted under the direction and control of the City.

(8th Cir. May 21, 2018) (asserting that "undersigned counsel, when signing the briefs in this appeal on behalf of 'Ferguson' is doing so just as much on behalf of the municipal court . . . as he is on behalf of the municipal corporation").

Alternatively, even if the municipal court were somehow "required" under Rule 19(a), any interests it has would be adequately protected by joining the implicated municipal court *personnel* as parties in their official capacities.[8]  Even if those personnel were to be deemed state actors for relevant purposes (a question this Court has yet to address), the Court would still have jurisdiction to decide Plaintiffs' claims for *prospective* relief against those actors, which is the only sort of relief to which state actors could conceivably be subject in their official capacities. *See Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1989) ("A state agent, however, may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim." (internal citations and quotations omitted)).

The other Rule 19(b) factors also favor going forward without joining the municipal court.  As discussed above, a judgment issued in the absence of the municipal court would be adequate, so Rule 19(b)(3) counsels toward proceeding absent joinder.  *See supra* Part I.B.1. Rule 19(b)(2) similarly counsels toward proceeding, because Plaintiffs seek monetary damages only to the extent that they were harmed by unconstitutional *City* policies and practices. Similarly, the declaratory relief sought is limited to a finding that the *City* violated their rights, and the injunctive relief seeks only to require the *City* to change its policies.  Thus, should this Court conclude that the municipal court is, in certain respects, both independent from the City and immune from suit, the Court can shape any relief it grants to mitigate the risk of prejudice to the municipal court.

---

[8] Plaintiffs have not joined such officials as defendants because Plaintiffs allege that any such officials were acting under the direction and control of the City.

Rule 19(b)(4) also weighs against dismissal, because there is serious doubt as to whether, were this action dismissed for nonjoinder, Plaintiffs would have an adequate remedy for the harms they have already suffered.  Should this case be dismissed on the ground that the municipal court is an indispensable party with Eleventh Amendment immunity, Plaintiffs would have no damages remedy in federal court.  And the state of Missouri and its entities have broad sovereign immunity in its state courts that appears to encompass this case.  *See, e.g.*, *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921–22 (Mo. 2016) (en banc) (explaining that in the absence of an express statutory waiver under Mo. Rev. Stat. § 537.600 *et. seq.*, "or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities"); Mo. Rev. Stat. § 537.600 (establishing two exceptions to the state's sovereign immunity not applicable here).  Indeed, even the City itself may be immune to Plaintiffs' claims in state court.  *See, e.g.*, *Junior Coll. Dist. of St. Louis v. City of St. Louis*, 149 S.W.3d 442, 447 (Mo. 2004) (en banc), *as modified on denial of reh'g* (Nov. 23, 2004) ("Municipal corporations traditionally have had immunity . . . for those actions they undertake as a part of the municipality's governmental functions—actions benefiting the general public.").

## II.   CONCLUSION

For the reasons explained above, this Court should deny the City's Motion and its request for oral argument.

Respectfully submitted,

By: */s/ Alice Tsier*
Alice Tsier (*pro hac vice*)
Andrew E. Tomback (*pro hac vice*)
Dorian Panchyson (*pro hac vice*)
Larry Moscowitz (*pro hac vice*)
Vivake Prasad (*pro hac vice*)
WHITE & CASE LLP

1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

—and—

*/s/ Marco Lopez*
Marco Lopez (*pro hac vice*)
Ryan Downer (*pro hac vice*)
Tara Mikkilineni (*pro hac vice*)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
(202) 844-4975
marco@civilrightscorps.org

—and—

*/s/ Michael-John Voss*
Michael-John Voss (MBE #61742MO)
Blake A. Strode (MBE # 68422MO)
Sima Atri (MBE #70489MO)
Jack Waldron (MBE #70401MO)
ArchCity Defenders
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489

—and—

*/s/ John J. Ammann*
John J. Ammann (MBE #34308)
Brendan Roediger (E.D.Mo. Bar No. IL6287213)
Saint Louis University School of Law
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930
314-977-2778

*Attorneys for Plaintiffs*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 26th day of March 2019, to all counsel of record.

/s/ *Alice Tsier*