UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEILEE FANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-00253-AGF |
| | ) | |
| THE CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs in this putative class action claim that they have been jailed by Defendant, the City of Ferguson (the "City"), on numerous occasions because they were unable to pay cash bonds or other debts resulting from their traffic and other minor offenses. Plaintiffs allege that, in violation of the United States Constitution and as a matter of the City's policies and practices, they were not afforded counsel, any inquiry into their ability to pay, or a neutral finding of probable cause in a prompt manner; and they were held in jail indefinitely, in overcrowded and unsanitary conditions, until they or their friends or family members could make a monetary payment sufficient to satisfy the City, as part of a broad, revenue-generating scheme. Plaintiffs' amended complaint asserts seven claims pursuant to 42 U.S.C. § 1983, under the Fourth, Sixth, and Fourteenth Amendments. They seek compensatory damages as well as declaratory and injunctive relief.

The City moves to dismiss, for failure to join a party under Federal Rule of Civil Procedure 19, all claims in Plaintiffs' first amended complaint except the claim relating

to conditions of confinement (Count IV).  This is the fourth motion to dismiss filed by the City in this now four-year-old case.  This motion asserts arguments similar to those raised in prior motions but reframes them in terms of Rule 19.  In short, the City argues that Plaintiffs' constitutional challenges are directed solely to the conduct of the Ferguson Municipal Court (the "municipal court"), which the City argues is a separate entity, and that the municipal court is therefore required to be joined as a co-defendant under Rule 19(a).  But the City argues that joinder is not feasible because the municipal court is an arm of the state under Missouri law and, as such, entitled to sovereign immunity.  The City contends that because there is a potential for injury to the interests of the municipal court and because the municipal court is immune from suit, dismissal of the claims at issue is required under Rule 19(b).  For the reasons set forth below, the Court will deny the City's motion.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19.  Rule 19, in turn, sets forth a two-part inquiry.  First, the Court must determine whether the absent person's presence is "required."  Fed. R. Civ. P. 19(a)(1).  Joinder is required when:

> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i)  as a practical matter impair or impede the person's ability to protect the interest; or

> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"[T]he focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Tr. Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019) (citation omitted). When joinder is not required under Rule 19(a), "the inquiry is at an end, and the motion to dismiss for failure to join the party in question must be denied." *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

If joinder is required but not feasible, the Court must proceed to the second step and "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering several enumerated factors. Fed. R. Civ. P. 19(b). Factors to consider include (1) the extent to which a judgment in the required person's absence might prejudice that person or the existing parties; (2) the extent to which such prejudice could be lessened or avoided by protective provisions or otherwise shaping the relief to be granted; (3) the adequacy of a judgment rendered in the person's absence; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). In analyzing these factors in the context of a claim of sovereign immunity, the Court must give sufficient weight to the sovereign status of the absent person, which "in some instances, [will mean] that the plaintiffs will be left without a forum for definitive resolution of their claims." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 872 (2008).

The Rule 19 inquiry is a "highly-practical, fact-based endeavor," and courts are "generally reluctant to grant motions to dismiss of this type." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015). "A decision under Rule 19 *not* to decide a case otherwise properly before the court is a power to be exercised only in rare instances." *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (emphasis in original) (citation omitted).

The Court concludes that the municipal court (perhaps more properly referenced as the municipal division) is not a required party under Rule 19(a). Rule 19(a)(1)(A)'s condition that a court be able to accord complete relief "does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990) (internal citations omitted). Here, the Court is able to accord meaningful relief to Plaintiffs without joinder of the municipal court. Plaintiffs seek money damages from the City, a declaration that the City violated their constitutional rights, and an injunction enjoining the City from enacting and enforcing its allegedly unlawful policies and customs. The Court may provide such relief to the extent that Plaintiffs' claims prove to be viable and meritorious. The City's argument that the municipal court, and not the City, caused the alleged constitutional violations may be a reason to deny relief on Plaintiffs' claims,[1] but it does not support a

---

[1] Plaintiffs' claims arise out of arrests dating back to 2010. Although the City cites to Missouri Supreme Court Rule 37.04, governing supervision of courts hearing ordinance violations, in support of its argument, the current version of that Rule was not adopted until 2016. The 2016 amendment required, for the first time, that municipal courts operate in substantial compliance with certain minimum operating standards, which were not made effective until July 1, 2017. *See* Mo. S. Ct. R. 37.04 & 37.04 app. A (amended Sept. 20, 2016, eff. July 1, 2017). Moreover, although the City argues that

finding under Rule 19(a)(1) that joinder of the municipal court is required. *See, e.g.*, *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) ("Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states [the plaintiffs'] claims . . . are not the issues under Rule 19(a)(1).").

Likewise, under Rule 19(a)(1)(B), even assuming that the municipal court has an interest relating to the subject of the action, disposition of the action in the municipal court's absence will not as a practical matter impair or impede the municipal court's ability to protect its interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In support of its argument to the contrary, the City relies primarily on the Eighth Circuit's opinion in *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). In that case, the plaintiffs claimed that the named defendants induced an absent sovereign, the United States, to breach its fiduciary duty by approving leases for interests in land held in trust. *Id.* at 792-93. In other words, in order to prevail on their claims against the named defendants, the plaintiffs were required to prove that the absent sovereign acted illegally. *Id.* at 796. A judgment entered in the sovereign's absence would thus "potentially cloud the validity of many of the land grants approved by the government." *Id.* For this reason, the Eighth Circuit found that the United States' ability to protect its interest would be impaired or impeded by its absence from the litigation. *Id.* at 797.

---

Plaintiffs' allegations concern solely municipal court functions, Plaintiffs also allege, for example, that the City's chief of police negotiated cash payments from Plaintiffs directly in exchange for their release from jail, without the involvement of the municipal court. *E.g.*, ECF No. 53 ¶¶ 29-30.

5

By contrast, here, none of Plaintiffs' claims requires a showing that the municipal court acted illegally. Rather, for Plaintiffs to succeed on their claims, they must demonstrate that the City acted unlawfully.[2] *See Fochtman v. Darp, Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *6–7 (W.D. Ark. June 27, 2018) (distinguishing *Two Shields* on this ground and holding that an absent sovereign's more remote interest in the outcome of a case was insufficient to require joinder).

Nor would the municipal court's absence subject the City to a substantial risk of incurring double or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The City's own argument supports such a holding. The City asserts that, as a matter of law, it cannot be held liable for the municipal court's conduct. If the City is correct, and if the actions complained of were caused by the municipal court, then as explained above, Plaintiffs' claims may fail on the merits. But resolution of these issues does not require the municipal court's joinder. *See Gwartz*, 23 F.3d at 1430. Because the municipal court is not a required party under Rule 19(a), the Court need not address whether dismissal is required under Rule 19(b). The City's motion must be denied. In light of the extensive briefing submitted on these issues, oral argument is unnecessary.

---

[2]   The other cases relied upon by the City are even more readily distinguishable. *Pimentel* was an interpleader action in which the parties *conceded* that the absent sovereign claiming an interest in the assets at issue was a required party under Rule 19(a). 553 U.S. at 864. And *Ray v. Judicial Corrections Services, Inc.*, No. 2:12-CV-02819-RDP, 2017 WL 660842 (N.D. Ala. Feb. 17, 2017) and *McMillian v. Johnson*, No. CV-93-A-699-N, 1994 WL 904652 (M.D. Ala. Feb. 18, 1994), were not Rule 19 cases at all but involved motions for summary judgment and to dismiss for failure to state a claim, respectively, which are more appropriate vehicles for resolving merits arguments like the ones the City raises.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts I through III and V through VII, and motion for a hearing, are both **DENIED**. ECF Nos. 223 & 226.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2019.