UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEILEE FANT, et al.,         )
         )
        Plaintiffs,         )
         )
        vs.         )        No. 4:15-CV-00253-AGF
         )
THE CITY OF FERGUSON,         )
         )
        Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 251) to compel the production of documents from Defendant the City of Ferguson (the "City"). The motion and related briefs and exhibits were filed under seal pursuant to the parties' stipulated protective order. Plaintiffs have also filed a motion (ECF No. 263) to unseal these documents. The City opposes both motions. For the reasons set forth below, the Court will grant in part and deny in part the motion to compel and grant the motion to unseal.

## BACKGROUND

Plaintiffs filed this action on February 8, 2015. In it, Plaintiffs allege that, by its policies and practices, the City caused them to be jailed because of their inability to pay cash bonds or other debts resulting from traffic and other minor offenses. Plaintiffs' amended complaint asserts seven claims pursuant to 42 U.S.C. § 1983, under the Fourth, Sixth, and Fourteenth Amendments.

On September 30, 2015, the parties filed a joint motion (ECF No. 29) for entry of a stipulated protective order, pursuant to Federal Rule of Civil Procedure 26(c), which

would allow the City to designate certain documents produced in discovery as confidential. Paragraph seven of the stipulated protective order permitted Plaintiffs to challenge the City's designation at any time by sending written notice to the City's counsel specifying the document in question; if the parties could not agree regarding the confidential status of the document, the City was required to file a motion to preserve protected status within 45 days after receipt of the written notice, and the documents were to remain protected until further order of the Court pursuant to a hearing. ECF No. 29-1 ¶ 7. The Court entered the stipulated protective order on October 2, 2015 (ECF No. 30).

Thereafter, on December 19, 2016, the City filed a consent motion (ECF No. 89) to modify the protective order, in order to allow the City to produce "several thousand emails . . . in electronic email format" in the most efficient matter. Specifically, the City requested, with Plaintiffs' consent, a modification permitting the City to designate "all forthcoming production of email correspondence belonging to City of Ferguson employees as confidential," but allowing Plaintiffs to "challenge the designation of information as confidential," as provided in paragraph seven of the original protective order. *Id.* The Court granted the consent motion for modification on December 19, 2016. ECF No. 91.

Since its filing in 2015, this case has proceeded haltingly due to several stays. The most recent stay was lifted on January 10, 2019, after the City's interlocutory appeal was dismissed by the United States Court of Appeals for the Eighth Circuit.[1] ECF No.

---

[1] On August 29, 2019, the City filed yet another motion for a stay (ECF No. 268), pending yet another interlocutory appeal.

206.   Upon lifting of the most recent stay, the Court held a scheduling conference at which the parties discussed their lack of progress with respect to discovery.   Thereafter, on February 7, 2019, the Court entered an Amended Case Management Order giving the parties two weeks to attempt to reach agreement regarding the search protocol and format of production of the City's electronically stored information, and four weeks to begin production of such discovery.   ECF No. 221.   On July 8, 2019, the parties jointly moved to amend the CMO again, describing their progress with respect to discovery and noting that they still had outstanding discovery disputes, and accordingly seeking to extend the close of fact discovery until October 31, 2019.   ECF No. 245.   The Court granted the parties' motion.   ECF No. 246.

Plaintiffs now move to compel the production of two categories of documents from the City: (1) documents and communications exhibiting racial bias, including documents containing certain "racist search terms" identified by Plaintiffs, and (2) documents containing "non-racist disputed search terms" related to traffic violations and enforcement.   Plaintiffs argue that both categories of documents are highly relevant to their claims.

In response, the City argues that the first category of documents is irrelevant to this case because Plaintiffs do not assert any race-based discrimination claim.   The City does not dispute the relevance of the second category of documents, and the City has now agreed to produce such documents, except with respect to a single search term: "(St. Ann OR St. Louis) /s (book OR arrest OR transfer OR hold)" (hereinafter, the "St. Ann" search term).

In reply, Plaintiffs maintain that the racist search terms are relevant to their claims, particularly as to the City's liability for deliberate indifference to the alleged constitutional violations, because "racism both correlates with indifference and serves as a 'marker' or 'clue' that the same email or another one in the 'email chain' contains evidence of indifference to Plaintiffs['] rights." ECF No. 262 at 4. As an example, Plaintiffs cite to an email from the City's mayor stating that he did not want the City to be seen as a "ghetto." Plaintiffs suggest that such emails help evidence the City's motivations in implementing the challenged policies and practices. Regarding the non-racist disputed search terms, Plaintiffs withdraw their motion to compel these documents, except with respect to the St. Ann search term.

Plaintiffs also move to unseal their motion to compel, and the related briefs and exhibits. Plaintiffs admittedly have not complied with the procedures set forth in paragraph seven of the stipulated protective order, for challenging the City's designation of particular documents as confidential. However, Plaintiffs argue that the motion to compel and related documents are subject to the common law right of public access to judicial documents. Moreover, Plaintiffs contend that the City has not shown good cause to conceal the documents from public view, particularly because many of the documents were already made public in a United States Department of Justice report on the City in 2015, and in media coverage of that report.

The City opposes the motion to unseal. The City argues that the common law right of access does not apply to discovery motions, and that Plaintiffs voluntarily entered into the protective order and should be held to its terms. The City also argues that

unsealing the motion and accompanying exhibits would "unfairly inflam[e] the public against [the City]" and could unduly prejudice the jury pool in another § 1983 case that the City is scheduled to try in this District, *Fred Watson v. Eddie Boyd III and City of Ferguson*, Case No. 4:14-cv-02187-RLW (E.D. Mo.). The *Watson* trial was originally scheduled for September 16, 2019, but, as Plaintiffs note, that trial setting has now been vacated and a new trial date has not been set. Case No. 4:14-cv-02187-RLW, ECF No. 156 (docket text order entered Aug. 20, 2019).

## DISCUSSION

### Motion to Compel

Upon careful consideration of the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26(b), the Court will largely deny Plaintiffs' motion to compel. With respect to the alleged racist search terms, the Court agrees with the City that most of the search terms are minimally, if at all, relevant to Plaintiffs' claims, which assert wealth-based rather than race-based discrimination. An exception, however, is the search term "ghetto," which by definition encompasses economic status. *See, e.g.,* Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/ghetto (last visited September 3, 2019). It is unsurprising that Plaintiffs highlight the results of that search term in their briefs. Plaintiffs have not identified other racist search terms that necessarily encompass economic status. Therefore, the Court will deny Plaintiffs' motion as to the racist search terms, except for documents containing any variation of the search term "ghetto."

5

With respect to the non-racist disputed search terms, the Court will grant

Plaintiffs' motion to compel the documents containing the St. Ann search term.   The

City has not explained the basis for its objection to this term, and the Court agrees with

Plaintiffs that the term is relevant in light of Plaintiffs' assertion that the City housed

some arrestees in the St. Ann jail.   The Court will otherwise deny this part of Plaintiffs'

motion, in light of Plaintiffs' withdrawal of the same.

## Motion to Unseal

Although the Court will largely deny the motion to compel, it will grant Plaintiffs'

motion to unseal because the City has failed to demonstrate good cause for sealing the

particular documents at issue.   There is authority for the City's position that the

discovery motion and accompanying exhibits here are not "judicial documents" to which

the common law presumption of public access attaches.   *See e.g.*, *IDT Corp. v. eBay*,

709 F.3d 1220, 1223 (8th Cir. 2013) (noting with respect to the common-law right of

access to judicial records that the "modern trend in federal cases [is] to treat pleadings in

civil litigation (*other than discovery motions and accompanying exhibits*) as

presumptively public, even when the case is pending before judgment") (emphasis

added); *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 435 (3d Cir. 2016)

(recognizing that "the longstanding limitation on the public's access to discovery

materials [may limit] the common law right of access, even when discovery motions and

their supporting documents are filed with the court").

But the Court need not decide the issue because, even if the common law right of

access does not apply, Federal Rule of Civil Procedure 26(c)'s good-cause requirement

6

does.  *See* Fed. R. Civ. P. 26(c); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13-14

(1st Cir. 1986) (declining to extend the common law presumption of access to documents

submitted to the court for use in deciding discovery motions but still requiring a showing

of "good cause" under Rule 26(c) to deny public access to such documents); *Krueger v.

Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *11 (D.

Minn. Oct. 14, 2014) (holding that, even if disputed documents are not judicial records,

the party opposing unsealing must establish good cause under Rule 26(c) to maintain

confidentiality).

To establish good cause, the City cannot rely solely on the stipulated protective

order entered in this case.  It has become common practice for district courts to enter

broad, stipulated protective orders without strict compliance with Rule 26(c).  *See, e.g.*,

*In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929–30 (6th Cir. 2019); *Kamakana

v. City & Cty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006); *Citizens First Nat'l

Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999) (all noting

the practice).  Indeed, such orders often promote expeditious processing of civil

litigation.  But when challenged, the burden remains with the party seeking to maintain

protection under a stipulated order to demonstrate good cause.  *See, e.g.*, *In re Nat'l

Prescription Opiate Litig.*, 927 F.3d at 930.  Notwithstanding the existence of a

stipulated protective order, "[t]he judge is the primary representative of the public interest

in the judicial process and is duty-bound therefore to review any request to seal the

record (or part of it)."  *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945.

Plaintiffs' failure to comply with the parties' agreed-upon terms for challenging the

City's confidentiality designations is troubling.   But the City has not focused on this as a basis for denying the motion.   And, in any event, it cannot substitute for a finding of good cause.

Here, the Court granted the parties' motions for entry of the stipulated protective order and for modification of the same on the understanding that the parties believed their agreed procedures would expedite the exchange of discovery in this case.   But in light of Plaintiffs' request to unseal, the City is now put to the task of showing good cause to maintain confidentiality.   The City has not made this showing with respect to the particular documents at issue.   The City does not contend that these documents are privileged.   And, although the City contends that the documents will bring the City negative attention, "[a] claim that public disclosure of information will be harmful to a defendant's reputation is not 'good cause' for a protective order."   *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 301 (N.D. Ill. 1993).   This is particularly true here, where many of the documents at issue have already been made public.   The City's only other proffered cause, regarding potential prejudice in the upcoming *Watson* trial, carries little weight now that the trial setting has been vacated.   The Court will therefore grant Plaintiffs' motion to unseal.

## CONCLUSION

The Court cautions that its ruling with respect to unsealing applies only to the particular documents at issue in Plaintiffs' motion to unseal.   Further, although the Court will grant Plaintiffs' motion to unseal, it strongly cautions Plaintiffs, going forward, against filing any discovery materials in the court record unnecessarily or simply in the

hope of obtaining public disclosure. Finally, as indicated above, the pace of discovery in this protracted litigation has been painfully slow. Fact discovery is currently set to close in less than two months. The Court strongly urges the parties to use that time to work in good faith to focus discovery on the issues necessary to resolve this litigation.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 251. Within **14 days** of the date of this Memorandum and Order, Defendant shall produce documents responsive to Plaintiffs' requests with respect to the search terms "ghetto" and "(St. Ann OR St. Louis) /s (book OR arrest OR transfer OR hold)."

**IT IS FURTHER ORDERED** that Plaintiffs' motion to unseal is **GRANTED**. ECF No. 263. The Clerk of Court shall unseal ECF Nos. 248, 249, 258 & 262, and all exhibits thereto.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2019.