UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2707 AGF |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs in this putative class action claim that they have been jailed by Defendant, the City of Ferguson (the "City"), on numerous occasions because they were unable to pay cash bonds or other debts resulting from their traffic and other minor offenses. Plaintiffs allege that, in violation of the United States Constitution and as a matter of the City's policies and practices, they were not afforded counsel, any inquiry into their ability to pay, or a neutral finding of probable cause in a prompt manner; and they were held in jail indefinitely, in overcrowded and unsanitary conditions, until they or their friends or family members could make a monetary payment sufficient to satisfy the City, as part of a broad, revenue-generating scheme. Plaintiffs' amended complaint asserts seven claims pursuant to 42 U.S.C. § 1983, under the Fourth, Sixth, and Fourteenth Amendments. They seek compensatory damages as well as declaratory and injunctive relief.

The matter is now before the Court on Plaintiffs' Motion (ECF No. 387) to Compel Defendant to Comply with the Court's July 22, 2020 Order (ECF No. 342). The

Court issued the July 22, 2020 Order following a hearing on Plaintiffs' prior motion to compel the production of documents from the City.  For the reasons discussed during that hearing, the Court held that the parties should promptly meet and confer regarding the extent to which certain categories of documents had already been produced and, to the extent not produced, the City should produce those documents within 30 days of the Court's Order.  *See* ECF No. 342.

Plaintiffs now claim that, although the City produced many documents of the type referenced in the Court's Order, there were gaps in that production.  Plaintiffs' motion outlines those gaps.  In response, the City argues that City staff, under the supervision of counsel, has searched for and produced all responsive documents in its custody and that, if documents were not produced it is because they either never existed or no longer exist because they were not retained.  Plaintiffs argue that they have reason to believe that the missing documents do exist and would likely have been found if the City performed a reasonable search.

For example, one of the categories of documents referenced in Plaintiffs' prior motion to compel and in the Court's July 22, 2020 Order was "draft and final City budgets from 2005 through 2018," which Plaintiffs alleged were necessary to compare in order to support its theory regarding the City's revenue-generating scheme.  *See* ECF No. 342 at 2, ECF No. 345 at 32-33.  At the hearing on the prior motion to compel, in response to Court's questioning as to whether such documents were unduly burdensome to produce, the City responded: "to the extent that we have them, we'll produce them."  ECF No. 345 at 38-39.  The City thereafter produced such documents except that the City

did not produce "draft budgets" for the years 2005 through 2012.  The City informed Plaintiffs that City staff had searched all known stores of City data for such information, both physical and electronic, and were unable to locate any further responsive documents. Plaintiffs argue that the City has in fact produced "budget worksheets" for certain years, and as such, Plaintiffs believe that budget worksheets exist for all of the years in question and that such worksheets could be found through a reasonable search.

As another example, Plaintiffs' prior motion to compel and the Court's July 22, 2020 Order referenced "the Finance Director's reports to the City Council and the Ferguson Police Department ('FPD') 'self-initiated activity reports' referenced in the March 4, 2015 [Department of Justice] Report."  ECF No. 342 at 2.  Plaintiffs assert that the City has not produced any "self-initiated activity reports," which Plaintiffs believes, based on the reference to such reports in the DOJ report, are documents that "capture a City police officer's productivity."  ECF No. 401 at 13 (citing DOJ report).   The City argues that it is not aware of any report titled "self-initiated activity report."  However, it has produced other documents, such as police performance reports, that mention evaluation was based on officers' "self-initiated field activity."  *See, e.g.*, ECF No. 402-6.

As a result of these alleged production deficiencies and others described in Plaintiffs' motion, Plaintiffs request that the Court order the City to (1) identify the employee email inboxes, electronic folders (including file path locations), and hard copy locations that may store the missing document; (2) identify which of those locations the City searched, and whether the City used any search terms for electronic documents and, if so, which search terms were used for each category; and (3) have the City's counsel

3

review all documents in the locations that may contain documents that fall within the identified categories and produce any responsive documents. *See* ECF No. 388 at 14. The City argues that it has provided sufficient information regarding its search efforts and that further disclosure is unnecessary and would intrude on privileged communications and work product.

Upon careful consideration of the parties' arguments, in light of the proportionality concerns set forth in Rule 26 and the standards for compelling disclosure under Rule 37 of the Federal Rules of Civil Procedure, the Court will deny Plaintiffs' motion. Plaintiffs have offered insufficient argument or evidence supporting their belief that relevant documents exist that the City has withheld or otherwise not produced.[1]

For most categories of documents, Plaintiffs simply assert that because the City produced similar types of documents for certain years or months, such documents must exist for every year or month. Likewise, Plaintiffs assert that references to certain types of documents in the DOJ's report, such as "self-initiated activity reports," means that such documents must exist and be in the City's custody. But the City has repeatedly informed Plaintiffs that this is not the case. Based on the City's detailed responses,

---

[1] For one category of documents, citizen complaints about the Ferguson Police Department, Plaintiffs have pointed to emails referencing particular citizen complaints as proof that the complaints exist but were not produced. Were those particular citizen complaints relevant to Plaintiffs' legal claims, Plaintiffs' argument would carry some weight. But the record before the Court suggests that the citizen complaints referenced in the emails primarily relate to complaints of excessive force by police officers. *See, e.g.*, ECF No. 389-7, Pl.'s Ex. G, at 6-7. Plaintiffs' lawsuit contains no claims alleging excessive force, and Plaintiffs have not explained why citizen complaints regarding excessive force by police officers are in any way relevant to Plaintiffs' legal claims.

contained in the correspondence exchanged with Plaintiffs a (*e.g.*, ECF No. 389-7, Pl.'s Ex. G) and in the City's opposition brief, the Court concludes that no further explanation of the City's search efforts is warranted.

Although the parties have requested oral argument, based on the extensive briefing submitted on these issues, the Court does not believe that oral argument is necessary. Finally, in light of the particularly contentious and lengthy history of discovery in this case, the Court wishes to remind the parties of both the letter and spirit of Local Rule 3.04 and Federal Rule of Civil Procedure 26, which together urge the parties and their counsel to work cooperatively and in good faith to tailor discovery to the needs of the case and to save their most zealous advocacy for those issues necessary to resolve the merits of the legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **DENIED**.  ECF No. 387.

*[signature]*
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2021.