IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al. | ) <br> ) <br> ) Case No. 4:15-CV-00253 AGF <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE CITY OF FERGUSON, ) <br> ) <br> Defendant. ) <br> ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO
EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JUDGE DOUGLAS BEACH**

**INTRODUCTION**

Defendant City of Ferguson retained former Judge Douglas Beach to serve as an expert in this case. Judge Beach purports to serve as an expert "provid[ing] historical perspective on the Missouri Municipal Court System" and reviewing "relevant testimony and evidence and opin[ing] as to whether the policies, practices, procedures, and customs of the Ferguson Municipal Court comported with the Missouri Statutes and Rules." January 29, 2021 Report of Judge Douglas Beach ("Beach Report"), attached as Exhibit 1,  pp. 1-2.  Judge Beach's Report and testimony should be struck for several reasons. His opinions are irrelevant and unreliable, as they concern state—and not federal—law. More importantly, they are factually incorrect. Further, Judge Beach's opinions are based on a *single* piece of evidence in this case (the testimony of Ferguson's former municipal judge) and are therefore not based on sufficient facts or data.  Finally, Judge Beach's opinions are thinly veiled conclusions about whether the City

1

complied with state law— a matter, if relevant at all, that is reserved for the jury. Ferguson has not met its burden to use Judge Beach as an expert, and his testimony and report should be disallowed.

## **LEGAL STANDARD**

Federal Rule of Evidence 702 governs whether expert testimony is admissible:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and,

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597; *see also United States v. Merrell*, 842 F.3d 577, 582 (8th Cir. 2016) ("In the case of all expert testimony[,] the district court serves as a gatekeeper to ensure that only reliable and relevant expert testimony is presented to a jury."); *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 865 (8th Cir. 2010) ("Expert testimony is admissible if it is reliable and will help the jury understand the evidence or decide a fact in issue.").

When courts apply Rule 702, they consider a number of nonexclusive and non-dispositive factors, including whether the expert's theory has been tested or subjected to peer review, whether the theory is generally accepted, and whether the expert has properly applied the theory to the facts of the case. *See Daubert*, 509 U.S. at 592. But *Daubert*'s factors "are neither exhaustive nor are to be painstakingly applied in all cases involving expert testimony;" rather,

"the Court's inquiry is a flexible one and must be 'tied to the facts of [the] particular case.'" *Mouser v. Caterpillar, Inc.*, No. 4:98-CV7-44-FRB, 2000 WL 35552637, at *7 (E.D. Mo. Oct. 6, 2000) (internal citation omitted).

The Court is vested with broad discretion to determine the usefulness and reliability of expert testimony. *See Jaurequi v. Carter Mfg. Co., Inc.*, 173 F.3d 1076, 1081 (8th Cir. 1999) (noting how "'[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court'" (internal citation omitted)); *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 864–65 (8th Cir. 2017) (affirming district court's disqualification of legal antitrust expert's testimony under Rule 702 concerning "value of the antitrust claims asserted" where such expert did not analyze the underlying lawsuit and thus "could not provide an expert opinion about its value"). But trial judges must also take their "gatekeeping" function seriously in order to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Synergetics*, Inc. v. Hurst*, 477 F.3d 949,955 (8th Cir. 2007) (quoting *Daubert*, 509 U.S. at 589). Finally, the proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir.2001).

**ARGUMENT**

I. **Judge Beach's testimony should be excluded because it is not specialized knowledge that will help the trier of fact to understand the evidence.**

Under *Daubert v. Merrell Dow Pharms., Inc.*, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). As such, trial judges serve "as a gatekeeper to ensure that only reliable and relevant expert testimony is presented to a jury." *United States v. Merrell*, 842 F.3d 577, 582 (8th Cir. 2016); *see also Cole v. Homier Distrib. Co.,* 599 F.3d 856, 865 (8th Cir.

3

2010) ("Expert testimony is admissible if it is reliable and will help the jury understand the evidence or decide a fact in issue.") (internal quotation omitted); *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 646–47 (8th Cir. 2009).

At the outset, Judge Beach's testimony should be excluded because it is irrelevant and will not help the jury to understand the evidence. In order to be admissible, a court must determine whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Pitlyk v. Ethicon, Inc.*, 478 F. Supp. 3d 784, 786 (E.D. Mo. 2020) *quoting Daubert*, 509 U.S. at 597. Judge Beach's testimony is not relevant to the instant lawsuit because his opinions all relate to Missouri state law, not the federal constitutional violations that Plaintiffs suffered and that form the basis for this lawsuit.

At deposition, Judge Beach repeatedly confirmed that his report and testimony only applied to state law, and did not address the constitutionality of the Ferguson practices at issue. *See* Deposition of Judge Douglas Beach, attached as Exhibit 2 ("Beach Depo") p. 206:24-207:4 ("Q: And you agree that the entirety of this opinion is based off of your understanding of Missouri state law and not federal Constitutional law, right? A: I've said before. Q: And that applies here, right? A: Yes."). *See also id.*, p. 98:18-20 ("I read them over looking at the issue of the state statues…") p. 157:21-22 ("[M]y task here is to say were they in compliance with state law, not necessarily federal law.")  However, in the operative complaint, Plaintiffs here assert seven separate claims against the City of Ferguson, each of which is based on U.S. Constitutional law; not a single claim is brought pursuant to Missouri state law. ECF No. 53, ¶¶ 234-247. Despite this, Judge Beach's testimony and report repeatedly refer to whether or not the practices at issue complied with Missouri state law. *See, e.g., id.*, p. 24:3-5 (admitting he was not an expert in constitutional law); p. 108:24-109:2 ("[T]he court, as I understand it, is in compliance with the

state law. And I'm talking state law, not the Constitutional law."); Beach Report, p. 5 ("I have also been asked to summarize specific Missouri Statutes and Rules…"). This Court's orders and the comprehensive briefing at issue in this case have long (and correctly) concerned issues of federal constitutional law. ECF Nos. 19, 79, 173, 261. Judge Beach's testimony is thus irrelevant and would only confuse the jury, who will be considering whether Ferguson violated federal constitutional—and not Missouri state—law.[1]

Furthermore, Judge Beach conceded that he does not possess any specialized knowledge in this area, either in the law or the facts of the customs and practices of the City of Ferguson. At deposition, Judge Beach admitted that "very little" of his work as a lawyer was in municipal courts (Beach Depo, p. 69:6-8) and that 99% of his work as a judge from 2005-2016 was related to family law (*id*., p. 12:1-4). Judge Beach's sole experience with municipal courts came from his supervision of their reforms in the 2016-2017 time period. Judge Beach has never served as an expert (much less been deemed to be an admissible expert) in municipal court issues. *Id*., p. 31:24-32:5. Moreover, Judge Beach agreed that he was not an expert as to the day-to-day functions of the City of Ferguson's court (*id*., p. 75:18-21) or jail (*id*., p. 178:15-19) or police practices (*id*., p. 178:20-21).[2] Simply put, Judge Beach lacks any specialized knowledge that would be beneficial to the trier of fact, and thus he fails to meet the first standard under FRE 702(a).

Judge Beach's inexperience and confusing focus on alleged state law requirements converge in an examination of his attempted analysis regarding Ferguson's absence of probable

---

[1] When asked how he believed his testimony would assist a jury in this case, Judge Beach responded, "I'm speculating as to how I help, and, you know, I can't tell you how I specifically help. I may or may not. Nobody may pay attention to it at all. I don't know." Beach Depo, 74:19-22; *see also id.* p. 75:7-13.
[2] An additional *Daubert* factor that Eighth Circuit courts look at is "whether the expertise was developed for litigation or naturally flowed from the expert's research." *Lauzon*, 270 F.3d at 688. Here, there can be no doubt that the topics at issue are not within Judge Beach's area of "research," but rather that they were pedaveloped for the purposes of this litigation.

5

cause findings for warrantless arrestees. Plaintiffs have alleged that that the City of Ferguson had a custom and practice of holding people on warrantless arrests without a probable cause hearing, in violation of federal law as laid out by *Gerstein v. Pugh*, 420 U.S. 103 (1975) and its successor case, *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Despite the clear allegations of constitutional violations in the Complaint (ECF No. 53, ¶¶ 246-47), Judge Beach's report *solely* addressed this issue as it applied to state law. Beach Report at p. 6, 18-19. Moreover, Judge Beach's report concluded that, for the majority of the relevant time period, the applicable Missouri rules and statutes did not require a probable cause hearing for a warrantless arrest. *See* Beach Report at 6, ¶ 7. At deposition, Judge Beach was unable to explain how this matter related to the federal constitutional issues at play, and he admitted that *Riverside* had no bearing on his analysis. Beach Depo, p. 159:22-160:2.

Moreover, *Judge Beach's entire analysis* regarding probable cause hearings and state law is wrong as a matter of law. Missouri law has long required the issuance of court-issued warrant within 24 hours of a warrantless arrest. RSMo 544.170. Judge Beach's contention is that this law is waived if a bond schedule is in existence. Beach Report, p. 20 ("when a bond schedule was utilized to set bond, Missouri had no express Rule or Statute establishing a time frame for probable cause review.") Under Judge Beach's interpretation of the law, the presence of a bond schedule could justify indefinite detention of warrantless arrestees, with the bond schedule completely absolving the arresting entity of any responsibility to obtain judicially-determined probable cause for the arrest. In deposition, Judge Beach admitted that he had found no law to support his novel contention. *See* Beach Depo, p. 224:14-18 ("Q: And what's your citation for that? A: I don't have one. Q: Did you do any research about this topic? A: I couldn't find anything that would suggest -- say that to me.") Furthermore, Judge Beach admitted that his

6

interpretation of the applicable law was directly contradictory to that of Judge Robert Dierker, the author of the Missouri Practice Guide on this issue. 28 Mo. Prac., Mo. Criminal Practice Handbook § 1:7. ("Effective August 2005, a person arrested without a warrant must be released unless a warrant is issued by a judge within 24 hours of the arrest.") Judge Beach admitted that he did not review Judge Dierker's writings on probable cause when drafting his report (*id.*, p. 225:8-12), nor did he read the underlying case that Judge Dierker cited in support, *In Re:Green*, 593 S.W.2d 518 (*id.*, p. 226:7-11).[3]

Judge Beach's report and testimony on the law surrounding probable cause are not only inapplicable to the facts of this case, but they are also simply wrong. His opinions show that he is unfit to serve as an expert, as he would introduce unnecessary (and simply incorrect) issues of state law. *See Presley,* 553 F.3d at 646–47 (upholding the district court's exclusion of expert testimony because "there [was] simply too great an analytical gap between the data and the opinion proffered").

## II. Judge Beach's testimony should be excluded because it is not based on sufficient facts or data.

Additionally, Judge Beach's testimony is inadequate because it is not based on sufficient facts or data, but rather relies on his knowledge of Ferguson facts based upon the deposition of a single figure: Ferguson municipal Judge Ronald Brockmeyer.

FRE 702(b) requires the expert's testimony to be "based on sufficient facts or data." Courts in this district exclude testimony that is one-sided or ignores wide swaths of the case. *See RightChoice Managed Care*, 2021 WL 3627938, at *2 (finding expert's analysis "ignore[d] a substantial amount of evidence which contradict[ed] her conclusion," which "[wa]s fatal to admitting her opinion on this subject"). Courts also exclude testimony when its conclusions are

---

[3] The transcript of the deposition mistakenly referred to the Judge who authored these Missouri Practice sections as "Judge Dueker," rather than "Judge Dierker."

7

contrary to the facts of the case. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006). *See also Cole v. Homier Distrib. Co.*, 599 F.3d 856, 865–67 (8th Cir. 2010) (affirming exclusion of expert testimony, in part, on grounds that his "report relied on incorrect factual premises," which "indicate[d] … he was either unaware of or disregarded [certain] facts" and thus "c[ould] offer no assistance to the jury"); *US Salt, Inc.v. Broken Arrow, Inc.*, 563 F.3d 687, 691 (8th Cir. 2009) (affirming district court decision to exclude expert testimony where "he relied almost exclusively on . . . speculative estimates [favorable to his conclusion] without any independent verification" and "conducted little if any investigation or analysis of [external] . . . conditions" (citations omitted)); *Neb. Plastics, Inc.*, 408 F.3d at 417 (affirming district court's decision to exclude expert testimony on grounds expert "failed to take into account a plethora of specific facts" relevant to the issue.)

Judge Beach's report claimed that he would "review the relevant testimony and evidence and opine as to whether the policies, practices, and customs of the Ferguson Municipal Court comported with the Missouri Statutes and Rules." Beach Report, p. 5. However, the only "relevant testimony" that Judge Beach reviewed at all was that of a single witness, Judge Ronald Brockmeyer. Judge Beach freely admitted that he based his knowledge of the underlying incidents on Brockmeyer's testimony. Beach Depo, p. 82:5-9 ("Q: So you said one of the things that you were asked to do is you were asked to -- to determine what was happening in Ferguson at the time, right? A: Yeah, I believe I said that, based upon what Judge Brockmeyer said he did.") Judge Beach further admitted that his understanding of the Ferguson practices was *primarily* based upon the deposition of Brockmeyer. Depo, 82:15-19. ("If we're talking about your understanding of what was happening at the time, what is that that knowledge based on? A: Primarily upon Judge Brockmeyer's deposition that you took.") Judge Beach admitted that he

8

did *not* review any transcripts of corrections officers (*id*., p. 111:20-22), the Ferguson municipal prosecutor (*id*., p. 111:23-25), or the court clerks (*id*., p. 112:2-6). Nor did he personally talk to any Ferguson employees (*id*., p. 111:1-4), anyone who had been jailed by Ferguson (*id*., p. 111:5-7) or anyone who had ever been in court before Judge Brockmeyer (*id*., p. 111:8-10). Judge Beach's one-sided reliance on only one deposition, to the exclusion of any other deponent or witness in this case, is disqualifying, and he should not be allowed to opine for the jury on whether the "polices, practices, procedures, and customs" of Ferguson were adequate given the sole source he relies upon for many facts.

Where Judge Beach's report does not blindly accept Brockmeyer's deposition testimony, it actually deviates from it. For instance, Judge Beach's report states, without any citation, that "a substantial percentage of defendants were given time to pay their fine." Beach Report, at 16. When asked at deposition what his citation was for this claim, Judge Beach was unable to point to it. Beach Depo, p. 239. Earlier in the deposition, Judge Beach misrepresents Brockmeyer's testimony when he claims that Brockmeyer's practice was to inquire into the ability to pay each time that he assessed a fine. *Id.*, p 91:3-5 ("My understanding is that if Judge Brockmeyer gave somebody -- or was fining them, that he had a conversation with them about their ability to pay, and if they couldn't pay it, then he would give them time in which to pay it…") In fact, Brockmeyer testified that he *only* inquired into a person's ability to pay if the person affirmatively raised the issue. Deposition of Ronald Brockmeyer, attached as Exhibit 3, p. 267:3-14. Judge Beach's testimony should be excluded not only because it relies wholly on the testimony of a single witness, but also because it actually *misstates* that testimony to the City's advantage.

9

A purported expert's decision to rely solely on a single source of evidence might in some instances just be fodder for cross-examination. However, here it is so egregious as to establish that Judge Beach lacks a sufficient factual basis for his opinions, and thus that they should be excluded. *See Cole v. Homier Distrib. Co.*, 599 F.3d 856, 865–67 (8th Cir. 2010) (affirming exclusion of expert testimony, *inter alia*, on grounds that his "report relied on incorrect factual premises," which "indicate[d] that he was either unaware of or disregarded [certain] facts" and thus "c[ould] offer no assistance to the jury").

Furthermore, Judge Beach's sole reliance upon one person's testimony serves to implicitly serve as an endorsement of Judge Brockmeyer's credibility. Courts in the Eighth Circuit prohibit experts from commenting on the veracity of another witness's testimony. *U.S. v. Whitted*, 11 F.3d 782, 785–86 (8th Cir. 1993) (prohibiting expert from testifying as to the witness's truthfulness); *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 882-83 (8th Cir. 1998) (excluding expert testimony where expert claimed she needed "to interpret and weigh" witness's testimony); *Hale Cty. A & M Trans., LLC v. City of Kansas City*, 998 F. Supp. 2d 838, 846 (W.D. Mo. 2014) (excluding expert testimony on whether expert found witness's story useful to analysis). Here, Judge Beach's sole reliance upon Brockmeyer's testimony will create a dynamic by which Judge Beach implicitly makes credibility findings about Brockmeyer's testimony, as he solely relies upon that testimony to the exclusion of the testimony of Plaintiffs, court staff, or other Ferguson employees.

### III. Judge Beach's testimony should be excluded because it failed to apply reliable principles and methods.

Last, Judge Beach's testimony should be excluded because he employed no consistent methodology and attempted to testify on matters of the law.

An expert "must explain how he or she arrived at his or her conclusions; the trial court may not simply take the expert's word for it." *Miravalle v. One World Techs., Inc.*, No. 4:18 CV 304 JMB, 2021 U.S. Dist. LEXIS 233464, at *16 (E.D. Mo. Dec. 7, 2021) (excluding expert testimony because there was no viable methodology); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 635 (8th Cir. 2007) (affirming exclusion of expert testimony because no methodology was employed).

Judge Beach arrived at his conclusions without doing the sort of legal research that is required of an expert. As described *supra*, at pp. 6-7, Judge Beach concluded without any citation to law that Ferguson's procedures followed state law without any citation to any law at all. *See* Beach Depo, p. 224:14-18 ("Q: And what's your citation for that? A I don't have one. Q: Did you do any research about this topic? A: I couldn't find anything that would suggest -- say that to me.") Furthermore, Judge Beach admitted that not only did he fail to review the applicable Missouri Practice Series on this topic, but that his opinion was the exact opposite of the author, Judge Robert Dierker. This "methodology" bears no resemblance to the thorough legal work necessary to research the topic, and Judge Beach's testimony should be struck for lack of any methodology. *Ahlberg*, 481 F.3d at 635.

Further, Judge Beach's Report repeatedly tries to make findings that, to the extent they are even relevant, are matters of law. Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). *See also United States v. Klaphake*, 64 F.3d 435, 438 (8th Cir. 1995) (nothing that "questions of law are . . . not the subject of expert testimony")

Judge Beach's testimony repeatedly and improperly attempts to make findings of law. The Report offers the following findings:

11

- Opinion 1: "…The City of Ferguson has no authority over the Ferguson Municipal Division or municipal court judges."[4] Beach Report at 5.
- Opinion 2: "To the extent that Missouri law requires or permits an indigency analysis, Missouri law vests such discretion in and imposes such duty upon the municipal judge alone. The municipal judge's sole responsibility to conduct such inquiry [*sic*], not the City of Ferguson." *Id.*
- Opinion 3: "I am not aware of any Missouri Rule or Statute (until just prior to the enactment of Senate Bill 5 ("SB 5")) whereby a defendant would receive an automatic indigency analysis at any stage of any municipal court proceedings…."[5] *Id.* at 6.
- Opinion 7: "Prior to SB 5, there was no provision in Missouri law setting a time frame by which a warrantless arrestee, whose bond had been set pursuant to a Bond Schedule, must receive a probable cause determination by the municipal judge."[6] *Id.*

Each of these opinions is a purported finding of law that is disallowed from an expert. Matters of law are "not the subject of expert testimony." *Klaphake,* 64 F.3d at 438. Certainly, the first of the above arguments has been raised by Ferguson's counsel in this case. *See, e.g.*, ECF No. 3, Def's Mot. to Dismiss, at 1 ("[T]he City has no authority to compel the Court Division or its officers to take any particular actions with regard to the Court Division's inherent powers.") It is *this* Court's job, and not Judge Beach's, to make findings of law at issue in this case. Because Judge Beach's testimony infringes on this Court's duties, his testimony should be struck.

---

[4] This opinion proffered by Judge Beach flies in the face of a claim he made at Duke University just two years, in which he claimed that the court system was integrally connected with the City's desire to raise revenue: "And in Ferguson, the Justice Department literally found an email where the mayor said to the chief of police, 'Our revenues are down. Can you write tickets and get us up by 10 percent?' And his response, in writing, was, 'I think we can do better than that.' *Well, that, of course, applies to the court system — the court system is part of generating that kind of money*." (Emphasis added). Judge Douglas Beach, Fixing Fines and Fees: Toward a Fairer System of Justice (September 5, 2019), (https://judicature.duke.edu/articles/fixing-fees-fines-bail-toward-a-fairer-system-of-justice), attached as Exhibit 4, p. 6.

[5] Besides an attempt at a statement on the law, this opinion is factually incorrect. RSMo 560.026: "In determining the amount and the method of payment of a fine, the court **shall**, insofar as practicable, proportion the fine to the burden that payment will impose in view of the financial resources of an individual. The court shall not sentence an offender to pay a fine in any amount which will prevent him from making restitution or reparation to the victim of the offense." (Emphasis added.)

[6] As discussed *supra*, pp. 5-7, this opinion is also factually incorrect.

The City of Ferguson has not met its burden to establish that Judge Douglas Beach meets the requirements necessary to offer testimony on the issues in this case. Pursuant to FRE 702, his report and testimony should be excluded.

Respectfully submitted,

Dated: April 12, 2022

*Attorneys for Plaintiffs*

WHITE & CASE LLP
Angela Daker (*pro hac vice*)
200 South Biscayne Boulevard,Suite 4900
Miami, FL 33131
Phone: 305-371-2700
Email: adaker@whitecase.com

Cvetiva Popa (*pro hac vice*)
Xin Yue Zhang (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-819-7670
Email: iva.popa@whitecase.com
Email: betty.zhang@whitecase.com

Leonardo Kim (*pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Phone: 213-620-7700
Email: leonardo.kim@whitecase.com

*/s/ John M. Waldron*
ArchCity Defenders
Blake A. Strode (#68422MO)
John M. Waldron (#70401MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
Phone: 855-724-2489
Email: jwaldron@archcitydefenders.org

—and—

Civil Rights Corps
Marco Lopez (*pro hac vice*)
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org

—and—

SLU LAW CLINIC
Brendan Roediger (MBE #6287213IL)
John Ammann (MBE #34308MO)
100 N. Tucker Blvd.
Saint Louis, MO 63101-1930
Phone: 314-977-2778
Email: Brendan.roediger@slu.edu