IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEILEE FANT, et al.

        Plaintiffs,

v.

THE CITY OF FERGUSON,

        Defendant.

Case No. 4:15-CV-00253 AGF

### JOINT PROPOSED CASE MANAGEMENT ORDER

Pursuant to the Court's Order of June 9, 2022, (ECF No. 519) Plaintiffs and Defendant City of Ferguson state as follows:

1. **Proposed Framework for end-dates for 23(b)(3) class periods and mootness arguments:**

    i. The parties agree that Defendant is to produce all relevant evidence in support of its arguments related to mootness by Friday, July 8, 2022.

    ii. Plaintiffs propose that they file a brief of no more than fifteen pages by July 22, 2022, that Defendants respond with a brief of no more than fifteen pages by August 5, 2022, and Plaintiffs reply with a brief of no more than fifteen pages by August 19, 2022. This framework will allow the relevant issues to be raised and responded to so that the issues are properly joined.

    iii. Defendant proposes that the parties file simultaneous briefs on July 22, 2022.

2. **The disposition of Plaintiff John Narayan's claims:** Plaintiffs expect to dismiss the claims of Mr. Narayan within the next two weeks.

3. **Referral to ADR**: The parties agree that mediation would be most beneficial if referred beginning **September 1, 2022,** with a referral window of 60 days.

1

4. **Filing of Dispositive Motions:** The parties agree that any dispositive motions should be filed within **90 days** after this Court's order regarding end-dates and mootness, any response filed **30 days** subsequent, and any reply filed **21 days** thereafter.

5. **Filing of Daubert Motions:** The parties agree that there is no need for further Daubert motions.

6. **Trial**:  The parties agree that the proposed length of trial is **2–3 weeks**.

    i. It is Plaintiffs' position that trial would be appropriate **60 days** after the Court's ruling on summary judgment. Plaintiffs do not believe that an extended pre-trial period is necessary.

    ii. Subject to paragraph 7 (ii) below, it is Defendant's position that trial would be appropriate 120 days after the Court's ruling on summary judgment. Because of the complexity of the case, Defendant expects that there will be substantial issues to be addressed and resolved concerning jury instructions and how the trial will proceed. As such, Defendant suggests that the normal 30-day pretrial period be amended to a 60-day period (whereby the parties' initial pretrial filings be due 60 days prior to trial; the remaining filings be made within the following 20-day period; and the pretrial conference be set a full 30 days prior to trial)

7. Furthermore, the parties believe that proposing a schedule for **class notice** is appropriate at this time. They propose the following timeframe:

    i. The parties agree that they will cooperate to obtain supplemental data, if any, within **45 days** after the Court's ruling on end dates and mootness. (The one exception to this is that Defendant does not agree to take further action to process the paper records referenced in 7 (ii) below.)

        1. If necessary, any updated expert reports should be produced within **30 days** after the production of supplemental data.

        2. The parties shall move the Court for approval of class notice within **30 days** of the production of supplemental data or, if no supplemental data is needed, within 30 days after the Court's ruling on end-dates and mootness.

        3. Class notice should be sent to the Classes within **60 days** of the Court's approval of the class notice.

        4. Class members should be given the opportunity to opt-out within **45 days** of class notice being distributed.

    ii. **Defendant submits** the following with respect to the "Post-Judgment Class" certified by the Court. All parties concede and the Court agreed that the identity of the members of this class are not presently known. The Court certified the class based upon the representation of Plaintiffs' counsel that "class members could be ascertained by review of municipal court records." As the Court is aware, it is the Defendant's position that such review and identification of class members should have been completed by Plaintiffs during discovery, as it was for all other classes. (During discovery, Defendant offered to Plaintiffs the chance to conduct the necessary review of records from which they could have determined the identity of these class members). Defendant continues to adhere to this position and objects to the re-opening of discovery that will be required by the Court's Certification Order (as described further below).

    Defendant's continued objection notwithstanding, Defendant believes that the Court's Certification Order will necessarily require that the members of the "Post-Judgment Class" be identified at some point in the proceedings which, in turn, will require the re-opening of discovery. Defendant believes that such discovery, and identification of the "Post-Judgment Class" members should take place prior to notice being made to the class as a whole. Counsel have discussed the issue and Defendant understands Plaintiffs' position to be that the "Post-Judgment Class" is a subset of the *Bearden* Class and that, therefore, they need not be identified prior to notice to the class as a whole. Defendant recognizes that this is possible, but believes that the orderly administration of the case calls for the "Post-Judgment Class" to be identified before notice is made to the class as a whole. Defendant requests that the Court determine this issue.

    Defendant further believes that if the Court determines that notice may be made to the class as a whole before the "Post-Judgment Class" is identified, the necessary discovery and identification of these class members absolutely must take place well before trial. Defendant requests that the Court build into its Scheduling Order a substantial period of time for Plaintiffs to conduct the necessary record review, identify the "Post-Judgment Class" members, and for Defendant to review and address any concerns with the class identified by Plaintiff. For sake of clarity, Defendant notes to the Court that it believes that identification of this class will require a file-by-file review that will be exceedingly time-consuming. Assuming the Court so requires, Defendant will again make all records to which it has access available for inspection to Plaintiffs. To be clear, however, Defendant firmly maintains that it is **Plaintiffs' burden** to review the appropriate records and identify their proposed "Post-Judgment Class."

      iii.    **Plaintiffs submit** that they are not proposing to re-open discovery; the relevant records have been made available and remain available. Plaintiffs do not believe that class notice requires identification of the Post-Judgment Class members. And to the extent that damages for the Post-Judgment Class would be duplicative of those for the broader *Bearden* Class, the identification of these individuals may not ultimately be necessary.

Respectfully submitted,

| | |
|---|---|
| **WHITE & CASE LLP** | **HELLMICH, HILL & RETTER, LLC** |
| By: */s/ Angela Daker* | By: */s/ William A. Hellmich* |
| Angela Daker (*pro hac vice*) | William A. Hellmich, #31182MO |
| 200 South Biscayne Boulevard, Suite 4900 | 1040 North Clay |
| Miami, FL 33131 | Kirkwood, MO  63122 |
| Phone: 305-371-2700 | Phone: 314-646-1110 |
| Email: adaker@whitecase.com | Email: bill@hellmichhillretter.com |
| | |
| —and— | *Attorneys for the City of Ferguson, MO* |
| | |
| **ARCHCITY DEFENDERS** | **REICHARDT NOCE & YOUNG LLC** |
| | |
| Jack Waldron, #70401MO | By:   */s/ Timothy J. Reichardt* |
| Blake A. Strode, #68422MO | Timothy J. Reichardt, #57684MO |
| Michael-John Voss, #61742MO | 12444 Powerscourt Dr.  Ste. 370 |
| Jacqueline Kutnik-Bauder, #45014MO | St. Louis, MO  63131 |
| 440 N. 4th Street, Suite 390 | Ph:  (314) 789-1199 |
| Saint Louis, MO 63102 | Email:  tjr@reichardtnoce.com |
| Phone: 855-724-2489 | |
| Email: jwaldron@archcitydefenders.org | |

—and—

**CIVIL RIGHTS CORPS**

Marco Lopez (*pro hac vice*)
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org

4