**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEILEE FANT, et al. ) | |
| ) | |
| ) | Case No. 4:15-CV-00253-AGF |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF FERGUSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR EXTENSION OF TIME
TO IDENTIFY POST-JUDGMENT CLASS MEMBERS**

The Court's current scheduling plan directs that, "[n]ot later than **October 3, 2022**, Plaintiffs shall complete review of discovery related to identification and shall identify members of the Post-Judgment Class (a subclass of the *Bearden* Class); and the parties shall further cooperate to obtain any other supplemental Class data." ECF No. 540 at 2. Plaintiffs have manually reviewed a representative sample of the relevant City files and confirmed that the members of the Post-Judgment Class can be identified by reference to objective criteria, and thus that the Class remains ascertainable. *See Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016). As explained below, however, completing a manual review of every potential Class member's paper file promises to be exceedingly costly and time-consuming. In search of a better alternative, Plaintiffs have found another method of identification, set forth below, using electronic data available from the City's data vendor. But they need additional time to determine whether the data is available in the aggregate form necessary to speed up the identification process substantially.

1

Plaintiffs have conferred with counsel for the City on multiple occasions, and the parties agree that, for reasons explained below, a filtered list of all and only Post-Judgment Class members will not be needed prior to the parties' mediation on October 27, 2022 or prior to their proposed Class Notice due on November 2, 2022.  For this reason, and to facilitate the necessary steps detailed below, Plaintiffs respectfully ask the Court to move the October 3, 2022 deadline for identifying Post-Judgment Class members to **December 15, 2022**.  If Plaintiffs have not been able to compile a filtered list of Post-Judgment Class members by that date, they will advise the Court as to why they believe it to be prohibitively costly and/or unnecessary.  Moving the deadline in this way will enable Plaintiffs to determine the most efficient method of identification and ensure that they do not undertake an expensive review unnecessarily.

I.      **Plaintiffs' Sample Review and Two Methods of Identification**

On September 2, 2022, Plaintiffs' counsel sampled the City's paper and electronic court files in order to assess the process for identifying members of the Post-Judgment Class.  Based on that assessment and other information provided in discovery, Plaintiffs have determined two methods of identification—one manual, one electronic.  Either will likely require hundreds of hours of work, but the electronic method may turn out to be substantially faster if the City's data is available in an aggregate form.

A.  **The Manual Method Will Require an Estimated 1,050 Hours**

The manual method requires finding and examining the municipal court file for each person who was jailed in Ferguson pursuant to the payment of a sum of money.  Unfortunately, the court files are stored in three separate buildings in Ferguson, and they have not been digitized.  The court files are necessary because they contain the warrants issued in the underlying cases, which show whether or not fines or costs had been assessed prior to issuance of the warrants.  Members of the

Post-Judgment Class are those who were jailed specifically upon the nonpayment of previously-pleaded-to fines or fees.

Plaintiffs' Counsel estimates that there are approximately 4,000 members of this Class based on extrapolation from the number of named Plaintiffs who belong to the Post-Judgment Class and the total number of class members in the parent *Bearden* Class.  But to assemble a filtered list of all *and only* Post-Judgment Class members, Plaintiffs' counsel would need to examine the municipal court file of each of the approximately 9,000 members of the *Bearden* Class, including the (potentially multiple) warrants in each person's file.  Plaintiffs' Counsel estimates that assessing a single person's paper record through the warrant system would likely take approximately 7 minutes, so that identifying all and only members of the Post-Judgment Class using this method would require approximately 1,050 hours of identification work.

### B.  The Electronic Method May Require Approximately 200 Hours

Alternatively, Plaintiffs' Counsel believe that computer records may enable them to determine electronically, using aggregate data, whether or not an individual is a member of the Post-Judgment Class.  At the inspection on September 2, 2022, counsel for both parties obtained digitized print-outs of an individual *Bearden* Class Member's court file, showing both when the individual pleaded guilty as well as when she was jailed by Ferguson, and thus enabling Plaintiffs to identify her as a person jailed by Ferguson because of her nonpayment in connection with a prior judgment.  In order to locate such individuals at scale, it would be necessary to obtain aggregate court records in digitized form from the City's data vendor, Omnigo.  The requisite data has not yet been produced to Plaintiffs, and based on prior experience, producing it would require several dozen hours of work by Omnigo.  After obtaining the records, Plaintiffs would have to process the data in order to determine which members of the *Bearden* Class are also members of

the Post-Judgment Class.  Specifically, Plaintiffs would need to generate a computer model that determines whether, for each of the 9,000 *Bearden* Class members' Omnigo court files, the listed date for the "plea of guilty" therein occurred before the listed date of incarceration.  If the plea preceded incarceration, then the individual would be a member of the Post-Judgment Class because the person was held at Ferguson specifically upon the nonpayment of a fine owed to Ferguson based upon a prior plea.

If Omnigo can provide the data in aggregate form, Plaintiffs believe that it would be possible to digitally identify each member of the Post-Judgment Class rather than doing so on an individual-by-individual basis. Plaintiffs estimate that this determination would require at least 200 hours of work among Plaintiffs' Counsel and their expert, as well as Omnigo.

Both methods are objective and well-defined.  But they also promise to be costly and time-consuming.  And the cost and duration of the electronic method will depend on the form in which Omnigo can provide the relevant data.  Plaintiffs submit that neither method should be undertaken before it becomes clearly necessary to do so and before the comparative efficiency of the electronic method can be determined.

## II.    Class Notice Will Not Require a Filtered List of All and Only Post-Judgment Class Members

The Court's current scheduling plan directs the parties to file a joint proposed Class Notice by November 2, 2022. *See* ECF No. 540 at 3 ("Not later than **30 days** after the production of supplemental Class data, including identification of the Members of the Post-Judgment Class," which is currently due by October 3, 2022).  The parties agree that they can accomplish Class Notice in accordance with Rule 23 and due process without a filtered list of Post-Judgment Class members.

4

Notice directed to the members of the broader *Bearden* Class, of which the Post-Judgment Class is a subclass, will suffice to satisfy Rule 23 and due process. *See, e.g.*, *Bowerman v. Field Asset Servs., Inc.*, 2015 WL 5569061, at *4 (N.D. Cal. Sept. 21, 2015) ("[T]he best notice practicable under the circumstances was notice to a group that was broader than the class definition but included the complete universe of class members. This was an acceptable and unremarkable method of delivering notice to the class."). It is common—indeed typical—for class notice to inform recipients that they *may* belong to a class or subclass, while informing them of the relevant class definitions. *See, e.g.*, Order Decertifying the Theranos Edison Subclass and Approving Class Notice, *Arizona Theranos, Inc. Litigation*, No. 2:16-cv-2138-DGC (D. Ariz. Feb. 2, 2022), ECF No. 447 (approving proposed class notice); *Frequently Asked Questions*, ARIZ. THERANOS, INC. LITIG. (last visited Sept. 23, 2022), https://www.theranoslawsuit.com/faq ("**Am I part of the Class?** The Court has certified a Class and three Subclasses. If you received the notice directly by mail or email, Theranos's records indicate that you *may* be in the Class and/or one or more of the Subclasses. You are in the Class and/or the Subclasses if you fit within the definition(s) below . . . ." (emphasis added)).

This common practice reflects the fact that an adequate class notice need not guarantee that each recipient is in fact a class member. *See, e.g.*, *Abboud v. Agentra, LLC*, 2021 WL 1380428, at *2 (N.D. Tex. Apr. 12, 2021) (approving class notice to be sent to a list of individuals that "would include every actual class member, enabling sufficient notice under Rule 23(c)," along with some individuals who were not class members, and noting that "[a]fter all, the Federal Rules do not require perfect notice and do not cabin it only to actual class members"); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 629 (N.D. Cal. 2021), *appeal dismissed*, 2021 WL 2660668 (9th Cir. June 22, 2021), *and aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022)

("[U]sing a possibly overbroad class notice list was the right decision in the class's favor and should not be used as a factor that counts against final approval."); *Alberton v. Commonwealth Land Title Ins. Co.*, 2010 WL 1049581, at *4 (E.D. Pa. Mar. 17, 2010) ("Defendant's argument as to the overinclusiveness of the proposed mailing list . . . is without merit. . . . The Notice proposed by Plaintiffs is merely a notice of the pendency of the class action and does not guarantee that an individual receiving a mailed-Notice is entitled to participate.").

This approach will not prejudice anyone's rights to opt out of the Post-Judgment Class.  No one who follows the procedure for opting out of the Post-Judgment Class will be bound by any resolution of the Class's claims, regardless of whether that person is actually in the Class.  That is, it will not be necessary to verify that people who opt-out are actually Class members.[1]

Finally, even if Notice could somehow be marginally improved using a filtered list of Post-Judgment Class members rather than the existing list of *Bearden* Class members (which includes all Post-Judgment Class members), that marginal benefit would be outweighed by the considerable burden imposed by either identification method.  *See, e.g.*, *Barfield v. Sho-Me Power Elec. Coop.*, 2013 U.S. Dist. LEXIS 103997, at *50 (W.D. Mo. July 25, 2013) (holding that, where identifying all potential class members for notice purposes would be "time-consuming and onerous, it is clearly not the best means practicable of providing notice"); *Pollard v. Remington Arms Co., LLC*, 320 F.R.D. 198, 211 (W.D. Mo. 2017) (holding that it is "unreasonable for the parties to obtain

---

[1] Nor would notice of a settlement require a filtered list of Post-Judgment Class members.  Any objectors to a settlement of the claims brought on behalf of the Post-Judgment Class could be screened for membership on an objector-by-objector basis, which would only require examination of the already-produced files or data of anyone who happens to object.  Given recent settlements in similar class actions, Plaintiffs would expect any objectors to constitute a miniscule portion of the Class.

Similarly, a filtered list of Post-Judgment Class members would not be needed to prevent prejudice to the City during claims-administration.  In any conceivable circumstance in which people who claim membership in the Post-Judgment Class after settlement (or trial) would need to have their membership verified in order to prevent undue recovery of damages on Post-Judgment claims, membership in the Post-Judgment Class could be checked on a claimant-by-claimant basis, again without reopening discovery.

third-party records that do not specifically identify class members to compile a list of potential class members' names and contact information," and the Rule 23 requirements to "engage[] in reasonable efforts to identify potential class members" can be satisfied without generating a perfect list of all members).

### III.    Conclusion

For the reasons set forth above, Plaintiffs ask the Court to move the October 3, 2022 deadline for identifying Post-Judgment Class members to __December 15, 2022__, by which time Plaintiffs will either complete the identification process or advise the Court as to why they believe it to be prohibitively costly and/or unnecessary.

Dated: October 3, 2022

Respectfully submitted,

**CIVIL RIGHTS CORPS**

By: */s/ Marco Lopez*
Marco Lopez (*pro hac vice*)
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org

—and—

**WHITE & CASE LLP**

Angela Daker (*pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Phone: 305-371-2700
Email: adaker@whitecase.com

J. Frank Hogue (*pro hac vice*)
701 13th Street NW
Washington, DC 20005
Phone: 202-626-3623
Email: fhogue@whitecase.com

Hafsa S. Mansoor (*pro hac vice*)

1221 Avenue of the Americas
New York, NY 10020
Phone: 212-819-7670
Email: hafsa.mansoor@whitecase.com

—and—

**ARCHCITY DEFENDERS**

John Waldron, #70401MO
Blake A. Strode, #68422MO
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
Phone: 855-724-2489
Email: jwaldron@archcitydefenders.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk of Court and electronically served via CM/ECF upon all parties of record on October 3, 2022.

By: */s/ Marco Lopez*
Marco Lopez