IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEILEE FANT, ET AL.,

PLAINTIFFS,

VS.

CAUSE NO.:  4:15-CV-00253-AGF

THE CITY OF FERGUSON,

DEFENDANT

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S DECISION TO EXCLUDE CERTAIN OPINIONS IN THE EXPERT REPORT OF DR. JUSTIN MARLOWE

The City of Ferguson offers this memorandum in opposition to Plaintiffs' Motion to Reconsider the Court's Decision to Exclude Certain Opinions in the Expert Report of Dr. Justin Marlowe (ECF 544) (hereinafter "Motion").[1]

## ARGUMENT

### I.      Plaintiffs' Motion Is Improper and There is No Basis to Reconsider

The Federal Rules of Civil Procedure do not provide for motions to reconsider, leaving courts to often attempt to construe such motions as seeking relief under Rule 59(e) or 60(b) seeking alteration to or relief from judgment.  See *Perry v. City of St. Louis*, 4:17CV-981 RLW, 2021 WL 5881763, at *1 (E.D. Mo. Dec. 13, 2021) (citing *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) and *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011)).  Rule 60(b) identifies grounds from relief from a final order, but such relief is an extraordinary remedy

---

[1] Plaintiffs have not filed a separate memorandum in support of their motion as required by Local Rule 4.01(A). However, the Motion contains legal argument with citations, and Defendant proceeds assuming that the Court will excuse the formal error.  *Compare to Pearlstone v. Costco Wholesale Corp.*, 4:18CV630 RLW, 2019 WL 764708, at *7 (E.D. Mo. Feb. 21, 2019).

justified only under exceptional circumstances.  *Id*. (citing *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005)).  Such motions cannot be used to introduce evidence or argument that could have been raised in the prior motion and were not.  *Id*. (citing *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019)).  Moreover, motions to reconsider threaten to transform into an "endless chain of motions" extending "*ad infinitium*." *Id*. (citations omitted).  Plaintiffs' improper Motion poses this very threat.

Plaintiffs' Motion does nothing more than repeatedly disagree with this Court's ruling by effectively (a) stating that Marlowe' opinions *do not* do the very things that this Court says that they *do*, and (b) provide string-citations to cases which Plaintiffs' contend support their position that other courts "regularly" do.  Motion *passim*.  The Plaintiffs motion is no more than a "do-over," falling far short of the exceptional circumstances required to justify the extraordinary remedy of reconsideration under Rule 60, which Rule the Plaintiffs do not even invoke.  See generally *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005).  It is within this Court's sound discretion to deny such an improper motion.

## II.    Plaintiffs' Authorities Are Not Supportive and Opinion #2 and Opinion #3 are Properly Excluded

Plaintiffs cite no controlling authority in support of their motion.  Instead, they cite to four distinguishable and inapposite district court cases, none binding or persuasive.  Nevertheless, even should this Court consider such cases, they do not support the Plaintiffs' Motion.

Plaintiffs cite *Dunne v. Res. Converting, LLC*, 4:16 CV 1351 DDN, 2022 WL 2132449 (E.D. Mo. June 14, 2022) as evidence that courts "regularly admit expert testimony that, without opining on intent per se, opines on observable documents, statement, behaviors, data and other factors that could be indicative of intent." Motion p. 2.  This case does not aid the Plaintiffs.  In that (still pending) case, on June 14, 2022, Judge Noce denied a motion to exclude an opinion by an expert

that the defendant "largely ignored or underestimated" certain costs.  *Id.* at *6.  The court reasoned that such opinion was a description of the defendant's conduct and did not include an opinion that such conduct was intentional or deliberate.  *Id.*  The court also concluded that such opinions did not "conclude what defendants' state of mind, motivation, or intent is."  *Id.*

By contrast, Marlowe's Opinion #2 that "the collection of fines and fees were consistent with…a policy of revenue-maximization" and its inextricable companion Opinion #3 that a "public policy of maximizing its revenue . . . was uncoupled from any public safety policies" do not speak to any factual observation about what the City of Ferguson did or did not do, or what data was missing or ignored.  Rather, Marlowe unabashedly takes the next step, firmly into the territory of the jury, extrapolating from the factual data his own conclusion of deliberateness, motivation and intent from the evidence.  The clever characterizations of the City's actions as being "consistent with…a policy" or "uncoupled from any public safety policies" do not disguise their true meaning, *particularly when* the word "policy" is synonymous with "deliberate" or "conscious choices" by policymakers under the law of municipal liability.  See, e.g., *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390 (8th Cir. 2007).  Thus, this Court correctly ruled that these opinions "go beyond fact-based testimony to speculate regarding the City's intent." (ECF 541 p. 21).

The Plaintiffs also inexplicably and misleadingly cite *Kelley v. BMO Harris Bank N.A.*, 19-CV-1756 (WMW), 2022 WL 4547022, at *7 (D. Minn. Sept. 29, 2022), a bankruptcy matter in which the court allowed testimony "to the extent" that it addressed whether employees "*expressed* concerns about fraudulent activity."  *Id.* (emphasis in the original).  In citing this case, the Plaintiffs removed the emphasis from the word "expressed," muting the court's emphasis on the importance of the fact-based, non-speculative nature of the allowed opinion.  *Id.*  Further, the Plaintiffs omit that the court in *Kelley* went on to exclude the same expert's opinions to the effect of, e.g., that

certain documents "*reflect an understanding* that PCI was a legitimate business." *Id.* (emphasis added). The comparison between the excluded opinions in *Kelley* and those of Marlowe is striking, as the former sought to offer his speculation of state of mind concerning what the evidence "reflects," and the latter likewise seeks to offer his speculation of state of mind concerning what the evidence is "consistent with." *Kelley* not only lends Plaintiffs no aid, but further undermines the effort to resurrect Marlowe's impermissibly speculative opinions on state of mind.

Similarly, *United States ex rel. Fesenmaier v. Cameron-Ehlen Group, Inc.*, 13-CV-3003 (WMW/DTS), 2021 WL 101193 (D. Minn. Jan. 12, 2021), does not aid the Plaintiffs. That case involved the admissibility of an expert opinion that physicians did not buy more of Defendants' products after receiving a kickback. *Id.* at *15. The court allowed some testimony, while disallowing other testimony. Observing that an expert may "testify about *observable underlying facts* that could be relevant to determining an individual or entity's intent,"[2] the court concluded that the expert could offer opinions about "changes in physicians' utilization of Defendants' products and whether Defendants targeted physicians that were more likely to generate business" based on an examination of "patterns in physicians' use of Defendants' products before and after the alleged kickbacks occurred to determine whether the alleged kickbacks affected utilization of Defendants' products." *Id.* at *15 and *16. However, the court allowed only that observable, fact-based opinion, and not opinion directly going to intent, such as that offered by Marlowe.

Marlowe's excluded Opinion #2 and Opinion #3 both go well beyond the presentation of fact and observable conclusions such as those set forth in *Fesenmaier*. In ruling as much, this Court aptly noted the difference between proper fact-based opinion and the excluded speculative Marlowe opinions in its Order (ECF 541):

---

[2] (citation omitted, emphasis added)

By contrast, Marlowe may be permitted to offer fact-based testimony that, for example, "[c]ompared to its peers, Ferguson collected much more public safety revenue relative to its public safety spending." See ECF No. 451-1, Marlowe Report at 7.

(ECF 541 p. 21 n. 11).[3]  Such observation is consistent with *Fesenmaier*, and provides no support for the Plaintiffs.

Finally, Plaintiffs cite *In re ResCap Liquidating Tr. Litig.*, 432 F. Supp. 3d 902 (D. Minn. 2020), a case in which the Minnesota District Court acknowledged that the opinion in question "is certainly related to what [a party] may have thought at the time—and therefore treads the line of inadmissible speculation." *Id*. at 930.  The opinion was effectively that the Plaintiff's use of certain language in connection with insurance representations and warranties was inconsistent with its construction of such language in light of the expert's experience and knowledge of industry standardized language that Plaintiff could have used instead.  *Id*. at 931.  In this close call, the court ultimately held that the opinion "on balance" did not "cross the line." *Id*.  at 930.  The court reasoned that the language did not appear to be a speculative opinion of the party's intent, thought or motivation, but an opinion "about what common industry-accepted language RFC could have used." *Id*. at 931.  Thus, the expert's opinion in that case evaluated the consistency of the party's actions with "normal regulations or established procedures in a given field," and *not* with his own speculation of intent, as Marlowe offered.

---

[3] At the close of their Motion, the Plaintiffs confusingly attempt to generate ambiguity in the Court's order by suggesting that this footnote 11 may yet allow Marlowe to opine that Ferguson has a "policy or pursuit of revenue-maximization."  The Defendant staunchly maintains that such is not the case, and that there is nothing ambiguous about the Court's order.  To the extent the Plaintiffs seek clarification of whether the Court "regards the mere reference to a policy or pursuit of revenue-maximization as an impermissible ascription of intent," the Defendant respectfully suggests, in light of this Court's sound ruling and the arguments made by the City in both its motion to exclude Marlowe and this filing, that the answer be in the affirmative.

## CONCLUSION

The Plaintiffs have invoked no procedural or substantive authority justifying a grant of the extraordinary relief that they now seek.  This Court properly excluded clearly inadmissible opinions of Justin Marlowe, and has been given no reason to retreat from its sound decision.

Respectfully submitted,

**HELLMICH, HILL & RETTER, LLC**

*/s/ Blake D. Hill*
Blake D. Hill          #58926MO
William A. Hellmich #31182MO
1049 North Clay Avenue
St. Louis, MO 63122
314-646-1110 – Phone
314-646-1122 – Fax
blake@hellmichhillretter.com
bill@hellmichhillretter.com

**LEWIS RICE LLC**

Ronald A. Norwood, #33841MO
600 Washington Avenue, Suite 2500
St. Louis, MO  63101
(314) 444-7759
(314) 612-7759 (facsimile)
rnorwood@lewisrice.com

**REICHARDT NOCE LLC**

Timothy J. Reichardt, #57684MO
12444 Powerscourt Dr.  Ste. 370
St. Louis, Missouri 63131
314/789-1199 office
314/754-9795 fax
tjr@reichardtnoce.com

6

## C**ERTIFICATE OF** S**ERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 28th day of October, 2022, to all counsel of record.

/s/ *Blake D. Hill*

7