**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEILEE FANT, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE CITY OF FERGUSON, )<br><br>Defendant. ) | Case No. 4:15-CV-00253 AGF |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO
RECONSIDER THE COURT'S DECISION TO EXCLUDE CERTAIN OPINIONS IN
THE EXPERT REPORT OF DR. JUSTIN MARLOWE**

As the City concedes, hearing a motion to reconsider is entirely within the discretion of the Court.[1]  *See K.C. 1986 Ltd. P'ship v. Reade Mfg*., 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment."); *Arnold v. ADT Sec. Servs.*, No. 05-0607-CV-W-GAF, 2009 WL 1086949, at *2 (W.D. Mo. Apr. 22, 2009) ("Ruling on a motion for reconsideration is within the sound discretion of a district court.").  In fact, this Court itself has granted a motion to reconsider in this case.  *See* ECF No. 27 (Memorandum and Order) (granting Plaintiffs' motion for reconsideration of the Court's rulings with respect to Counts Five and Six).

The City does not meaningfully engage with the case law Plaintiffs cite.  While the City attempts to make factual distinctions between *Dunne v. Res. Converting, LLC*, 4:16 CV 1351

---

[1] The City notes that Plaintiffs did not submit a separate memorandum of law in support of the Motion.  As the City also notes, the Motion cites and analyzes case law in support of the Motion despite the fact that the title of the document does not contain "memorandum of law" and the case law is not discussed in a separate document.  Plaintiffs can split the Motion into two documents—a short motion and a supporting memorandum of law—if the Court deems it appropriate or necessary.

DDN, 2022 WL 2132449, at *6 (E.D. Mo. June 14, 2022), *Kelley v. BMO Harris Bank N.A.*, No. 19-CV-1756 (WMW), 2022 WL 4547022, at *7, *10 (D. Minn. Sept. 29, 2022), and Dr. Marlowe's opinions, it does not engage with Plaintiffs' primary arguments.  *See* ECF No. 549 ("Opp.") at 2–4.  In both *Dunne* and *Kelley*, the expert testimony was admitted because it opined on observable documents, statements, behaviors, data, and other factors that could be *indicative* of intent without directly opining on intent—just as Dr. Marlowe does here.  *See also United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-cv-3003, 2021 WL 101193, at *15 (D. Minn. Jan. 12, 2021) (holding that, although experts cannot "*directly* opine[] about Defendants' intent," experts "*can* opine as to underlying facts that may be indicative of Defendants' intent" (emphasis in original)).  However, the City, besides making conclusory statements that Dr. Marlowe offers opinions on intent rather than observable facts and data, does not provide any specific reason for why Dr. Marlowe's analyses of the City's finances crosses the threshold of opining on intent rather than conduct.  *See* Opp. at 4.

The City instead makes a blanket and unsubstantiated statement that any discussion of policy is automatically an attribution of intent—citing no authority for this claim.  *See* Opp. at 3. "Policy" is not a stand in for intent, as the City argues.  Rather, as used by Dr. Marlowe, "policy" stands for the conduct taken by a municipality.  The revenues and expenditures in a budget are the City's formal expression of public policy, and that formalized expression is conduct, not intent. To take an extreme example, an expert audiologist would be permitted to clean up a muffled audio recording of a defendant in a copyright case stating that he intended to copy the harmony of a song—the defendant's own statement of intent is admissible, and the expert is simply deciphering the defendant's own expression of that intent—the expression is conduct. *See, Kelley*, 2022 WL

4547022, at *7 (finding that "to the extent that [the expert accountant] addresses whether [defendant's] employees '*expressed* concerns about fraudulent activity' … his opinions are based on observable behaviors or written statements, not speculation that directly opines about an individual's mental state." (emphasis in original) (citations omitted)).

Dr. Marlowe's opinion never even mentions intent.  Instead, he deciphers the City's formal expression of policy through its revenues and expenditures.  A more analogous example would be an expert accountant interpreting financial statements to determine if it is consistent with following a certain type of accounting method or taking a certain type of tax deduction.  Here, Dr. Marlowe is deciphering the City's budgets and financial documents to assist the jury in understanding the City's formalized expression of public policy.

The City claims that "policy is synonymous with 'deliberate' or 'conscious choices' by policymakers under the law of municipal liability."  Opp. at 3 (citing *Szabla v. City of Brooklyn Park*, *Minnesota*, 486 F.3d 385, 390 (8th Cir. 2007)).  However, *Szabla* did not hold that policy is "synonymous" with intent.  *Szabla* held that, to establish that a municipality's failure to train an employee renders it liable for a "one-time" violation of constitutional rights (as opposed to a pattern of violations), a plaintiff must show that the municipality disregarded an "obvious potential for such a violation," and that to be "obvious" in the relevant sense required the violation to be "clearly established."  *Id.* at 392–94 (excluding internal quotations).  *Szabla* did not hold that the deliberate indifference needed for municipal liability requires the sort of subjective intent on which experts are forbidden to opine.  As the Eighth Circuit has recognized since *Szabla* (following the Supreme Court), the deliberate indifference needed for municipal liability in cases like the present one is *objective*.  *See Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("[A]s applied to a

3

municipality in the Fourteenth Amendment context, 'deliberate indifference' is purely objective: 'liability [may] be premised on obviousness or *constructive notice*.'" (bracket and emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 841 (1994))).  Thus, when *Szabla* reasons that municipal liability for a policy can depend on "deliberate or conscious choice by policymakers," *Szabla*, 486 F.3d at 390, it does not imply that a *Monell* policy requires the sort of subjective intent on which experts are forbidden to opine.[2]  Far from supporting the City's Opposition, the law of municipal liability actually illustrates yet another reason why Dr. Marlowe's discussion of "policy" does not attribute intent to the City.

Because Dr. Marlowe's Opinions #2 and #3 merely assist the jury in understanding the City's formalized expressions of the City's fiscal policies, they do not speculate on the City's motives or intent.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to reconsider its decision to exclude Dr. Marlowe's Opinions #2 and #3.

Dated: November 7, 2022                    Respectfully submitted,

**WHITE & CASE LLP**                    **ARCHCITY DEFENDERS**

By: */s/ Angela Daker*                    Maureen Hanlon, #70990MO
Angela Daker (*pro hac vice*)             Blake A. Strode, #68422MO
200 South Biscayne Boulevard, Suite 4900  John M. Waldron, #70401MO
Miami, FL 33131                           440 N. 4th Street, Suite 390
Phone: 305-371-2700                       Saint Louis, MO 63102
Email: adaker@whitecase.com

---

[2] *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Policymakers' 'continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the *conscious disregard* for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability.'" (emphasis added) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997))).

Ross E. Elfand (*pro hac vice*)
Cvetiva Popa (*pro hac vice*)
Hafsa S. Mansoor (*pro hac vice*)
Kathy Hong (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-819-7670
Email: relfand@whitecase.com


*Attorneys for Plaintiffs*

Phone: 855-724-2489
Email: mhanlon@archcitydefenders.org

—and—

**CIVIL RIGHTS CORPS**

Marco Lopez (*pro hac vice)*
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org