UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00253-AGF |
| ) | |
| CITY OF FERGUSON, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 544) to reconsider the Court's decision to exclude certain opinions in the expert report of Plaintiffs' retained expert regarding the financial management of local governments, Justin Marlowe. Marlowe was retained by Plaintiffs to evaluate the City of Ferguson's fiscal policies in place from 2008 to 2018, including how those policies compare to other similarly sized municipalities in the state; whether the City engaged in a policy of maximizing revenues; how police enforcement and collection of fines and fees affected the City's financial policies; and the City's incentive to continue a policy of revenue maximization after that policy began.

On September 27, 2022, the Court granted in part and denied in part the City's motion to exclude Marlowe's opinions. ECF No. 541. Specifically, the Court agreed with Plaintiffs that much of Marlowe's opinions would help the jury synthesize the voluminous financial data in this case and help put into perspective Plaintiffs' other

evidence and arguments that the City had a policy and practice of using its municipal court and jail as a significant source of revenue.  The Court further concluded that Marlowe is well qualified to offer such testimony by virtue of his education and experience.

However, to the extent that Marlowe went beyond such fact-based testimony in order to opine regarding whether the City's fiscal policies actually motivated its municipal court practices, the Court excluded such testimony as unhelpful inadmissible opinions regarding the City's intent or motive.  The Court identified examples of those parts of Marlowe's report that went beyond fact-based testimony to speculate regarding the City's intent, including certain of the opinions set forth on pages 5 through 7 of Marlowe's report.  These opinions included that: "Ferguson ramped up police enforcement and collection of fines and fees to improve its financial health"; that "Ferguson's collections of fines and fees were consistent with, and in [Marlowe's] opinion reflected, a policy of revenue-maximization"; and that the City's "public policy of maximizing its revenue . . . was uncoupled from any public safety policies."  ECF No. 451-1, Marlowe Report at 5-7.

By contrast, the Court noted that Marlowe may be permitted to offer fact-based testimony that, for example, "[c]ompared to its peers, Ferguson collected much more public safety revenue relative to its public safety spending."  *See* ECF No. 451-1, Marlowe Report at 7.  Thus, the Court held that Marlowe's report and testimony would

be excluded only to the extent that they extend beyond fact-based testimony in order to opine whether the City's fiscal policies actually motivated its municipal court practices, subject to reconsideration if drawing this distinction proves to be impracticable. ECF No. 541 at 25.  In other words, Marlowe would not be permitted to opine as to the City's motivation or intent.

Plaintiffs now seek reconsideration as to two of the opinions cited by the Court as examples of inadmissible opinions:  (1) that "Ferguson's collections of fines and fees were consistent with, and in [Marlowe's] opinion reflected, a policy of revenue-maximization"; and (2) that such collections "reflected Ferguson's public policy of maximizing its revenue—a policy that was uncoupled from any public safety policies." ECF No. 451-1, Marlowe Report at 5-7.  Plaintiffs argue that, rather than speculating on the City's intent, these opinions are based on observable facts merely indicative of intent.  The City opposes Plaintiffs' motion.

## DISCUSSION

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims[.]"). District courts have substantial discretion in ruling on motions for reconsideration.

However, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Plaintiffs have failed to demonstrate that reconsideration is warranted here. The Court gave careful consideration to the arguments that Plaintiffs presented in opposition to Defendants' motions to exclude expert testimony, and again now for reconsideration. The Court continues to believe that Marlowe's opinions, as expressly stated, should be excluded in part. However, clarification may assist the parties, as in this context, the line between what is admissible and inadmissible is a narrow one.

The Court agrees with Plaintiffs that there is a distinction between "[e]xpert testimony that *directly* opines about Defendants' intent" and expert testimony that is limited to "observable underlying facts that could be relevant to determining an individual or entity's intent," the latter being generally admissible and the former generally not. *See United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2021 WL 101193, at *15 (D. Minn. Jan. 12, 2021). Expert testimony regarding observable underlying facts "might assist a jury in defining complex or specialized terminology, or drawing inferences that may not be apparent without the benefit of experience or specialized knowledge." *Kelley as Tr. of BMO Litig. Tr. v. BMO Harris Bank N.A.*, No. 19-CV-1756 (WMW), 2022 WL 4547022, at *6 (D. Minn. Sept. 29, 2022) (citation omitted). "The expert may not, however, usurp

the jury's role to draw those inferences." *Id.* (citation omitted).

Marlowe may opine, for example, that the City's conduct was consistent with revenue maximization, or had the effect of maximizing revenue. But his opinions were not so limited. Marlowe stated that in his opinion Ferguson's policies reflected a pursuit by Ferguson of revenue maximization uncoupled from any public safety policies. This goes slightly too far, in implying the intent of the City's policies. In other words, Marlowe did not merely lay the groundwork for the jury to draw an inference; he drew the inference himself. To extent that Marlowe wishes to offer at trial more limited opinion, for example, that the City's fiscal practices were consistent with, or had the effect of, maximizing revenue, and did not appear to correlate to public safety issues, such an opinion may be admissible. But Marlowe cannot take the next step to opine what the City intended.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**. ECF No. 544.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2022.

5