## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KEILEE FANT, et al. | ) |
| | ) |
| Plaintiffs, | ) Case No. 4:15-CV-00253 AGF |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF FERGUSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFFS' STATUS UPDATE REGARDING IDENTIFICATION OF POST-JUDGMENT CLASS MEMBERS AND MOTION AND SUPPORTING MEMORANDUM OF LAW TO EXTEND DEADLINE FOR SAME**

The Court has ordered Plaintiffs "to complete review of discovery related to identification and to identify members of the Post-Judgment Class (a subclass of the *Bearden* Class)" by December 15, 2022.  ECF No. 548 (Order Granting Extension) at 1.  Plaintiffs have since obtained electronic discovery that has enabled them to identify what they believe to be the bulk of the Post-Judgment Class.  As they work with their expert—and, to the extent necessary, with the City and a third-party data vendor—to verify and refine their analysis of this class data, Plaintiffs now ask the Court to move the deadline for identifying Post-Judgment Class members to coincide with the upcoming (but as yet unset) deadline for the submission of updated expert reports, by which date Plaintiffs' data expert will file an updated report incorporating the newly accessed data.[1]

---

[1] In its earlier order, the Court directed the parties to "meet and confer and file any appropriate motion to amend the Case Management Order with respect to other deadlines that were dependent upon the deadline for identification of the Post-Judgment Class members, such as the exchange of supplemental Class data *and/or any updated expert reports* or other information required by Rule 26(a)(2)." ECF No. 548 at 1 (emphasis added).  Plaintiffs propose that updated expert reports be filed by January 17, 2023.  Accounting for holidays and weekends, this appears to be the same date the reports would have been due under the operative CMO if the deadline to identify Post-Judgment Class members remained December 15, 2022.  *See* ECF No. 540 (Amended Case Management Order) at 2 (setting deadline for reports 30 days after deadline for identification).

For the reasons explained below, Plaintiffs submit that their updated expert report will adequately identify the Post-Judgment Class members for purposes of litigating this case through trial under Rule 23 and due process.  At that point, Plaintiffs, who already possess a list containing all Post-Judgment Class members (together with other members of its parent *Bearden* Class) as well as a clear and manageable method of verifying the membership of future claimants, will also possess a list of Post-Judgment Class members identified in the data and, as for every class certified in this case, precise estimates of the size of the Class, the number of qualifying arrests, and the number of jailed hours to which they led.  No stage of this litigation will require more.  Any inquiry into a claimant's class membership that could potentially arise in this litigation can be readily addressed during claims-administration.

Should this Court disagree and conclude that Plaintiffs must compile a filtered list of all and only Post-Judgment Class members prior to trial, Plaintiffs ask, in the alternative, that the deadline for identification be moved to 45 days prior to trial—currently scheduled to commence on April 27, 2023.  This will afford Plaintiffs adequate time to complete any necessary inspection of the paper files whose contents may not have been fully reflected in the database used by the City's data vendor during discovery, in the event such inspection is needed.

I.      **Plaintiffs' Substantial Progress in Identifying Post-Judgment Class Members and the Forthcoming Update to Their Data Expert's Report**

In a previous filing, Plaintiffs set forth an electronic method of identifying Post-Judgment Class members, explaining that it had the potential to quicken the process of identification dramatically if the City's court case data turned out to be available in a suitable form.  ECF No. 542 (Pls.' Mot. for Extension of Time to Identify Post-Judgment Class Members) at 2.  Plaintiffs have since obtained from the City's data vendor, Omnigo, an Excel spreadsheet containing over 650,000 court case records.  These newly accessed records list municipal court case dispositions—

including guilty pleas, continuances for payment of fines and fees, arrest warrants for nonpayment, and arrests on those warrants—that enable Plaintiffs to conduct aggregate searches for members of the Post-Judgment Class (people jailed by Ferguson specifically upon the nonpayment of a fine owed to Ferguson in connection with a prior plea).  *Cf. id.* at 4 (setting forth this method of identification).  Based on their examination, Plaintiffs' counsel estimate that this data identifies at least 3,000 members of the Post-Judgment Class.[2]

This estimate will be refined and verified in the forthcoming update to the report of Plaintiffs' expert, Dr. Stephen Demuth.  Dr. Demuth will perform expert statistical analyses to isolate the respective members of each of the classes certified in this suit.  That will allow him to opine on the number of people in the Post-Judgment Class, as well as on the numbers of people in the other classes.  Between now and the filing of Dr. Demuth's updated report, Plaintiffs' counsel will work with him—and, to the extent necessary, with Omnigo and the City—to ensure that they have identified all Class members in the data.  The present estimate provides a rough floor for the size of the Class.  A more precise number, backed by expert analysis, will appear in the updated report.  In advance of that update, an estimated ceiling on the size of the Post-Judgment Class can be inferred from the estimated size of the Warrant Class, which subsumes the Post-Judgment Class. *See* ECF No. 535 (Order Amending Class Definitions) at 2 (defining these two classes).  Because all members of the Post-Judgment Class were arrested on a warrant issued for nonpayment, they are also, by definition, members of the Warrant Class, which Plaintiffs' counsel presently estimates to contain approximately 7,200 people.

**II.     No Remaining Stage of This Litigation Will Require a Precompiled, Filtered List of All and Only Post-Judgment Class Members**

---

[2] The updated estimate provided by Dr. Demuth, which will be based on all of the data available, may include additional class members, as it will be derived from multiple data sources.  Still, judging by the apparent scope of the newly accessed data and the proportion of the named Plaintiffs' qualifying arrests it *does* contain, Plaintiffs believe it accounts for most Post-Judgment Class members.

Plaintiffs submit that their updated expert report will adequately identify the Post-Judgment Class for purposes of litigating this case through trial under Rule 23 and due process.  Accordingly, they ask the Court to move the deadline for identifying members of the Post-Judgment Class to coincide with that for the updated expert report.  Once Plaintiffs have met that deadline, any further questions concerning class membership will only arise during claims-administration, if at all, at which point they can be readily answered by objective means.

### A.  Class Notice

"The parties agree that they can accomplish Class Notice in accordance with Rule 23 and due process without a filtered list of Post-Judgment Class members."  ECF No. 542 at 4.  As Plaintiffs have explained, *id.* at 5–7, notice directed to the members of the broader *Bearden* Class, of which the Post-Judgment Class is a subclass, will suffice to satisfy Rule 23 and due process. *See, e.g.*, *Bowerman v. Field Asset Servs., Inc.*, 2015 WL 5569061, at *4 (N.D. Cal. Sept. 21, 2015) ("[T]he best notice practicable under the circumstances was notice to a group that was broader than the class definition but included the complete universe of class members.  This was an acceptable and unremarkable method of delivering notice to the class."), *rev'd on other grounds*, 39 F.4th 652, 661 (9th Cir. 2022).  It is common—indeed typical—for class notice to inform recipients that they *may* belong to a class or subclass, while informing them of the relevant class definitions.  *See, e.g.*, *Frequently Asked Questions*, ARIZ. THERANOS, INC. LITIG. (last visited Sept. 23, 2022), https://www.theranoslawsuit.com/faq ("**Am I part of the Class?**  The Court has certified a Class and three Subclasses.  If you received the notice directly by mail or email, Theranos's records indicate that you *may* be in the Class and/or one or more of the Subclasses. You are in the Class and/or the Subclasses if you fit within the definition(s) below . . . ." (emphasis

added) (approved by Order, *Arizona Theranos, Inc. Litigation*, No. 2:16-cv-2138-DGC (D. Ariz. Feb. 2, 2022), ECF No. 447)).

This common practice reflects the fact that class notice need not guarantee that each recipient is in fact a class member to satisfy due process.  *See, e.g.*, *Abboud v. Agentra, LLC*, 2021 WL 1380428, at *2 (N.D. Tex. Apr. 12, 2021) (approving class notice to be sent to a list of individuals that "would include every actual class member, enabling sufficient notice under Rule 23(c)," along with some individuals who were not class members, and noting that "[a]fter all, the Federal Rules do not require perfect notice and do not cabin it only to actual class members"); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 629 (N.D. Cal. 2021), *appeal dismissed*, 2021 WL 2660668 (9th Cir. June 22, 2021), *and aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022) ("[U]sing a possibly overbroad class notice list was the right decision in the class's favor and should not be used as a factor that counts against final approval."); *Alberton v. Commonwealth Land Title Ins. Co.*, 2010 WL 1049581, at *4 (E.D. Pa. Mar. 17, 2010) ("Defendant's argument as to the overinclusiveness of the proposed mailing list . . . is without merit. . . . The Notice proposed by Plaintiffs is merely a notice of the pendency of the class action and does not guarantee that an individual receiving a mailed-Notice is entitled to participate.").

This approach will not prejudice anyone's right to opt out of the Post-Judgment Class.  No one who follows the procedure for opting out of the Post-Judgment Class will be bound by any resolution of the Class's claims, regardless of whether that person is actually in the Class.  That is, it will not be necessary to verify that people who opt-out are actually Class members.

**B. Dispositive Motions**

The City has suggested that Plaintiffs must compile a filtered list of all and only Post-Judgment Class members "well before trial *and dispositive motions*."  ECF No. 543 (Def.'s

Response to Mot. for Extension) at 2 (emphasis added).  But the City has neither cited support for this proposition nor attempted to reconcile it with the authorities Plaintiffs cite below, *infra* Part II.C, which establish that class actions can be *tried* with no such list in hand.

### C.  Trial

The City has asserted that "it is self-evident that the parties must know the size and make-up of the class well before trial because, among other reasons, it likely will impact Defendant's trial strategy."  ECF No. 543 at 2.  But the City has said nothing about how the precise makeup of a class might impact a defendant's trial strategy.  And it has cited no support for the allegedly "self-evident" proposition that the parties must know the precise makeup of a class before trial.

This lack of support is unsurprising given that class actions are routinely tried without such a filtered list of class members already in hand.  *See, e.g.*, *Lyngaas v. Curaden AG*, No. 17-10910, 2019 WL 6210690, at *17 (E.D. Mich. Nov. 21, 2019) (following other courts that "have afforded plaintiffs the opportunity to establish potential class members' identities through a claims administration process" after trial establishing defendant's violation), *judgment entered*, 436 F. Supp. 3d 1019 (E.D. Mich. 2020), *aff'd sub nom. Lyngaas v. Ag*, 992 F.3d 412 (6th Cir. 2021); *Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *5 (M.D.N.C. July 27, 2017) ("[T]he trial already established all of the elements necessary to prove a violation . . . . Whether a claimant is a class member is a question that can be more appropriately, fairly, and efficiently resolved through a claims administration process as authorized by Rule 23."); *Six Mexican Workers v. Arizona Citrus Growers*, 641 F. Supp. 259, 260–61 (D. Ariz. 1986) (finding defendants liable following a bench trial and subsequently authorizing a claims administration process to identify class members), *judgment modified and remanded on other grounds*, 904 F.2d 1301 (9th Cir. 1990).  Indeed, "[t]he drafters of Rule 23[(b)](3) were careful not to require in a

6

final class judgment that all class members be specifically identified.  Rather, *even in classes under*

*Rule 23(b)(3)*, all that is required is that the class be *described* in the final judgment."  *Schaffer v.*

*Litton Loan Servicing, LP*, No. 05-07673 MMM CTX, 2009 WL 9436302, at \*7 (C.D. Cal. Jan.

20, 2009) (quoting 1 NEWBERG ON CLASS ACTIONS § 2.4 (2008)).

### D.  Claims-Administration

Finally, the City has claimed it "must be afforded an opportunity to review and potentially

contest the class members ultimately identified by Plaintiffs."  ECF No. 543 at 2.  But the City has

cited no authority for the proposition that it is entitled to such an opportunity *before* particular

people claim membership in the Class during claims-administration.

And Courts have routinely held otherwise.  *See, e.g.*, *Mullins v. Direct Digital, LLC*, 795

F.3d 654, 670–72 (7th Cir. 2015) ("The due process question is . . . whether the defendant will

receive a fair opportunity to present its defenses when putative class members actually come

forward. . . . As long as the defendant is given the opportunity to challenge each class member's

claim to recovery during the damages phase, the defendant's due process rights are protected."),

*cert. denied sub. nom. Direct Digital, LLC v. Mullins*, 577 U.S. 1138 (2016); *Briseno v. ConAgra*

*Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) ("Defendants will have . . . opportunities to

individually challenge the claims of absent class members if and when they file claims for

damages.  At the claims administration stage, parties have long relied on 'claim administrators,

various auditing processes, sampling for fraud detection, follow-up notices to explain the claims

process, and other techniques tailored by the parties and the court' to validate claims." (quoting

*Mullins*, 795 F.3d at 667)), *cert. denied sub. nom. ConAgra Brands, Inc. v. Briseno*, 138 S. Ct. 313

(2017); *Victorino v. FCA US LLC*, No. 16CV1617-GPC(JLB), 2020 WL 2306609, at \*4 (S.D. Cal.

May 8, 2020) ("Other district courts are in agreement that the determination of class membership

and protecting the defendant's due process rights can be done during the claims administration process." (citing cases)), *reconsideration denied*, No. 16CV1617-GPC(JLB), 2021 WL 662264 (S.D. Cal. Feb. 19, 2021).

These cases make clear that, even when class membership needs verifying during claims-administration, the process begins with a claimant who purports to be in the class; it does not require prior compilation of a perfectly exhaustive list of class members.  This renders the process more manageable.  Here, as elsewhere, membership in the Post-Judgment Class can be verified as necessary on a claimant-by-claimant basis and thus without a pre-compiled list of all and only the Class members.  Should a future claimant not appear on the list of class members identified using electronic data, it may become necessary to make a targeted search of the City's paper court files in order to see whether the given claimant somehow has qualifying arrests that do not appear in the data.  Such a targeted search would be readily manageable because it would be required for only a limited number of people, if any, whose class membership is not already established by the extensive electronic data, and because the City's paper court files are alphabetized within each year, so that a person's name need only be looked up once for each year of the class period.[3]

Moreover, a claimant's membership in the Post-Judgment Class will only need verifying in the event that it makes a difference to their recovery.  Plaintiffs have noted that they do not intend to seek additional damages for the Post-Judgment Class beyond what its members stand to recover as members of the parent *Bearden* Class.  Rather, everyone who recovers on or more claims brought by the *Bearden* Class and its subclasses will receive the same amount of damages

---

[3] Nor would notice of a settlement require a perfect list of Post-Judgment Class members.  Any objectors to a settlement of the claims brought on behalf of the Post-Judgment Class could be screened for membership on an objector-by-objector basis, which would only require examination of the already-produced files or data of anyone who happens to object.  Given recent settlements in similar class actions, Plaintiffs would expect any objectors to constitute a miniscule portion of the Class.

per hour of incarceration.  ECF 565 (Pls.' Suppl. Submission Regarding Proposed Class Notice) at 3–4; *see also* ECF No. 518 (Class Certification Mot. Hr'g Tr.) at 12:9–13:15, 36:11–19 (discussing Plaintiffs' damages model).  Therefore, the only circumstance in which a claimant's recovery amount would differ based upon their membership or non-membership in the Post-Judgment Class—the only circumstance in which their membership in that Class would need verifying—would be that in which (1) Plaintiffs have prevailed on one or more of the claims brought by the Post-Judgment Class (Counts Two, Five, and Six), yet (2) Plaintiffs have *lost* on the claim brought by the parent *Bearden* Class (Count One) and *lost* on the claim brought by the subsuming Warrant Class (Count Three).  In that narrow event, there will be no prejudice to the City, because the hypothetical claimant's membership can be readily verified by the means described above.  And in any other event, the claimant will pose no risk of prejudice to City, because they will already be entitled to the same amount of damages by virtue of their membership in the *Bearden* or Warrant Classes, regardless of whether they also belong to the Post-Judgment Class.

### III.    Conclusion

For the reasons set forth above, Plaintiffs submit that their data expert's updated report will adequately identify the Post-Judgment Class for purposes of litigating this case through trial under Rule 23 and due process.  They respectfully ask the Court to move the deadline for identifying members of the Post-Judgment Class so that it coincides with the to-be-determined deadline for submitting updated expert reports (which Plaintiffs propose to be January 17, 2023).

In the alternative—should the Court conclude that Plaintiffs must produce a filtered list of all and only Post-Judgment Class members before trial—Plaintiffs ask the Court to move the identification deadline to 45 days before trial (April 27, 2023).

Dated: December 15, 2022                              Respectfully submitted,


**CIVIL RIGHTS CORPS**                               **WHITE & CASE LLP**

By: */s/ Marco Lopez*                                Angela Daker (*pro hac vice*)
Marco Lopez (*pro hac vice*)                         200 South Biscayne Boulevard
1601 Connecticut Avenue NW, Suite 800                Suite 4900
Washington, DC 20009                                 Miami, FL 33131
Phone: 202-844-4975                                  Phone: 305-371-2700
Email: marco@civilrightscorps.org                    Email: adaker@whitecase.com


**ARCHCITY DEFENDERS**                               J. Frank Hogue (*pro hac vice*)
                                                     701 13th Street NW
Maureen Hanlon, #70990MO                             Washington, DC 20005
John Waldron, #70401MO                               Phone: 202-626-3623
Blake A. Strode, #68422MO                            Email: fhogue@whitecase.com
440 N. 4th Street, Suite 390
Saint Louis, MO 63102                                Ross E. Elfand (*pro hac vice*)
Phone: 855-724-2489                                  Hafsa S. Mansoor (*pro hac vice*)
Email: mhanlon@archcitydefenders.org                 Luke J. Miller (*pro hac vice*)
                                                     1221 Avenue of the Americas
                                                     New York, NY 10020
                                                     Phone: 212-819-7670
                                                     Email: relfandr@whitecase.com


*Attorneys for Plaintiffs*