IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEILEE FANT, et al.,

    Plaintiffs,

v.

THE CITY OF FERGUSON,

    Defendant.

No. 4:15-CV-00253-AGF

## DECLARATION OF RONALD J. BROCKMEYER

1. I am a licensed practicing attorney with offices in St. Charles, Missouri.

2. I served as the Municipal Judge of the Ferguson Division of the Circuit Court of the 21st Judicial Circuit from 2003 until March 2015.

3. I was appointed to the position of Municipal Judge by the Ferguson City Council and served two-year terms.

4. Besides providing a courtroom, court staff and paying for my services, the City of Ferguson had no control whatsoever over the operation of my court.

5. My operation of the Ferguson Municipal Court was overseen by the Presiding Judge of the 21st Judicial Circuit and ultimately the Missouri Supreme Court. As such, that is who I answered to and who set policy for Court operations and procedure.

6. As Judge, I was solely responsible for the assessment of fines and the process utilized in assessing fines. I never assessed a fine against a defendant who was not personally present in Court or represented by an attorney. If a municipal defendant stated that he/she could not afford the fine, I would review his/her financial condition and life circumstances (e.g. marital status,

children, employment and other means of income, living situation, etc.) and work-out a payment plan that he/she could perform.

7. I was solely responsible for issuing arrest/bench warrants and setting bond for municipal defendants who failed to appear for their court appearance. I would set the bond amount directly on the arrest warrant upon issuance of such warrant. Failure to Appear warrants were generally not issued until a municipal offender failed to appear for at least two court appearances. (A notice of the failure to appear and a new court date would be mailed to the offender after the first missed court appearance). All warrants for failure to appear were issued upon my determination that the municipal offender was apprised of his/her court date and nevertheless failed to appear. Likewise, for warrantless arrests, I set bond by way of a Bond Schedule that I provided to the police department.

8. I did not issue arrest warrants for individuals who failed to make timely payment on their fines. If an individual was unable to make a payment when due, he/she was apprised of a new court date. At that court appearance, I would always allow an individual more time to pay his/her fine if needed. I would only issue an arrest warrant if that individual twice failed to appear for his/her court date (after having been mailed a notice following the first missed court date).

9. I was the only person who could recall an arrest warrant. Neither my clerk nor anyone else was authorized to recall a warrant. If a person subject to warrant appeared in Court, I would almost always recall the warrant.

10. As Judge, I had the authority to lower a bond. However, I also authorized my clerk, as well as supervisors in the police department, to lower bonds. I knew and approved that these individuals would lower bonds on a routine basis.

11. At any time, a municipal defendant (whether incarcerated or not) could file a motion

seeking to have his/her bond reduced or arrest warrant recalled pursuant to the then applicable Supreme Court Rule, and I would hear and rule on that motion.

12. I was solely responsible for determining the length of time that an individual would or could be incarcerated in the Ferguson Municipal Jail if he/she was unable to post bond. In that regard, I established maximum permissible incarceration terms as follows: From some point prior to February 1, 2010 through December 18, 2014, I directed the Police Department to hold jail inmates for a maximum of 72-hours. As per my Order attached hereto, effective December 18, 2014, I rescinded the 72-hour rule and directed that any individual who could not post bond was to be released on his/her own recognizance within 12 hours. I directed Ferguson Police Supervisors to release detainees without posting bond at the conclusion of the maximum incarceration period mentioned above or sooner when it was necessary because of (a) jail overcrowding; (b) medical needs of an inmate; (c) jail staffing issues, or other good reason.

13. If I believed that it was possible that I would sentence someone to a jail term, it was my sole responsibility to appoint counsel to represent that individual. However, with one exception, I never sentenced or even considered sentencing a municipal offender to a jail term. The one exception involved an individual who was being very disruptive in my courtroom, and he was jailed for a short time on a contempt charge. After a short time in jail, the individual apologized and was released.

14. I did not bring incarcerated municipal offenders before me for an initial appearance during their incarceration. Rather, the initial appearance would take place when such individuals appeared for their first court appearance after release.

## VERIFICATION

I declare under penalty of perjury pursuant to 28 USC §1746 that the foregoing is true and correct. Executed on this 22nd day of February 2023.

_____
Ronald J. Brockmeyer

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## 21ST JUDICIAL CIRCUIT

## MUNICIPAL DIVISION – THE CITY OF FERGUSON

### MUNICIPAL COURT OPERATING ORDER

### IN RE: BOND SCHEDULE

**Effective Date: December 18, 2014**

It is hereby ordered that, effective immediately, the City of Ferguson Municipal Court shall have the following bond schedule:

| Charge | Bond |
|---|---|
| ASSAULT | $250.00 |
| ASSAULT OF A LAW ENFORCEMENT OFFICER | $500.00 |
| DRIVING WHILE INTOXICATED | $500.00 |
| DRIVING WHILE REVOKED/SUSPENDED | $250.00 |
| FAILURE TO COMPLY | $100.00 |
| FAILURE TO DISPERSE | $250.00 |
| FLOURISHING A WEAPON | $350.00 |
| LEAVING THE SCENE OF AN ACCIDENT | $300.00 |
| POSSESSION OF DRUGS | $200.00 |
| POSSESSION OF PARAPHERNALIA | $200.00 |
| RECEIVING STOLEN PROPERTY | $100.00 |
| RESISTING ARREST | $300.00 |
| STEALING | $100.00 |
| TRESPASSING | $100.00 |

In cases of other municipal ordinance violations not listed in the above schedule, the defendant shall be released upon his/her own recognizance and provided with a notice to appear in Court.

The Court has the discretion to raise or lower bonds on the Court's own motion, at the request of the City, the defendant, or Defense Counsel on a case-by-case basis as the circumstances warrant.

If a defendant is unable to post bond on the charges listed within this bond schedule within 12 hours, the defendant shall be released on his/her own recognizance.

The prior order of the Court releasing a defendant after seventy-two (72) hours if they are unable to post bond is hereby rescinded.

021156

- 2 -

021157

Any prior orders of the Court establishing a Bond Schedule are hereby rescinded.

Date: 12-18-14

So Ordered:

The Honorable Ronald Brockmeyer
Municipal Judge

cc:  Court Administrator
     Prosecuting Attorney
     City Attorney