IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FERGUSON, MISSOURI<br><br>Defendant. | Case No. 4-15-CV-00253-AGF<br><br>(Class Action) |

### PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SETTLEMENT CLASSES, AND FOR PERMISSION TO DISSEMINATE NOTICE

Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased,[1] Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker, on behalf of themselves and all others similarly situated (the "Class Representatives" or "Plaintiffs") move this Court for an Order preliminarily approving the terms of a proposed class action settlement, attached to the accompanying Memorandum of Law in support of this Motion (the "Memorandum") as Exhibit 1 (the "Settlement Agreement" or "Settlement"); approving the form and method of providing Notice of the Settlement to Eligible Persons; and scheduling a Final Approval Hearing regarding the Settlement. As set out more fully in the Memorandum, Plaintiffs state as follows:

1. Plaintiffs allege that each of them (and the Class Members[2] they represent) are victims of unconstitutional arrest and detention policies and procedures implemented by

---

[1] On November 9, 2023, Counsel for Plaintiff Keilee Fant filed a suggestion of Ms. Fant's death pursuant to Fed. R. Civ. P. 25(a) and moved to substitute Michael Gunn, in his capacity as Personal Representative of her Estate, as a plaintiff in this action.  *See* ECF No. 660.  On November 13, 2023, the Court granted the motion.  ECF No. 661.

[2] All capitalized terms have the same meaning as used in the Settlement Agreement and Memorandum.

Defendant.  Plaintiffs allege, among other things, that the City jailed them for nonpayment without regard for their ability to pay, issued warrants for failure to pay without probable cause that the nonpayment was willful, failed to provide counsel during debt-collection proceedings that led to imprisonment, jailed warrantless arrestees without any prospect of probable cause hearings, and kept arrestees under inhumane jail conditions, in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments.  *See* First Am. Compl., ECF No. 53.

2. Defendant City of Ferguson has denied liability and asserted multiple affirmative defenses.  *See* Answer to First Am. Compl., ECF No. 56.

3. On May 31, 2023, after eight years of litigation that included over fifty depositions, issuing and answering multiple Requests for Production and Sets of Interrogatories, reviewing over 800,000 pages of documents and voluminous data, and the production of several expert reports, Plaintiffs and Defendant (together, the "Parties") arrived at a Settlement that will provide meaningful compensation to the individuals subjected to Ferguson's jailing and debt-collection practices.  The Settlement Agreement avoids the risks and delay of further litigation.  *See* Memorandum Ex. 2, Decl. of Angela Daker in Support of Mot. for Preliminary Approval of Class Settlement ("Decl.") ¶¶ 8, 36–38.

4. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League,* 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

5.  Factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the Settlement in this case for all the reasons set out in the Memorandum. *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012). As against the risks and uncertainties, the Settlement provides immediate and valuable relief for the Class Members.

6.  The Settlement provides monetary compensation to the Settlement Classes, which are substantially similar to the five damages classes certified by the Court in its June 9, 2022 Order and modified by its August 19, 2022 and December 30, 2022 Orders—the *Bearden* Class, the Modified *Gerstein* Class, the Warrant Class, the Post-Judgment Class, and the Jail-Conditions Class (collectively, the "Certified Classes"). *See* Settlement Agreement ¶ 3; *see also* Mem. and Order, ECF No. 519; Order, ECF No. 535; Order Amending Class Definition and Directing Class Notice, ECF No. 573. The specifics regarding the distribution of the Settlement Funds are set forth in more detail in the Memorandum and in the Settlement Agreement itself.

7.  With consent of Defendant, Plaintiffs ask the Court to modify the Certified Classes by revising the end dates, and to certify these modified classes for settlement purposes only, as follows (collectively, the "Settlement Classes")[3]:

> ***Bearden* Settlement Class**: All persons who have, at any time from February 8, 2010, through December 30, 2022, been kept in jail by the City of Ferguson for failing to pay a fine, fee, bond, surcharge, or cost, without an inquiry into their ability to pay.
>
> **Modified *Gerstein* Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after a warrantless arrest with no finding of probable cause by a neutral magistrate for their arrest and continued detention.

---

[3] In the event that the Settlement Agreement is not approved by the Court, the class relief set forth in the Settlement Agreement is changed in any material way, or the Settlement Agreement is terminated, the proposed modifications to the Certified Classes shall become null and void and have no further force and effect whatsoever, unless otherwise agreed to by the Parties, and the Parties shall be restored without prejudice to their respective positions as if the Settlement and application for its approval had not been made. Settlement Agreement ¶ 3.

**Warrant Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after being arrested on a warrant issued by the City.

**Post-Judgment Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been jailed by the City of Ferguson because of their non-payment in connection with a prior judgment.

**Jail-Conditions Settlement Class**: All persons who, at any time since February 8, 2010, through December 30, 2022, were held in the City of Ferguson jail.

8. Moreover, Plaintiffs request the Court's approval of their proposed plan to provide notice of the Settlement. The plan contemplates (a) Postcard Notice, (b) Long Form Notice with greater detail than the Postcard Notice, and (c) Publication Notice. Settlement Agreement ¶ 10.3. The details of these notices are included in the Settlement Agreement (collectively, the "Notice"). *See* Settlement Agreement, Exhibits C, D, and E. The Postcard Notice shall be mailed to Eligible Persons by first class United States mail to the best available mailing addresses. Settlement Agreement ¶ 10.5. The Parties shall provide the Settlement Administrator with last known mailing addresses for these members. *Id.* The Settlement Administrator shall run the names and addresses through the National Change of Address Registry and update as appropriate. *Id.* The Postcard Notice shall inform Eligible Persons how they may request a copy of the Long Form Notice. *Id.* The Publication Notice shall consist of a Publication Notice published in Missouri to apprise Eligible Persons of the Settlement, print publication in a local newspaper, and a digital media campaign. Settlement Agreement ¶ 10.7. The Publication Notice shall inform Eligible Persons how they may request a copy of the Long Form Notice. *Id.* The Notice shall include, among other information: description of the material terms of the Settlement; a date by which Eligible Persons may exclude themselves from or "opt-out" of the Settlement; a date by which Class Members may object to the Settlement; the location and date of the Final Approval Hearing; and the address of the Settlement Website, at which Eligible Persons may access the Settlement Agreement and other

related documents and information.  Settlement Agreement ¶ 10; Exhibits C, D, and E.  The proposed Notice also advises Eligible Persons that Plaintiffs' counsel have pursued the lawsuit on a contingent basis and have not received payment of fees or any reimbursement of their out-of-pocket costs.  *Id.*  The proposed Notice further advises Eligible Persons that Plaintiffs' counsel will apply to the Court for an award of fees and costs, and for Service Awards to the Class Representatives.  *Id.*

9. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995).  The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999)).  The details of these notices are included in the Settlement Agreement.  *See* Settlement Agreement ¶ 10; Exhibits C, D, and E.  The form of notice proposed complies with the requirements of Fed. R. Civ. P. 23(c)(2) and due process.

10. Plaintiffs request that this Court schedule a hearing on this Motion to conduct an inquiry with respect to any questions it might have related to the preliminary approval of this Settlement.

11. Plaintiffs request that this case be stayed pending the Final Approval Order, except for the actions to be taken as directed in the Proposed Order.

12. Finally, Plaintiffs request that this Court schedule a Final Approval Hearing, at which to consider final approval of the proposed Settlement, as well as Plaintiffs' Counsels' application for Service Awards for the Class Representatives and an award of attorneys' fees and costs.

5

WHEREFORE, for these and the reasons more fully set forth in the Memorandum, Plaintiffs request that this Court grant preliminary approval to the Settlement, approve the Notice and dissemination of Notice to the Settlement Classes, and schedule a Final Approval Hearing. A Proposed Order granting this Motion is included as Exhibit A to the Settlement Agreement.

Dated: January 31, 2024

**WHITE & CASE LLP**

By: */s/ Angela Daker*
Angela Daker (*pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Phone: 305-371-2700
Email: adaker@whitecase.com

Ross E. Elfand (*pro hac vice*)
Iva Popa (*pro hac vice*)
Paula C. Kates (*pro hac vice*)
Luke J. Miller (*pro hac vice*)
Chloe R. Edmonds (*pro hac vice*)
Fabiola Alvelais Aldana (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-819-7670
Email: relfand@whitecase.com

Frank Hogue (*pro hac vice*)
701 13th Street NW, #600
Washington, D.C. 20005
Phone: 202-626-3600
Email: fhogue@whitecase.com

—and—

**ARCHCITY DEFENDERS**

Maureen Hanlon, #70990MO
Blake A. Strode, #68422MO
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
Phone: 855-724-2489
Email: mhanlon@archcitydefenders.org

—and—

**CIVIL RIGHTS CORPS**

Marco Lopez (*pro hac vice*)
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org

—and—

**SLU LAW CLINIC**

Brendan Roediger, #6287213IL
100 N. Tucker Blvd.
Saint Louis, MO 63101
Phone: 314-977-2778
Email: brendan.roediger@slu.edu

*Attorneys for Plaintiffs*