**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FERGUSON, MISSOURI <br><br> Defendant. | Case No. 4-15-CV-00253-AGF <br><br> (Class Action) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement")[1], dated as of January 26, 2024, is entered into by and between Defendant, City of Ferguson ("Defendant," the "City," or "Ferguson"), and Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased;[2] Roelif Carter; Allison Nelson; Herbert Nelson Jr.; Alfred Morris; Anthony Kimble; Donyale Thomas; Shameika Morris; and Ronnie Tucker, individually and on behalf of the Classes (collectively, "Class Representatives" or "Plaintiffs"), which constitute the Settlement Classes, as defined below, acting by and through their undersigned counsel.

## RECITALS

**WHEREAS**, on February 8, 2015, Plaintiffs filed a lawsuit, captioned *Fant et al. v. City of Ferguson*, Case No. 4:15-cv-00253-AGF (the "Action"), in the United States District Court for

---

[1] All capitalized terms herein have the meanings ascribed to them in Paragraph 2 or various places in the Agreement.

[2] On November 9, 2023, Counsel for Plaintiffs filed a Suggestion of Death and Motion to Substitute Party (ECF No. 660) pursuant to Fed. R. Civ. P. 25(a) to notify the Court of the death of Plaintiff Keilee Fant and request that Michael Gunn, Personal Representative of the Estate of Keilee Fant, be substituted in place of Keilee Fant as Plaintiff in this action. On November 13, 2023, the Court granted the motion.  ECF No. 661.

the Eastern District of Missouri (the "Court").  In the Action, Plaintiffs alleged that Defendant violated the United States Constitution in connection with its arrest and detention policies and procedures.  Specifically, Plaintiffs' allegations included, but were not limited to, that Defendant violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment by detaining individuals pursuant to a sum of money without inquiring into their ability to pay, violated the Sixth Amendment by failing to provide adequate counsel, violated the Fourth Amendment by issuing warrants for failure to pay without probable cause that the nonpayment was willful rather than a result of inability to pay, and violated the Fourteenth and Eighth Amendments by keeping individuals in inhumane jail conditions.  Defendant has denied and continues to deny Plaintiffs' allegations and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any individual Class Member.

**WHEREAS**, the Court certified five damages classes, the *Bearden* Class, the Modified *Gerstein* Class, the Jail-Conditions Class, the Warrant Class, and the Post-Judgment Class, and one prospective Class, the Modified Declaratory and Injunctive Class, on June 9, 2022.  ECF No. 519.  On September 9, 2022, the Parties filed a joint voluntary dismissal of the claims of the Modified Declaratory and Injunctive Class.  ECF No. 538.  On September 13, 2022, the Court preliminarily approved Plaintiffs' voluntary dismissal of the claims of the Modified Declaratory and Injunctive Class.  ECF No. 540.  On July 5, 2023, the Court held a hearing regarding the request to voluntarily dismiss the claims of the Modified Declaratory and Injunctive Class.  ECF No. 584.  On July 18, 2023, the Court granted final approval to dismiss the claims of the Modified Declaratory and Injunctive Class.  ECF No. 653.

**WHEREAS**, the Parties agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties, as defined below, on the

terms set forth in this Agreement.  The Parties intend this Agreement to bind Defendant, Plaintiffs, and all Class Members.

**NOW, THEREFORE**, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree to settle the Action, subject to approval by the Court, as follows:

<u>**AGREEMENTS AND RELEASE**</u>

In consideration of the premises and mutual promises, covenants, and warranties contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which the Parties now acknowledge, and intending to be legally bound, the Parties agree as follows:

1.      <u>**RECITALS**</u>

The foregoing recitals are true and correct and made part of this Agreement.

2.      <u>**DEFINITIONS**</u>

The following defined terms apply throughout this Agreement:

2.1      "<u>Action</u>" means *Fant et al. v. City of Ferguson*, Eastern District of Missouri, Case No. 4:15-cv-00253-AGF.

2.2      "<u>Settlement Administrator</u>" means Atticus Administration, LLC.  Class Counsel may, subject to Court approval, substitute a different organization as Settlement Administrator.

2.3      "<u>Administration Costs</u>" mean the cost of effectuating the Notice Program (as defined below) and the cost incurred by the Settlement Administrator in administrating this Agreement.  For purposes of clarity, any costs incurred by Defendant to comply with its obligations under 28 U.S.C. § 1715(b) shall not be considered "Administration Costs."

2.4      "<u>Class Counsel</u>" means:

ARCHCITY DEFENDERS, INC.
Blake A. Strode, Esq.
Maureen Hanlon, Esq.
John M. Waldron, Esq.
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102

CIVIL RIGHTS CORPS
Marco Lopez, Esq.
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009

SLU LAW CLINIC
Brendan Roediger, Esq.
100 N. Tucker Blvd.
St. Louis, Missouri 63101

WHITE & CASE LLP
Angela Daker, Esq.
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131

J. Frank Hogue, Esq.
701 13th Street NW
Washington, DC 20005

2.5     "Plaintiffs" means Personal Representative of the Estate of Keilee Fant,

Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale

Thomas, Shameika Morris, and Ronnie Tucker.

2.6     "Defendant" means the City of Ferguson, Missouri.

2.7     "Party" means Plaintiffs or Defendant.

2.8     "Parties" shall collectively mean the City of Ferguson and Plaintiffs.

2.9     "Class Representatives" means Personal Representative of the Estate of

Keilee Fant, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony

Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker.

2.10    "Settlement Classes" means the *Bearden* Settlement Classes (including the

*Bearden* Settlement Sub-Classes: the *Gerstein* Settlement Class, the Warrant Settlement Class,

the Post-Judgment Settlement Class) and the Jail-Conditions Settlement Class as defined in Paragraph 3 of this Agreement.

2.11    "Eligible Person" shall mean someone who meets the criteria set forth in the definitions of the Settlement Classes.

2.12    "Excluded Eligible Person" shall mean any Eligible Person who validly opted out of the Settlement.

2.13    "Class Member" shall mean any Eligible Person who does not opt out of the Settlement.

2.14    "Class Period" shall mean any time from February 8, 2010 through December 30, 2022.

2.15    "Court" means the United States District Court for the Eastern District of Missouri.

2.16    "Day" shall mean a 24-hour day, but for purposes of calculating time periods herein any period of time that ends on a day when the Court is closed shall be deemed to end at the end of the next day when the Court is open.

2.17    "Effective Date" shall mean the first day that the Court is open for business after the later of:  (a) ten (10) days after the time for appeal from the Court's approval of the Settlement and entry of the Final Judgment has expired without an appeal having been taken; (b) in the event that the Final Judgment is appealed, ten (10) days after the time that either all such appeals shall have been dismissed prior to resolution by the appellate court or that the Final Judgment has been affirmed in its entirety without any modification or change by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal, by certiorari or otherwise; provided, however, that a court may change or

modify the payment of attorneys' fees and/or costs or Service Award (as defined below) without changing the "Effective Date."

2.18    "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in Paragraph 6 below.

2.19    "Preliminary Approval Order" shall mean the Court's order approving this Settlement Agreement without any modification, effective on the date of entry of the Preliminary Approval Order, a proposed form of which is attached as Exhibit A to this Agreement.

2.20    "Final Approval Order" means the final order that the Court enters granting Final Approval to the Settlement.  The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the motion for Final Approval, attached as Exhibit B to this Agreement.  The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to each of the Class Representatives.

2.21    "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting Final Approval to the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to each of the Class Representatives.

2.22    "Opt-Out Request" shall mean a request for exclusion sent to the Claims Administrator as provided for in Paragraph 5.1.

2.23    "Opt-Out Period" means the period that begins the day after the date on which the Notice is first distributed, or as extended by Paragraph 10.6, and that ends no later than sixty (60) days before the Final Approval Hearing.  The deadline for the Opt-Out Period will be specified in the Notice.

2.24    "Notice" means the notice documents, consisting of the Postcard Notice, Publication Notice, and Long Form Notice that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Agreement as provided for in Paragraph 7.1.

2.25    "Notice Program" means the methods provided for in this Agreement for distributing the Notice, which shall be substantially in the forms as the exhibits attached to this Agreement and the motion for Preliminary Approval.

2.26    "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and shall be available to Eligible Persons by mail on request made to the Settlement Administrator in the form attached as Exhibit D.

2.27    "Postcard Notice" shall mean the short form of notice that shall be sent by mail to Eligible Persons in the form attached as Exhibit C.

2.28    "Publication Notice" means the publication of the Postcard Notice in a local Missouri newspaper (e.g., the *St. Louis American*) that will run for four consecutive weeks and as identified in Paragraph 10.7 to apprise Eligible Persons of the Settlement.  This is attached to this Agreement as Exhibit E.

2.29    "Digital Media Campaign" means the publication of ads on various social media platforms that will advise Eligible Persons of the Settlement Fund and direct them to the Settlement Website.

2.30    "Releases" means all the releases contained in Paragraph 13.1.

2.31    "Released Claims" means all claims to be released as specified in Paragraph 13.1.

2.32    "Released Parties" means Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former City Council Members, appointed and elected officials, officers, employees, police or other law enforcement officers, corrections officers, prosecutors, and persons participating in the operation of the Municipal Court within the City of Ferguson, including municipal judges, clerks and other personnel, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, independent and other contractors,  predecessors, successors and assigns of each of them.

2.33    "Releasing Parties" means Plaintiffs and all Class Members, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

2.34    "Service Award" means any Court ordered payment to Plaintiffs for serving as Class Representatives, which is in addition to any payment due Plaintiffs as Class Members.

2.35    "Settlement Fund" means the $4,500,000.00 common cash fund Defendant is obligated to pay under the Settlement.

2.36    "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees and costs to Class Counsel, Settlement Administration Costs, and any Court approved Service Awards to Class Representatives.

2.37    "Class Member Payments" means any payment distributed to a Class Member by the Settlement Administrator as part of the settlement of this Action.

2.38    "Residual Funds" means any remaining amounts resulting from unclaimed Class Member Payments 120 days after the Settlement Administrator distributes the first Class Member Payment.

2.39    "Settlement Website" means the website that the Settlement Administrator will establish as a means for Eligible Persons to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, Final Approval Order, final judgment, and such other documents as the Parties agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be www.fergusonclassaction.com, or such other URL as Class Counsel select.

2.40    "Taxes" means all taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon, Plaintiffs and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise.

3.    **CLASS CERTIFICATION**

The Court certified five damages classes in its June 9, 2022 Order (ECF No. 519) as modified by the Court's August 19, 2022 (ECF No. 535) and December 30, 2022 Orders (ECF

No. 573) (collectively, the "Certified Classes").[3]  The Parties agree to ask the Court to modify the Certified Classes by revising the end date, and to certify these modified classes for settlement purposes only, as follows (collectively, the "Settlement Classes"):

> *Bearden* **Settlement Class**: All persons who have, at any time from February 8, 2010 through December 30, 2022, been kept in jail by the City of Ferguson for failing to pay a fine, fee, bond, surcharge, or cost, without an inquiry into their ability to pay.
>
>> **Modified *Gerstein* Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010 through December 30, 2022, been held in jail by the City of Ferguson after a warrantless arrest with no finding of probable cause by a neutral magistrate for their arrest and continued detention.
>>
>> **Warrant Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010 through December 30, 2022, been held in jail by the City of Ferguson after being arrested on a warrant issued by the City.
>>
>> **Post-Judgment Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010 through December 30, 2022, been jailed by the City of Ferguson because of their non-payment in connection with a prior judgment.
>
> **Jail-Conditions Settlement Class**: All persons who, at any time since February 8, 2010 through December 30, 2022, were held in the City of Ferguson jail.

Provided, however, that in the event that this Agreement is not approved by the Court, or the class relief set forth in Paragraph 6.1 is changed in any material way or if this Agreement is terminated pursuant to Paragraph 16.1, the proposed modifications to the Certified Classes shall become null and void and have no further force and effect whatsoever, unless otherwise agreed to by the Parties, and the Parties shall be restored without prejudice to their respective positions as if the Settlement and application for its approval had not been made.  If the Court refuses to approve the Settlement Agreement, or if the Court's order approving the Settlement is reversed on appeal, or if pursuant to an appeal the relief set forth in Paragraph 6.1 is changed in any way, and as a

---

[3]  The Court also certified the Modified Declaratory and Injunctive Class, but that class was later voluntarily dismissed.  *See* ECF No. 653.

result the Agreement is terminated as provided for in Paragraph 16.1, then the Settlement Agreement and any negotiations, statements, communications, or proceedings relating thereto, and the fact that the Settlement Classes and Defendant agreed to the Settlement: (a) shall be without prejudice to the rights of the Settlement Classes or Defendant, (b) shall not be used for any purpose whatsoever in any subsequent proceeding in this Action or any other action in any court or tribunal, and (c) shall not be construed as an admission or concession by any Party of any fact, matter, allegation, or contention.  Plaintiffs and Class Counsel agree to recommend approval of this Agreement by the Court and to recommend participation in the Settlement by Eligible Persons. Unless otherwise terminated as provided herein, the Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of this Settlement Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to an order approving the Settlement.

4. **NOTICE OF PROPOSED SETTLEMENT**

4.1     Following Preliminary Approval of this Settlement Agreement, the Parties shall provide Notice of the proposed Settlement as required by Federal Rule of Civil Procedure 23(e) and as required by the Court.  The Parties will recommend to the Court that the Notice be provided as follows:

4.1.1   Notice will be provided to Eligible Persons by publication of a notice in the newspaper(s) or magazine(s) detailed in Exhibit E within fourteen (14) days of Preliminary Approval Order.

4.1.2   Notice also shall be provided to Eligible Persons by the Settlement Administrator establishing an Internet Settlement Website at www.fergusonclassaction.com within fourteen (14) days of Preliminary

Approval that will display, inter alia, the following: (i) a Notice in a form substantially similar to Exhibit E; (ii) contact information for Class Counsel, in the form of firm name, attorney name, a phone number, address, e-mail address, and website address; (iii) a complete copy of the Settlement Agreement; and (iv) frequently asked questions.

4.1.3   Notice also shall be provided through a Digital Media Campaign, which will target likely Eligible Persons in the St. Louis, Missouri area by placing ads on various digital media platforms notifying likely Eligible Persons of the Settlement, including social media networks, and will contain a link to the case website for additional details, including the Long Form Notice.

4.1.4   Notice also shall be provided by mailed Postcard notice to all known Eligible Persons within fourteen (14) days of Preliminary Approval Order.

4.2     Class Counsel and their co-counsel may also publish the Notice and information about the Settlement, as well as a link to the Settlement Website, on their respective firm's websites.  Additionally, Class Counsel and their co-counsel may advise Plaintiffs and Eligible Persons of the terms of the Settlement and provide assistance in the making of claims thereunder.

## 5.     OPT-OUT AND OBJECTION PROCEDURES

5.1     Any Eligible Person who wants to be excluded from the Settlement Classes must send an Opt-Out Request to the Settlement Administrator within the Opt-Out Period.  The Opt-Out Request must be sent by letter or email and state that the Eligible Person wishes to be excluded from a Settlement Class in *Fant v. City of Ferguson*.

5.2     Class Counsel, or its designee, shall file a Notice of Class Action Opt-Outs, listing the names of all Eligible Persons or entities who submitted a timely Opt-Out Request within 14 days after the deadline by which all Opt-Out Requests must be postmarked, accounting for the additional period of 15 days for any member of the Settlement Classes that is re-mailed a Postcard Notice to a new forwarding address.

5.3     In order to be considered by the Court, any written objection to the Settlement Agreement must (1) contain the name of the civil action: *Fant et al. v. City of Ferguson*, Case No. 4:15-cv-00253-AGF; (ii) state all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (iii) confirm whether the objector or any counsel for the objector intends to personally appear and/or testify at the Final Approval Hearing; (iv) contain the objector's full name, address, and telephone number; (v) contain the objector's signature (an attorney's signature is not sufficient); and (vi) be filed with the Court and served upon Class Counsel and counsel for the City of Ferguson no later than sixty (60) days before the Final Approval Hearing.

5.3.1   If submitted by mail, a written objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions.  If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

5.4     Any responses to written objections shall be filed with the Court no fewer than ten (10) days before the Final Approval Hearing.

## 6.      SETTLEMENT CONSIDERATION AND ESCROW ACCOUNT

6.1     Subject to approval by the Court, Defendant shall establish a cash Settlement Fund of $4,500,000.00.  The Settlement Fund shall be used to pay Class Members their respective Class Member Payments; any and all attorneys' fees and costs awarded to Class Counsel; Service Awards to the Class Representatives; any *cy pres* payment; and all other payments authorized by the Court.  Defendant shall not be responsible for any payments under this Agreement other than the Settlement Fund.

6.2     Subject to Paragraph 6.1 of this Agreement, the Settlement Fund shall be paid by Defendant into the Escrow Account within fourteen (14) days of the Effective Date.

6.3     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg.§ 1.468B-l at all times since creation of the Escrow Account.  All Taxes shall be paid out of the Escrow Account.  Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes.  The Escrow Account shall indemnify and hold Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

6.4     No portion of the Settlement Fund reverts to Defendant.  The treatment of Residual Funds is discussed in Paragraph 12.1 below.

## 7.      SETTLEMENT APPROVAL

7.1     Plaintiffs' Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled Final Approval Hearing date and location.  Parties agree to use their respective best efforts to obtain such approval.  Plaintiffs shall file the Final Approval Motion no later than 45 days before the Final Approval Hearing.  At the Final

Approval Hearing, the Parties shall petition the Court to enter a Final Judgment in substantially the form attached hereto as Exhibit B.

      7.2     The motion for Preliminary Approval shall, among other things, request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Classes pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the procedures set forth herein for any Eligible Person to opt-out from the Settlement Classes or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; (6) schedule a hearing for a date and time mutually convenient for the Court, Class Counsel, and counsel for Defendant, at which time the Court will conduct an inquiry with respect to any questions it might have related to the Preliminary Approval of this Settlement; (7) set forth the method of allocating the Settlement Fund among Class Members; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Defendant, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees and costs and for Service Awards to the Class Representatives.

## 8.    <u>DISCOVERY AND SETTLEMENT DATA</u>

      8.1     Class Counsel and Defendant have engaged in extensive discovery related to liability and damages.  The Parties shall reasonably cooperate in reasonable confirmatory discovery relating to the identification of Eligible Persons.  The Parties believe that they possess all data necessary to effectuate this settlement.  If additional data is needed for the

purpose of providing Notice to the Eligible Persons, however, the Parties will cooperate to obtain such data.  Defendant will bear the expense of extracting and/or obtaining the necessary data to make available to Class Counsel's expert for analysis, while any costs associated with Class Counsel's expert's work will be deducted from the Settlement Fund.

## 9.    **SETTLEMENT ADMINISTRATOR**

9.1    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and distributing the Settlement Fund as provided herein.

9.2    The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

9.2.1    Use the name and address information for Eligible Persons provided by the Parties in connection with the Notice Program approved by the Court, for the purpose of distributing the Postcard Notice and Long Form Notice, and later mailing distribution checks to Class Members;

9.2.2    Arrange for Publication Notice;

9.2.3    Establish and maintain a post office box, or other address, at which to receive requests to opt-out from the Settlement Classes;

9.2.4    Establish and maintain the Settlement Website;

9.2.5    Establish and maintain an automated toll-free telephone line and email account for Eligible Persons to call with Settlement-related inquiries, and

answer the frequently asked questions of Eligible Persons who call with or otherwise communicate such inquiries;

9.2.6    Respond to any mailed or emailed Eligible Person inquiries;

9.2.7    Process all Opt-Out Requests from any Eligible Person;

9.2.8    Fourteen (14) days in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Eligible Person who timely and properly opted-out from one or more of the Classes, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

9.2.9    Distribute Class Member Payments to Class Members;

9.2.10   If Residual Funds exist after the first distribution, and if economically feasible, distribute another round of Class Member Payments to Class Members out of unclaimed funds;

9.2.11   Pay invoices, expenses, and costs upon Court approval, as provided in this Agreement;

9.2.12   Any other Settlement-administration-related function at the instruction of Class Counsel, including, but not limited to, verifying that the Settlement Fund has been distributed.

9.3    Administration Costs shall be paid from the Settlement Fund.

## 10.   <u>NOTICE TO CLASS MEMBERS</u>

10.1    As soon as practicable after Preliminary Approval of the Settlement, at the direction of Class Counsel, the Settlement Administrator shall implement the Notice Program

provided herein, using the forms of Notice approved by the Court.  The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which any Eligible Person may exclude themselves from or "opt-out" of the Settlement; a date by which Class Members may object to the Settlement; the location and date of the Final Approval Hearing; and the address of the Settlement Website at which Eligible Persons may access this Agreement and other related documents and information.

10.2    The Notice also shall include a procedure for any Eligible Person to opt-out of the Settlement as detailed in Paragraph 5.1.

10.3    Notice shall be provided to any Eligible Person in three different ways: (a) Postcard Notice; (b) Long Form Notice with greater detail than the Postcard Notice; and (c) Publication Notice.

10.4    The Postcard Notice, the Long Form Notice, and the Publication Notice shall be in forms approved by the Court, and substantially similar to the notice forms attached hereto as Exhibits C, D, and E.  The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

10.5    The Postcard Notice shall be mailed to any Eligible Person by first class United States mail to the best available mailing addresses.  The Parties shall provide the Settlement Administrator with last known mailing addresses for these members.  The Settlement Administrator shall run the names and addresses through the National Change of Address Registry and update as appropriate.  Additionally, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, shall mail the Postcard Notice to that forwarding address.  If a mailed Postcard Notice is returned with a new forwarding address information,

the Settlement Administrator shall re-mail the Postcard Notice to the new forwarding address. The Postcard Notice shall inform any Eligible Person how they may request a copy of the Long Form Notice.

10.6    The Opt-Out Period shall be extended for a period of 15 days for any Eligible Person that is re-mailed a Postcard Notice to a new forwarding address.

10.7    The Publication Notice shall be comprised of a Publication Notice published in Missouri to apprise Eligible Persons of the Settlement, as follows: print publication in a local newspaper (e.g., the *St. Louis American*).  The Publication Notice shall inform any Eligible Person how to request a copy of the Long Form Notice.

10.8    The Notice Program shall be completed no later than 60 days before the Final Approval Hearing.

10.9    The Settlement Administrator shall maintain a database showing mail addresses to which each Notice was sent and any Notices that were not delivered.  In addition to the affidavit by the Settlement Administrator in advance of the Final Approval Hearing and in support of the motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties not less than three (3) days prior to the Final Approval Hearing.  The database maintained by the Settlement Administrator regarding the Notices shall be available to the Parties and the Court upon request.

## 11.    PAYMENT OF ATTORNEYS' FEES AND COSTS, SERVICE AWARDS, AND SETTLEMENT ADMINISTRATION COSTS

11.1    Defendant agrees that Class Counsel shall be entitled to request an award of reasonable attorneys' fees of up to 33.33% of the Settlement Fund and request reimbursement of reasonable costs, to be determined by the Court.  Defendant agrees not to oppose an application by Class Counsel for attorneys' fees and costs of up to 33.33% of the Settlement

Fund.  Defendant reserves the right to object to or otherwise challenge or oppose any motion or other request by Class Counsel for attorneys' fees and/or costs in excess of 33.33%.  Class Counsels' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund within twenty-one (21) days after the Effective Date.  Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund.  The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

11.2    The application for attorneys' fees and costs to be awarded to Class Counsel and for Service Awards for the Class Representative shall be filed not later than forty-five (45) days before the Final Approval Hearing.

11.3    After the attorneys' fees and costs have been paid to Class Counsel by the Settlement Administrator, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees and costs to that firm.  Defendant shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees and costs or any other payments from the Settlement Fund not specifically described herein.  Likewise, Class Counsel shall be solely responsible for addressing and resolving any claim or dispute asserted by any Class Member concerning entitlement to a payment, the amount of such payment, or any other issue raised regarding this settlement, including any attorneys' fees and any other costs or expenses.

11.4    Defendant agrees that Class Counsel shall be entitled to request, and Defendant will not oppose, the Court approve a Service Award to each Class Representative

in an amount up to $10,000.00.  The Service Award shall be paid to the Class Representative in addition to Class Representative's Class Member Payment.  The Service Award shall be paid no later than 21 days after the Effective Date.

 11.5 The Parties agree that the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

 11.6 The Parties negotiated and reached agreement regarding attorneys' fees and costs and the Service Awards only after reaching agreement on all other material terms of this Settlement.

## 12. DISPOSITION OF RESIDUAL FUNDS

 12.1 Within 120 days after the date the Settlement Administrator distributes the first Settlement Class Member Payment, any remaining amounts resulting from unclaimed funds ("Residual Funds") shall be distributed as follows:

 12.2 First, any Residual Funds after distribution shall be distributed on a pro rata basis, using the same methodology as the first distribution, to the Class Members who received and claimed Settlement Class Member Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair.  Should such a second distribution be made, Class Members, who claimed the first distribution, will receive a second distribution. Any second distribution checks shall be valid for 120 days.

 12.3 Second, in the event that the costs of preparing, transmitting and administering such pro rata payments to Class Members are not economically feasible, or other

specific reasons exist that would make such further distributions impossible or unfair, or if such a pro rata distribution is made and Residual Funds still remain, Class Counsel may seek the Court's approval to distribute the Residual Funds to a *cy pres* recipient.  Class Counsel shall provide thirty-days (30-days) notice to counsel for Defendant prior to any such donation being made.  Defendant reserves the right to object to or otherwise challenge or oppose any motion or other request by Class Counsel for court approval to distribute Residual Funds to a *cy pres* recipient.

12.4    Within 30 days after the date on which checks issued from the first distribution are no longer valid, the Parties shall submit a report to the Court identifying the total amount that was actually paid to Class Members and whether the Parties request approval of a second distribution or whether instead the *cy pres* payment should be made.  The report will also request Court-approval of the *cy pres* recipient(s) for any residual funds that remain following the second distribution or that should immediately be paid in the event that there will be no second distribution.

12.5    All costs of any second distribution shall come from the Residual Funds. Costs for delivery of Residual Funds to a *cy pres* recipient shall also come from the Residual Funds.

13.    **RELEASES**

13.1    As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on

contract, tort or any other theory, that result from, arise out of, are based upon the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action ("Released Claims").

13.2    Nothing herein shall be construed to release any claims that Defendant or Allied World Assurance Company Holdings, Ltd, may have against St. Louis Area Insurance Trust ("SLAIT"), including, without limitation, any appeal(s).  *See, e.g.*, *City of Ferguson et al. v. St. Louis Area Insurance Trust*, Appeal No. ED111419 (Mo. Ct. App.).

## 14.    <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

14.1    The Plaintiffs' Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled Final Approval Hearing date and location. Plaintiffs shall file their Motion for Final Approval of the Settlement no later than 45 days before the Final Approval Hearing.  At the Final Approval Hearing, the Court will hear argument on the Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees and costs and for the Service Awards for the Class Representatives.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Class Members who object to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Award application.  If the date or location of the Final Approval Hearing changes, that information will be included on the Settlement Website for the Settlement Class's benefit.

14.2    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and final judgment thereon, and whether to approve Class Counsel's application for attorneys' fees and

costs and Service Awards for the Class Representatives.  Such proposed Final Approval Order shall, among other things:

14.3    Determine that the Settlement is fair, adequate, and reasonable;

14.4    Determine that the Notice provided satisfies Federal Rule of Civil Procedure 23 and Due Process requirements;

14.5    Bar and enjoin all Releasing Parties from asserting any of the Released Claims; bar and enjoin all Releasing Parties from pursuing any Released Claims against Defendant at any time, including during any appeal from the Final Approval Order;

14.6    Release the Released Parties from the Released Claims; and

14.7    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, all Class Members, and all objectors, to construe and enforce this Agreement in accordance with its terms.

## 15.   **CLASS ACTION FAIRNESS ACT**

15.1    Defendant will comply with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

## 16.   **TERMINATION OF SETTLEMENT**

16.1    This Settlement may be terminated by either Class Counsel or Defendant by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between Class Counsel and Defendant) after any of the following occurrences:

16.1.1  Class Counsel and Defendant agree to termination;

16.1.2  the Court rejects, materially modifies, materially amends, or changes, or declines to grant Preliminary Approval or Final Approval;

16.1.3  an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

16.1.4  any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Defendant seeking to terminate the Settlement reasonably considers material;

16.1.5  the Effective Date does not occur; or

16.1.6  any other ground for termination provided for elsewhere in this Agreement.

16.2  The Parties agree that the Court will resolve any dispute among them regarding whether the Settlement may be terminated pursuant to this Agreement.

## 17.  <u>EFFECT OF A TERMINATION</u>

17.1  In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

17.2  The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

17.3  In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or

proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## 18.   <u>NO ADMISSION OF LIABILITY</u>

18.1    Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

18.2    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant discovery, extensive motion practice including class certification and summary judgment, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Eligible Persons.

18.3    In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

19.     **MISCELLANEOUS PROVISIONS**

    19.1    <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

    19.2    <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

    19.3    <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

    19.4    <u>Obligation to Meet and Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

    19.5    <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

    19.6    <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

    19.7    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Missouri, without regard to the principles thereof regarding choice of law.

19.8    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

19.9    Jurisdiction. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's orders barring all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

19.10   Notices.  All notices to Class Counsel and Defendant's counsel provided for herein, shall be in writing and sent by overnight mail to each of the following:

ARCHCITY DEFENDERS, INC.
Blake A. Strode, Esq.
Maureen Hanlon, Esq.
John M. Waldron, Esq.
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102

CIVIL RIGHTS CORPS
Marco Lopez, Esq.
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009

SLU LAW CLINIC
Brendan Roediger, Esq.
100 N. Tucker Blvd.
St. Louis, Missouri 63101

WHITE & CASE LLP
Angela Daker, Esq.
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131

J. Frank Hogue, Esq.
701 13th Street NW
Washington, DC 20005

LEWIS RICE LLC
Apollo D. Carey
Ronald A. Norwood
Jacqueline K. Graves
600 Washington Avenue, Suite 2500
St. Louis, MO 63101

HELLMICH, HILL & RETTER, LLC
Jason S. Retter
Blake D. Hill
1049 North Clay Avenue,
Kirkwood, Missouri 63122

The notice recipients and addresses designated above may be changed by written notice pursuant to Paragraph 19.12. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

19.11 <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Defendant and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

19.12  <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

19.13  <u>Authority</u>.  Class Counsel (for the Plaintiffs and Class Members), and Defendant, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

19.14  <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

19.15  <u>Non-Disparagement</u>. The Parties agree that upon execution of the Settlement Agreement, their counsel will not make any public statements regarding the Action which will defame the other Parties, or that would constitute slander or libel.  The Parties further agree that, for the time period between the execution of the Settlement Agreement

through thirty-five days following the date of the Final Approval Order by the court, any written public statement by counsel related to the Action, including to or through traditional media, social media, or any other forum, will include a statement of the fact that the City has denied and continues to deny the allegations in the Action and that, although the Plaintiffs believe they would have prevailed at trial, none of the allegations or claims were adjudicated or decided by the Court.

19.16   Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page Follows*

Dated: 1/30/24

Roelif Carter
*Plaintiff*

Dated: _/30/2024_

        Personal Representative

MICHAEL GUNN
x̶A̶d̶m̶i̶n̶i̶s̶t̶r̶a̶t̶o̶r̶ of the Estate of Keilee Fant
*Plaintiff*

Dated: 1/29/2024

ALLISON NELSON
*Plaintiff*

Dated: 1-29-2024

HERBERT NELSON JR.
*Plaintiff*

Dated: 1/29/2024

ALFRED MORRIS
*Plaintiff*

Dated: 1-30-24

*Anthony Kimble*

ANTHONY KIMBLE
*Plaintiff*

Dated: _1-28-24_

**DONYALE THOMAS**
*Plaintiff*

Dated: ___1/29/2024___

_____

SHAMEIKA MORRIS
*Plaintiff*

Dated: *Ronnie Tucker Jr.*          *Ronnie Tucker Sr.*
01-29-24

RONNIE TUCKER
*Plaintiff*

Dated: *1/31/2024*

THE CITY OF FERGUSON
*Defendant*

BY: *John Hampton*

ITS *City Manager / Fire Chief*