# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FERGUSON, MISSOURI <br><br>Defendant. | Case No. 4-15-CV-00253-AGF <br><br>(Class Action) |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENTAND SETTLEMENT CLASSES, AND**
**PERMISSION TO DISSEMINATE NOTICE**

The Court has considered the Settlement Agreement and its Exhibits, the Joint Motion for Preliminary Approval of Class Settlement and Settlement Class, and for Permission to Disseminate Notice, the Declaration of Angela Daker, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1.  All defined terms contained herein have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to the Memorandum in support of the Joint Motion for Preliminary Approval of Class Action Settlement (the "Settlement Agreement").

2.  The Class Representatives and the Defendant, through their counsel of record in this Action, have reached an agreement to settle all claims in the present litigation.

1

3.     The Class Representatives have presented to the Court for review the Settlement Agreement. The Settlement Agreement proposes a settlement that is within the range of reasonableness and meets the requirements for preliminary approval.

4.     The Court preliminarily finds that the settlement of this Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Eligible Persons, when considering the merits of Plaintiffs' case, weighed against the terms of the Settlement, Defendant's financial condition, and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

5.     The Court has also considered the following factors in preliminarily finding that the settlement of this Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Eligible Persons:

    A.   the Class Representatives and Class Counsel have adequately represented the Settlement Classes;

    B.   the Settlement was negotiated at arm's length;

    C.   the relief provided for the Settlement Classes is adequate, taking into account:

        i.    the costs, risks, and delay of trial and appeal;

        ii.   the effectiveness or any proposed method of distributing relief to the Class Members, including the method of processing Class Member claims;

        iii.  the terms of any proposed award of attorney's fees, including timing of payment; and

        iv.   any agreement required to be identified under Rule 23(e)(3); and

    D.   the proposal treats Class Members equitably relative to each other.

Fed R. Civ. P. 23(e)(2).

6. The Class Representatives have presented to the Court for review a plan to provide to Eligible Persons notice of the terms of the Settlement Agreement and the various options the Eligible Persons have, including, among other things, the option for any Eligible Person to opt out of the class action and the option for any Class Member to object to the proposed Settlement Agreement and/or to Class Counsel's application for an award of attorneys' fees and costs and/or Service Awards for the Class Representatives. The Notice will be provided consistent with the requirements of the Settlement Agreement. The mailing and publication of Notice described in the Settlement Agreement constitutes the best practical notice of the Final Approval Hearing, the proposed Settlement Agreement, Class Counsel's Application for Fees and Expenses and Class Representative Compensation, and all other matters set forth in the proposed Notice, it constitutes valid, due, and sufficient notice to all Eligible Persons, and it complies fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Eligible Persons' rights of due process, and all other applicable law.

7. The Court approves the proposed Postcard Notice, Long Form Notice and Publication Notice, attached to the Supplemental Submission in support of preliminary approval (ECF No. 674), as Exhibits C, D and E, respectively, to be sent to Eligible Persons.

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on June 9, 2022 certified (as modified by the Court's August 19, 2022 (ECF No. 535) and December 30, 2022 Orders (ECF No. 573)) five 23(b)(3) damages classes: (1) the *Bearden* Class; (2) the Modified *Gerstein* Class; (3) the Jail-Conditions Class; (4) the Warrant Class; and (5) the Post-Judgment Class (collectively, the "Certified Classes"). ECF No. 519 at 45–48. The Court also appointed Blake

Strode of ArchCity Defenders, Inc.; Angela Daker and J. Frank Hogue of White & Case LLP; Marco Lopez of Civil Rights Corps; and Brendan Roediger of SLU Law Clinic, as Class Counsel for the certified classes.[1]  *Id.*  The Court preliminarily approved Plaintiffs' voluntary dismissal of the claims of the Modified Declaratory and Injunctive Class.  ECF No. 540.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the Settlement Agreement, the Court hereby agrees to modify the Certified Classes by revising the end date, and to certify these modified classes for settlement purposes only, as follows (collectively, the "Settlement Classes"):

> ***Bearden* Settlement Class**: All persons who have, at any time from February 8, 2010, through December 30, 2022, been kept in jail by the City of Ferguson for failing to pay a fine, fee, bond, surcharge, or cost, without an inquiry into their ability to pay.
>
>> **Modified *Gerstein* Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after a warrantless arrest with no finding of probable cause by a neutral magistrate for their arrest and continued detention.
>>
>> **Warrant Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after being arrested on a warrant issued by the City.
>>
>> **Post-Judgment Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been jailed by the City of Ferguson because of their non-payment in connection with a prior judgment.
>
> **Jail-Conditions Settlement Class**: All persons who, at any time since February 8, 2010, through December 30, 2022, were held in the City of Ferguson jail.

3. Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas,

---

[1] The Court also appointed John Waldron, Claire Leonard, Shannon Lane, Hafsa Mansoor, Ryan Downer, and John Ammann as Class Counsel in the June 9, 2022 Order; these individuals have since withdrawn from the case.

Shameika Morris, and Ronnie Tucker are hereby appointed as Class Representatives for the Settlement Classes.

4. Blake Strode and Maureen Hanlon of ArchCity Defenders, Inc., Angela Daker and Frank Hogue of White & Case LLP, Marco Lopez of Civil Rights Corps, and Brendan Roediger of the SLU Law Clinic are hereby preliminarily appointed as Class Counsel for the Settlement Classes.

5. The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to Eligible Persons for their consideration.

6. **By March 12, 2024**, Notice of the proposed Settlement Agreement and the rights of any Eligible Person to opt out of the class action or the rights of any Class Member to object to the Settlement Agreement shall be given by issuance of direct mailed Notice and publication consistent with the terms of the Settlement Agreement, and will be sent to any Eligible Person as soon as practicable after entry of this Order. All costs and expenses of providing Notice to the Eligible Persons shall be paid via the Settlement Fund.

7. **By April 22, 2024**, the Notice Program shall be completed.

8. **By April 22, 2024,** any Eligible Person requesting exclusion from the Settlement must send a completed opt-out form to the Settlement Administrator, by postal mail, email, or fax, postmarked or date-stamped. The Settlement Administrator will file the opt-out form with the Court within 14 days of the deadline by which all opt-out requests must be postmarked. The Opt-Out Period and the Period of Objections shall be extended for a period of 15 days for any Eligible Person that is re-mailed a Postcard Notice to a new forwarding address, making the Extended Opt Out and Objection Deadline **May 7, 2024**. The Settlement Administrator

will file these extended opt-out requests, if received past the postmarked date, with the Court within 14 days of receiving them.

9. **By April 22, 2024**, any Class Member wishing to object to the Settlement must (i) mail an objection to the Settlement Administrator by postal mail and (ii) the Settlement Administrator will then send a copy of the objection to counsel for the parties by postal mail or email, each post-marked or date-stamped (as applicable) and file the objection with the Court.

10. **By May 6, 2024**, Class Counsel will submit to the Court a Notice of Class Action Opt-Outs, attaching an affidavit from the Settlement Administrator, confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Eligible Person who timely and properly opted-out from one or more of the Settlement Classes and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

11. **By May 6, 2024,** the Parties shall file a Joint Motion for Final Approval of the Settlement, and Class Counsel shall file any application for attorneys' fees and costs to be awarded to Class Counsel and for Service Awards for the Class Representatives. The Court will review any such application at the Final Approval Hearing.

12. **By June 10, 2024** any responses to written objections shall be filed with the Court.

13. A Final Approval Hearing shall be held before the Court on **June 18, 2024 at 9:30 a.m. in Courtroom 12S,** to consider whether the Settlement Agreement should be given final approval by the Court. At the Final Approval Hearing, the Court will consider:

    a. whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

    b. whether a Final Judgment should be entered thereon;

    c. whether Class Counsel fairly and adequately protected the interests of the Settlement Classes; and

    d. whether Class Counsel's Application for Attorneys' Fees and Costs and Service Awards for the Class Representatives should be approved by the Court.

  14. Written objections to the proposed Settlement will be considered by the Court only if mailed to the Settlement Administrator and postmarked on or before the Opt-Out Period, as set out in the Notice of Class Action Settlement.

  15. At the Final Approval Hearing, any Class Member may be heard orally in support of or—if they have timely submitted written objections—in opposition to the Settlement Agreement, provided that each such Class Member requesting to be heard includes in his or her objection a statement confirming that the objector or any counsel for the objector intends to testify at the Final Approval Hearing, as specified in the Notice.

  16. Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the Settlement should be approved;

  17. With the exception of the actions to be taken as directed in this Order, this case is **STAYED** pending the Final Approval of the Settlement.

  18. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall not have effect whatsoever.

IT IS SO ORDERED.

DATED: February 27, 2024

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE