IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FERGUSON, MISSOURI,<br><br>Defendant. | Case No. 4-15-CV-00253-AGF |

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased,[1] Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker, on behalf of themselves and all others similarly situated (the "Class Representatives" or "Plaintiffs") and Defendant City of Ferguson ("Defendant," the "City," or "Ferguson" and together, the "Parties") move this Court for an Order approving the terms of the proposed class action settlement. As set out more fully in the accompanying Memorandum in support of this Motion, Plaintiffs state as follows:

1. Plaintiffs allege that each of them (and the Class Members[2] they represent) are victims of unconstitutional arrest and detention policies and procedures implemented by Defendant. Plaintiffs allege, among other things, that the City jailed them for nonpayment without regard for their ability to pay, issued warrants for failure to pay without probable cause that the

---

[1] On November 9, 2023, Counsel for Plaintiff Keilee Fant filed a suggestion of Ms. Fant's death pursuant to Fed. R. Civ. P. 25(a) and moved to substitute Michael Gunn, in his capacity as personal representative of her Estate, as a plaintiff in this action. *See* ECF No. 660. On November 13, 2023, the Court granted the motion. ECF No. 661.

[2] All capitalized terms have the same meaning as used in the Settlement Agreement and Memorandum.

1

nonpayment was willful, failed to provide counsel during debt-collection proceedings that led to imprisonment, jailed warrantless arrestees without any prospect of probable cause hearings, and kept arrestees under inhumane jail conditions, in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments.  *See* First Am. Compl., ECF No. 53.

2. Defendant has denied liability and asserted multiple affirmative defenses.  *See* Answer to First Am. Compl., ECF No. 56.

3. On May 31, 2023, after eight years of litigation that included over fifty depositions, issuing and answering multiple Requests for Production and sets of Interrogatories, reviewing over 800,000 pages of documents and voluminous data, and the production of several expert reports, the Parties arrived at a settlement that will provide meaningful compensation to the individuals subjected to Ferguson's jailing and debt-collection practices.  The Settlement Agreement avoids the risks and delay of further litigation.  *See* Decl. of Angela Daker in Supp. of Mot. for Prelim. Approval of Class Settlement ("Decl.") (ECF No. 669, Ex. 2) ¶¶ 8, 36–38.

4. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013) (quoting *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993).  "The court's role in reviewing a negotiated class settlement is to [sic] 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League,* 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

5. Factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the settlement in this case for all the reasons set out in the

2

accompanying Memorandum.  *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012).  As against the risks and uncertainties, the settlement provides immediate and valuable relief for the Class Members.

6.  The settlement provides monetary compensation to the Settlement Classes it preliminarily certified in its February 27, 2024 Order Granting Preliminary Approval of Class Action Settlement and Settlement Classes, and Permission to Disseminate Notice (ECF No. 675) ("Preliminary Approval Order"), which are substantially similar to the five damages classes certified by the Court in its June 9, 2022 Order and modified by its August 19, 2022 and December 30, 2022 Orders—the *Bearden* Class, the Modified *Gerstein* Class, the Warrant Class, the Post-Judgment Class, and the Jail-Conditions Class (collectively, the "Certified Classes").  *See* Settlement Agreement ¶ 3; *see also* Mem. and Order, ECF No. 519; Order, ECF No. 535; Order Amending Class Definition and Directing Class Notice, ECF No. 573.  The specifics regarding the distribution of the Settlement Funds are set forth in more detail in the accompanying Memorandum and in the Settlement Agreement itself.

7.  In its Preliminary Approval Order, the Court preliminarily approved the below modified classes for settlement purposes only, as follows (collectively, the "Settlement Classes")[3]:

> ***Bearden* Settlement Class**: All persons who have, at any time from February 8, 2010, through December 30, 2022, been kept in jail by the City of Ferguson for failing to pay a fine, fee, bond, surcharge, or cost, without an inquiry into their ability to pay.
>
> **Modified *Gerstein* Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after a warrantless arrest with no finding of probable cause by a neutral magistrate for their arrest and continued detention.

---

[3] In the event that the Settlement Agreement is not approved by the Court, the class relief set forth in the Settlement Agreement is changed in any material way, or the Settlement Agreement is terminated, the proposed modifications to the Certified Classes shall become null and void and have no further force and effect whatsoever, unless otherwise agreed to by the Parties, and the Parties shall be restored without prejudice to their respective positions as if the Settlement and application for its approval had not been made.  Settlement Agreement ¶ 3.

**Warrant Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been held in jail by the City of Ferguson after being arrested on a warrant issued by the City.

**Post-Judgment Settlement Class** (a subclass of the *Bearden* Settlement Class): All persons who have, at any time from February 8, 2010, through December 30, 2022, been jailed by the City of Ferguson because of their non-payment in connection with a prior judgment.

**Jail-Conditions Settlement Class**: All persons who, at any time since February 8, 2010, through December 30, 2022, were held in the City of Ferguson jail.

8. Between March 12, 2024 and April 22, 2024, the Settlement Administrator selected by Plaintiffs' Counsel and approved by the Court disseminated notice based on the procedures the Court approved in its Preliminary Approval Order. These procedures are further detailed in the Affidavit of Settlement Administrator, attached to the Memorandum as Exhibit 3.

WHEREFORE, for these and the reasons more fully set forth in the accompanying Memorandum, Plaintiffs request that this Court grant final approval of the settlement. A Proposed Order granting this Motion is attached to the Memorandum as Exhibit 2.

| | |
|---|---|
| Dated: May 13, 2024 | Respectfully submitted, |
| **WHITE & CASE LLP** | **ARCHCITY DEFENDERS** |
| By: /s/ *Angela Daker* <br> Angela Daker (*pro hac vice*) <br> 200 S. Biscayne Boulevard, Suite 4900 <br> Miami, FL 33131 <br> Phone: 305-371-2700 <br> Email: adaker@whitecase.com | Maureen Hanlon, #70990MO <br> Blake A. Strode, #68422MO <br> 440 N. 4th Street, Suite 390 <br> Saint Louis, MO 63102 <br> Phone: 855-724-2489 <br> Email: mhanlon@archcitydefenders.org |
| | —and— |
| Ross E. Elfand (*pro hac vice*) <br> Iva Popa (*pro hac vice*) <br> Paula Kates (*pro hac vice*) <br> Kathryn Hong (*pro hac vice*) <br> Luke J. Miller (*pro hac vice*) <br> Chloe R. Edmonds (*pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, NY 10020 <br> Phone: 212-819-7670 <br> Email: relfand@whitecase.com | **CIVIL RIGHTS CORPS** <br><br> Marco Lopez (*pro hac vice*) <br> 1601 Connecticut Avenue NW, Suite 800 <br> Washington, DC 20009 <br> Phone: 202-844-4975 <br> Email: marco@civilrightscorps.org <br><br> —and— |
| Frank Hogue (*pro hac vice*) <br> 701 13th Street NW, #600 <br> Washington, D.C. 20005 <br> Phone: 202-626-3600 <br> Email: fhogue@whitecase.com | **SLU LAW CLINIC** <br><br> Brendan Roediger, #6287213IL <br> 100 N. Tucker Blvd. <br> Saint Louis, MO 63101 <br> Phone: 314-977-2778 <br> Email: brendan.roediger@slu.edu |
| —and— | *Attorneys for Plaintiffs* |