# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FERGUSON, MISSOURI,<br><br>Defendant. | Case No. 4-15-CV-00253-AGF |

## MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker, on behalf of themselves and all others similarly situated (the "Class Representatives" or "Plaintiffs") move this Court for an Order awarding attorneys' fees and costs in the amount of $1,499,850.  In addition, Plaintiffs move for Service Awards of $10,000 for each of the Class Representatives: Personal Representative of the Estate of Keilee Fant, Deceased, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker.  As set out more fully in the accompanying Memorandum in support of this motion, Plaintiffs state as follows:

1.      Plaintiffs allege, among other things, that Defendant City of Ferguson, Missouri ("Defendant," "Ferguson," or the "City") jailed them for nonpayment without regard for their ability to pay, issued warrants for failure to pay without probable cause that the nonpayment was willful, failed to provide counsel during debt-collection proceedings that led to imprisonment, jailed warrantless arrestees without any prospect of probable cause hearings, and kept arrestees under

inhumane jail conditions, in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments. *See* First Am. Compl., ECF No. 53. The lawsuit sought damages and injunctive relief for each alleged violation, as well as costs and attorneys' fees. *Id.*

2. The City has denied liability and asserted multiple affirmative defenses. *See* Answer to First Am. Compl., ECF No. 56.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, on June 9, 2022, the Court granted Plaintiffs' Motion for Class Certification, certifying five Rule 23(b)(3) damages classes and one Rule 23(b)(2) declaratory and injunctive class. ECF No. 519. The Court also appointed Blake Strode and Maureen Hanlon of ArchCity Defenders; Angela Daker and Frank Hogue of White & Case LLP; Marco Lopez of Civil Rights Corps; and Brendan Roediger of SLU Law Clinic, as Class Counsel for the certified classes, and appointed Keilee Fant, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker as Class Representatives. *Id.* The Court later amended all classes to have an end-date of September 30, 2017, ECF No. 535 and 573, and granted Plaintiffs' voluntary dismissal of the Modified Declaratory and Injunctive Class, ECF No. 653.

4. On May 31, 2023, after eight years of litigation that included four motions to dismiss, two interlocutory appeals, contested class certification and dispositive motions, and discovery consisting of over fifty depositions, issuing and answering multiple Requests for Production and sets of Interrogatories, reviewing over 800,000 pages of documents and voluminous data, and the production of several expert reports, Plaintiffs and Defendant (together, the "Parties") arrived at a settlement that will provide meaningful compensation to the individuals subjected to Ferguson's jailing and debt-collection practices.

5. On February 27, 2024, this Court preliminarily approved the settlement, finding it to be fair, reasonable, and adequate, and in the best interest of Class Members. *See* ECF No. 675. The Court also preliminarily modified the end dates of the Certified Classes, for settlement purposes only, preliminarily appointed Plaintiffs Personal Representative of the Estate of Keilee Fant, Deceased, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker as Class Representatives for the Settlement Classes, preliminarily appointed the undersigned as Class Counsel for the Settlement Classes, and directed Notice of the settlement to be issued to Settlement Class members. *Id.* at 3–5. Plaintiffs will subsequently file a Motion for Final Approval of the settlement. *Id.* at 6. And, the Final Approval Hearing is scheduled to be held on June 18, 2024. *Id.*

6. Pursuant to the Settlement Agreement, ECF No. 669-1, Ferguson has agreed to pay $4,500,000.00 into a cash settlement fund account for the benefit of all Settlement Class members.

7. Plaintiffs request this Court's approval of $1,499,850 in attorneys' fees and costs, representing 33.33% of the gross settlement amount. The award of this percentage is supported by the outstanding results achieved for the Settlement Class members' benefit and the significant risk incurred in taking on a complex class action like this one, which involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability, on a contingency basis.

8. Use of the percentage method in this Circuit is well established. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). Indeed, where fees are distributed from a common fund, it is the preferred method. *See West v. PSS World Med., Inc.*, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014) ("[W]here attorney fees and class members' benefits are distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees."

(citations omitted)); *accord Barfield v. Sho-Me Power Elec. Co-op.*, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015); *Wiles v. Southwestern Bell Tel. Co.*, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011); *see also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 736 F. Supp. 1007, 1008–09 (E.D. Mo. 1990) (percentage of fund "is a more appropriate and efficient means of calculating an attorneys' fee award" than the lodestar method).

9.    The request of 33.33% of the gross settlement amount here is reasonable and well within the range typically approved by courts in this Circuit, especially considering that this case was settled after extensive summary judgment briefing. *See e.g., Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) ("Indeed, courts have frequently awarded attorneys' fees ranging up to 36% in class actions."); *Cromeans v. Morgan, Keegan & Co., Inc.*, 2015 WL 5785576, at *3 (W.D. Mo. Sept. 16, 2015), *report and recommendation adopted*, 2015 WL 5785508 (W.D. Mo. Oct. 2, 2015) (33.3% of fund reasonable); *West*, 2014 WL 1648741, at *1 (same); *Barfield*, 2015 WL 3460346, at *4 (same); *Sanderson v. Unilever Supply Chain, Inc.*, 2011 WL 6369395, at *2–3 (W.D. Mo. Dec. 19, 2011) (approving attorneys' fee award of 33.78% of settlement fund); *Wiles*, 2011 WL 2416291, at *4–5 (33% of fund reasonable).

10.    Courts may, but are not required to, use the lodestar method to cross-check the fairness of a percentage award. *See Petrovic*, 200 F.3d at 1157 (the lodestar approach is "sometimes warranted to double-check the result of the 'percentage of the fund' method"). Here, the hours and rates of Class Counsel are summarized and submitted for the Court's examination. "[A] court performing a lodestar cross check need not scrutinize each time entry; reliance on representation by class counsel as to total hours may be sufficient." *In re NuvaRing Prods. Liab. Litig.*, 2014 WL 7271959, at *4 (E.D. Mo. Dec. 18, 2014) (citing *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 867 (E.D. La. 2007)); *accord In re Genetically Modified Rice Litig.*, 2012

4

WL 6085153, at *10 (E.D. Mo. Nov. 2, 2012), *report and recommendation adopted*, 2012 WL 6085141 (E.D. Mo. Dec. 6, 2012), *aff'd*, 764 F.3d 864 (8th Cir. 2014) ("[T]he court may rely on summaries of attorneys and need not review actual billing records."). Should the Court wish to undertake a full lodestar cross-check, Class Counsel will provide more detail upon request.

11. Plaintiffs' Counsel expended a total of 26,126.3 hours of attorney time as of the date of this filing.

12. Based on the hours expended, and reasonable rates "normally charged in the community where the attorney practices," *In re Genetically Modified Rice Litig.*, 2012 WL 6085153, at *8 (quoting *Stoneridge Investment Partners v. Charter Commc'ns, Inc.*, 2005 U.S. Dist. LEXIS 14772 at 54 (E.D. Mo. 2005)), and even using a below-market-average rate of $300 per hour, Plaintiffs' Counsel's lodestar is at least $7,837,890. The resulting cross-check multiplier is 0.11—a *negative multiplier*—which is well within the range of those applied in comparable cases. *See Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) ("And while the 5.3 lodestar multiplier is high, it does not exceed the bounds of reasonableness.").

13. The reasonableness of the requested fee award—under either the percentage method or the lodestar method—is supported by the "*Johnson*" factors approved in the Eighth Circuit. *See Barfield*, 2015 WL 3460346, at *5 ("Although the Eighth Circuit 'has not formally established fee-evaluation factors, . . . it has approved consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719–20 (5th Cir. 1974).'"). Particularly in light of the significant risks of litigation in this case, the settlement is an exceedingly good one for the Class Members. It provides for significant monetary relief to Settlement Class members, as well as valuable additional consideration and relief. The case was prosecuted on a contingent basis, entailing substantial risk that the litigation would yield little or no recovery or compensation. The factual and legal issues are complex, and Class

Counsel expanded significant time, effort, and resources vigorously litigating this case through multiple motions to dismiss, an appeal to the Eighth Circuit, voluminous discovery, a contested motion for class certification, summary judgment briefing, and final pre-trial preparation.  Furthermore, Class Counsel are highly experienced litigators in complex class-action and/or multidistrict litigation and have been recognized for high quality work and skill.

14. Finally, Plaintiffs also seek Service Awards in the amount of $10,000 for each of the Class Representatives, namely, Personal Representative of the Estate of Keilee Fant, Deceased, Roelif Carter, Allison Nelson, Herbert Nelson Jr., Alfred Morris, Anthony Kimble, Donyale Thomas, Shameika Morris, and Ronnie Tucker for their service in representing and zealously advocating on behalf of Class Members.  "Courts often grant service awards to named plaintiffs in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.'"  *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017).  The Service Awards requested here are within the range typically approved by courts in this Circuit.  *Id.*  ("[C]ourts in this circuit regularly grant service awards of $10,000 or greater.").  Such Service Awards are clearly warranted here, where each of the Class Representatives was integral to the investigation and development of the case and complaints, was deposed at length by the City's counsel, responded to significant written discovery, and was prepared to testify at trial.

WHEREFORE, for the reasons discussed herein and the accompanying Memorandum in support of this motion, the Court should approve Plaintiffs' request for $1,499,850 in attorneys' fees and costs, and Service Awards of $10,000 for each of the Class Representatives.

Dated: May 13, 2024

**WHITE & CASE LLP**

By: /s/ *Angela Daker*
Angela Daker (*pro hac vice*)
200 S. Biscayne Boulevard, Suite 4900
Miami, FL 33131
Phone: 305-371-2700
Email: adaker@whitecase.com

Ross E. Elfand (*pro hac vice*)
Iva Popa (*pro hac vice*)
Paula C. Kates (*pro hac vice*)
Kathryn Hong (*pro hac vice*)
Luke J. Miller (*pro hac vice*)
Chloe R. Edmonds (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-819-7670
Email: relfand@whitecase.com

Frank Hogue (*pro hac vice*)
701 13th Street NW, #600
Washington, D.C. 20005
Phone: 202-626-3600
Email: fhogue@whitecase.com

—and—

Respectfully submitted,

**ARCHCITY DEFENDERS**

Maureen Hanlon, #70990MO
Blake A. Strode, #68422MO
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
Phone: 855-724-2489
Email: mhanlon@archcitydefenders.org

—and—

**CIVIL RIGHTS CORPS**

Marco Lopez (*pro hac vice*)
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Phone: 202-844-4975
Email: marco@civilrightscorps.org

—and—

**SLU LAW CLINIC**

Brendan Roediger, #6287213IL
100 N. Tucker Blvd.
Saint Louis, MO 63101
Phone: 314-977-2778
Email: brendan.roediger@slu.edu

*Attorneys for Plaintiffs*