# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF FERGUSON, MISSOURI,<br><br>        Defendant. | Case No. 4-15-CV-00253-AGF |

## DECLARATION OF MAUREEN HANLON

I, Maureen Hanlon, declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of Missouri, have been admitted to practice before this court, and am a Staff Attorney of the law firm ArchCity Defenders, Inc., one of the law firms representing Plaintiffs in the above-captioned litigation.  I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

2.      In addition to the support of highly experienced counsel at ArchCity Defenders, this matter was also ably prosecuted by a team of highly esteemed class action attorneys, which included Blake Strode and Maureen Hanlon of ArchCity Defenders; Angela Daker and Frank Hogue of White & Case LLP; Marco Lopez of Civil Rights Corps; and Brendan Roediger of SLU Law Clinic (collectively, "Class Counsel").  The firm resumes and qualifications of Class Counsel

were presented to the Court in connection with Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 427-111, 427-112, 427-113, and 427-114 (declarations of Class Counsel and firm resumes).

3.      I have actively participated in many aspects of this litigation, including the negotiation of the settlement and am fully familiar with the proceedings in the matter in which the parties seek resolution.  If called upon, I am competent to testify that the following facts are true and correct based upon my personal knowledge.

THE SUBSTANTIVE WORK REQUIRED TO SUCCESSFULLY LITIGATE THIS MATTER

4.      From the inception of this litigation, Plaintiffs' Counsel has aggressively prosecuted this case and vigorously represented the best interests of Plaintiffs and Class Members.

5.      After substantial pre-suit investigation, including investigating the facts, extensive reviewing of the laws asserted, and evaluating and vetting potential class representatives prior to filing suit, Plaintiffs' Counsel filed the original complaint on February 8, 2015, bringing six counts against Defendant in connection with its debt-collection and jailing practices.  *See* ECF No. 1 ¶¶ 233–45.  Once litigation commenced, Plaintiffs' Counsel briefed the City's first Motion to Dismiss (ECF No. 8), which the Court granted in part (ECF No. 19), but Plaintiffs successfully moved to reconsider (ECF No. 27).  On April 13, 2016, Plaintiffs filed the First Amended Class Action Complaint, which is the operative complaint, including all six claims in the original complaint and adding a seventh.  *See* First Am. Compl., ECF No. 53 ¶¶ 233–46.  Plaintiffs alleged that Defendant violated their constitutional rights by jailing them for their inability to pay (Count One), denying them effective assistance of counsel (Count Two), detaining them indefinitely and arbitrarily (Count Three), exposing them to deplorable jail conditions (Count Four), imposing unduly harsh and punitive restrictions on them as government debtors (Count Five), seeking and executing invalid warrants for their arrest (Count Six), and detaining them unreasonably after warrantless

arrests without a neutral judicial finding of probable cause (Count Seven).  Defendant has denied and continues to deny these allegations.

6.      Plaintiffs' Counsel also briefed and defeated Defendants' second and third motions to dismiss (ECF Nos. 57, 150).  The City immediately sought interlocutory appeal when this Court denied its third Motion to Dismiss.  Plaintiffs' Counsel successfully moved to dismiss this appeal for lack of jurisdiction.  *Fant et al. v. City of Ferguson*, 913 F.3d 757, 759 (8th Cir. 2019).  The City then filed a fourth motion to dismiss, which this Court denied, causing Defendant to seek interlocutory appeal once more.  ECF No. 223.  Plaintiffs' Counsel once again moved to dismiss Defendant's interlocutory appeal for lack of jurisdiction, which the Eighth Circuit granted. Judgment, *Fant et al. v. City of Ferguson*, No. 19-2939 (8th Cir. Oct. 10, 2019), ECF No. BL-16. Defendant then sought a writ from the United States Supreme Court, which was denied.  *City of Ferguson v. Fant*, 140 S. Ct. 2515 (2020).

7.      During discovery, Plaintiff's Counsel noticed, prepared for, and conducted over fifty depositions, including for non-party witnesses; prepared and issued multiple sets of documents requests and interrogatories; subpoenaed records and class membership data from third-party entities; reviewed over 800,000 pages of documents; met and conferred with defense counsel to resolve various discovery disputes; and engaged in successful motion practice to compel Defendant's production of certain documents.

8.      Plaintiffs' Counsel retained and consulted with four expert witnesses and prepared those expert witnesses for deposition.

9.      Plaintiffs' Counsel reviewed reports by Defendant's expert witnesses and deposed those expert witnesses.

3

10.     Plaintiffs' Counsel also responded to multiple discovery requests from Defendant, and prepared and defended named Plaintiffs at their depositions.

11.     Discovery was tailored to uncover all relevant practices of Defendant that could bear on class certification and the ultimate merits of the case.  The discovery process, which accounts for a significant portion of the attorney time expended in this case, was essential to its successful litigation and settlement.   Among other things, information obtained during the document review process was utilized in depositions and informed the preparation and success of the Plaintiffs' Motion for Class Certification, which was granted on June 9, 2022, after briefing and oral argument before this Court.  ECF No. 519.  The discovery taken was also crucial to supporting Plaintiffs' Motion for Summary Judgment as to The City's Liability on Counts One, Two, and Seven.  ECF No. 589.

12.     After class certification, Class Counsel selected KCC, a third-party class notice administrator, to issue Notice to Class Members, receive exclusion requests, respond to inquiries, and conduct other activities relating to class notice.  This Court approved the selection of KCC. Class Counsel actively supervised and managed KCC and its administration of the notice program. This entailed: reviewing notice reports on a weekly basis, analyzing reports on impressions and other metrics regarding the success of notice; and discussing any improvements that could be made to the notice program.  These efforts were made by telephone and by email.

13.     Class Counsel also filed and fully briefed its Motion for Summary Judgment, as well as briefing Plaintiffs' opposition to Defendant's Motion for Summary Judgment, both of which remained pending at the time the Parties reached the proposed settlement.

14.     The Parties engaged in a day-long mediation before Mr. Bradley A. Winters, Esq., of JAMS, on May 31, 2023.  This was the Parties' sixth attempt at mediation.  Class Counsel

entered the mediation fully informed of the merits of Class Members' claims and were prepared to continue to litigate and try the case rather than accept a settlement that was not in the Plaintiffs' and the Classes' best interests.  Mr. Winters actively supervised and participated in the settlement discussions to help the Parties reach an acceptable compromise.  After lengthy and hard-fought negotiations, the Parties reached an agreement on all material terms, including the amount of the Settlement Fund.  Among other factors leading to settlement were the extensive work performed by Class Counsel and the credible threat of success at the impending November 2023 trial based on Counsel's collective trial experience.

15.     Class Counsel prepared the first draft of the Settlement Agreement, and the Parties negotiated the precise terms and language of the Agreement.  Following further negotiation and the exchange of several draft agreements between the Parties, Class Counsel ultimately was able to reach a Settlement Agreement that provides monetary compensation to Class Members while avoiding the risks and delay of further litigation.

16.     Thereafter, Class Counsel selected Atticus Administration ("Atticus"), a third-party class settlement administrator, to administer the Class Settlement Notice process.  This Court approved the selection of Atticus.  The Class Settlement Notice process concluded on April 22, 2024.  Class Counsel actively supervised and managed Atticus, including: reviewing notice reports on a weekly basis, analyzing reports on impressions and other metrics regarding the success of notice; and discussing any improvements that could be made to the notice and distribution of settlement funds program.  If final approval is granted, Class Counsel will work with Atticus to appropriately distribute the settlement funds to Class Members.

<u>THE TIME AND EXPENSE EXPENDED BY PLAINTIFFS' COUNSEL</u>

17.     Numerous issues and defenses made liability (and consequent payment) in this matter uncertain.  The case has been prosecuted entirely on a contingent basis, entailing substantial risk that the litigation would yield little or no recovery or compensation.  The only certainty in this matter from the outset was that there would be no fee without a successful result, and that such result would be realized only after a lengthy and difficult effort.

18.     During the past nine years, Plaintiffs' Counsel have advanced significant time and expense on behalf of the Plaintiffs and the Classes.  In doing so, Plaintiffs' Counsel have long borne the risk of an unfavorable result.  Plaintiffs' Counsel have not been paid for their extensive efforts, nor have they been reimbursed for costs incurred.  The efforts required in this matter also necessitated that the firms forego other opportunities in order to fulfill their responsibilities in this matter.  Plaintiffs' Counsel now seek an award of attorneys' fees.

19.     Plaintiffs' Counsel seek a fees and costs award of $1,499,850.  This amount represents 33.33% of the total $4,500,000 value of the Settlement Fund and is within the range set forth in the Notice.

20.     I believe that this fee is reasonable in relation to the substantial results achieved for the Settlement Class Members and the efforts of counsel.  Further, such an award is supported by the benchmarks for fee awards, costs, and expenses in this District and the Eighth Circuit.

21.     Throughout the mediation and negotiation efforts, and in advising our clients of the proposed settlement, my firm and I have at all times considered the fairness, reasonableness, and adequacy of the settlement for the Class, taking into account: the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of proceeding to trial; the amount offered in settlement; and the experience and views of Plaintiffs' Counsel.  Against the backdrop of

Plaintiffs' Counsel's collective experience in prosecuting complex actions, we have considered the claims set forth in the Complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation.  Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable and adequate, well within the range of possible approval, and therefore deserving of the Court's Final Approval.

22. ArchCity Defenders and the other firms comprising Plaintiffs' Counsel have diligently investigated and prosecuted this matter, dedicating substantial time, effort, resources, and expertise to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the Classes.  The qualifications of Plaintiffs' Counsel and their extensive experience in prosecuting complex class actions and other complex and civil rights litigation, including firm resumes, were submitted to the Court prior to its appointment of Class Counsel, and are incorporated herein by reference.  *See* ECF Nos. 427-111, 427-112, 427-113, and 427-114.

23. Throughout the litigation, I have had regular communications with the members of Plaintiffs' Counsel regarding their expenditure of time and expense to ensure that each firm was able to contribute constructively, and that there was no unnecessary duplication of efforts.

24. In preparing the fee application and this declaration, I asked each member of the Plaintiffs' Counsel to provide me with the total hours and expenses expended by their respective firms.  All co-counsel produced hours for which there is documentation and took efforts to reduce duplication of hours.  As of the date of this declaration, the total hours of attorney time expended by Plaintiffs' Counsel is 26,126.3 hours, as reflected below:

7

| | |
|---|---|
| Arch City Defenders: | 1,432 hours |
| White & Case LLP: | 21,408.7 hours |
| Civil Rights Corps: | 2,768.3 hours |
| SLU: | 517.3 hours |

25.     As detailed in the accompanying Memorandum in Support of Plaintiffs' Motion for Attorney's Fees, Costs, and Service Awards, fee awards of up to 33% are regularly approved in the Eighth Circuit.  Moreover, when a lodestar cross-check is evaluated, the requested fee award will result in a negative multiplier of 0.11, even if Plaintiffs' Counsel's lodestar is calculated using a lower-than-average rate of $300 per hour.  The award requested here is more than reasonable.

26.     The total expenses incurred, for which reimbursement is sought, is $645,796.19. These expenses were incurred and advanced by Class Counsel as follows:

| | |
|---|---|
| Arch City Defenders: | $3,797.19 |
| White & Case LLP: | $640,513.74 |
| Civil Rights Corps: | $1,485.26 |
| SLU: | $0.00 |

While the great majority of these costs are discovery-related, expenses also include legal research, e-discovery expenses, court reporters, and some travel and meals.

Costs advanced by ArchCity Defenders for the benefit of the Classes, by category, were as follows:

| Category | Costs |
|---|---|
| Depositions | $3,472.61 |
| Investigation | $211.00 |
| Transportation for Plaintiffs | $44.79 |
| Records | $68.80 |
| **Total** | $3,797.19 |

Costs advanced by White & Case LLP for the benefit of the Classes, by category, were as follows:

| Category | Costs |
|---|---|
| Class Notice Administrator Costs | $20,334.69 |
| Costs of Obtaining Data from City Vendor | $7,500.00 |
| Court Fees and Costs | $6,387.40 |
| Court Reporter, Videographer, and Transcript Fees for Depositions | $89,911.11[1] |
| eDiscovery Hosting, Storage, Project Management, Processing, and User Fees | $400,438.11[2] |
| Expert Fees | $72,653.85 |
| Legal Research | $3,341.56 |
| Mediations | $7,001.03 |
| Out-of-town Travel Costs (travel, hotels, meals)[3] | $26,785.43 |
| Postage | $6,037.56 |
| Process Server | $123.00 |
| **Total** | $640,513.74 |

Costs advanced by Civil Rights Corps for the benefits of the Classes, by category, were as follows:

| Category | Costs |
|---|---|
| Out-of-town Travel Costs (travel, transportation) | $1,410.26 |
| Court Registration | $75.00 |
| **Total** | $1,485.26 |

---

[1] This includes costs for over 50 depositions and hearings.

[2] This includes e-discovery costs for 8 years, from the filings of the case through the May 31, 2023 mediation.

[3] Travel costs have been limited to one individual per hearing or deposition.

9

Plaintiffs' Counsel has maintained detailed records of these expenses, which were necessary to the advancement of the case and can make them available to the Court for *in camera* review if requested.

27.     Plaintiffs' success in this action was by no means assured.  Defendant was represented by able counsel who raised numerous affirmative defenses.  Were this settlement not achieved, and even if Plaintiffs prevailed at trial, Plaintiffs potentially faced years of costly and risky appellate litigation against Defendant, the ultimate success of which was far from certain. These risks support the concept of percentage recoveries.

CLASS REPRESENTATIVES' PARTICIPATION

28.     Class Representatives here worked with counsel to provide information regarding their experiences and claims, including conducting searches of personal records.  They also expended significant time responding to Defendant's interrogatory requests, preparing for depositions, and sitting for their depositions.  These efforts were essential to obtaining class certification and provided substantial benefit to the Classes.  Moreover, in challenging a municipality's arrest and detention procedures, Class Representatives incurred personal risk, including reputational risk, in publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and the media.

29.     For all of the foregoing reasons, the Court should approve Plaintiffs' request for an award of $1,499,850 in fees and costs, and Service Awards of $10,000 for each of the Class Representatives.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 13, 2024

/s/ Maureen Hanlon
Maureen Hanlon (#70990MO)
ArchCity Defenders
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
Phone: 855-724-2489
Email: mhanlon@archcitydefenders.org

11