UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNN, Personal Representative of the Estate of KEILEE FANT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FERGUSON, MISSOURI <br><br> Defendant. | Case No. 4-15-CV-00253-AGF <br><br> (Class Action) |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL DISTRIBUTION TO *CY PRES* RECIPIENT**

Plaintiffs, by and through their counsel of record, with the consent of Defendant, submits this Motion for Final Distribution to *cy pres* recipients.

1. On June 18, 2024, this Court issued an order and final judgment granting final approval of a class action settlement in this matter.  Doc. 684.

2. In this Order, the Court approved the terms of the Settlement Agreement reached between the parties. *Id.*

3. This Court retained jurisdiction to all matters relating to administration and implementation of the Settlement Agreement.  *Id.*

4. The Effective Date of Settlement in this case was Monday, July 29, 2024.  *See* Doc. 679-1, *Settlement Agreement*.

5. On August 6, 2024, Defendant funded the Qualified Settlement Amount ("QSF") established by the Settlement Administrator for this matter with the $4,500,000 Settlement Fund contemplated by the Settlement Agreement.  See Doc. 701 ¶ 2.

6. On August 16, 2024, the First Distribution settlement award payments were sent by U.S. first class mail to 15,178 Class Members.  Doc. 702-1 ¶ 6.

7. Plaintiffs have requested, and this Court has granted, two additional distributions to class members. Doc. 703 (granting second distribution) and Doc. 707 (granting third distribution).

8. Currently, there are no outstanding unexpired payments from the third distribution. Exhibit 1, July 6, 2026 Affidavit of Atticus Administration.

9. The current balance of monies remaining in the Settlement Fund is $53,889.85. *Id.* at ¶ 25.

10. As such, Plaintiffs propose that the Court approve a *cy pres* distribution of any remaining Settlement Fund balance.

11. In the Settlement Agreement, the parties set forth the following: "in the event that the costs of preparing, transmitting and administering such pro rata payments to Class Members are not economically feasible, or other specific reasons exist that would make such further distributions impossible or unfair, or if such a pro rata distribution is made and Residual Funds still remain, Class Counsel may seek the Court's approval to distribute the Residual Funds to a cy pres recipient. Class Counsel shall provide thirty-days (30-days) notice to counsel for Defendant prior to any such donation being made. Defendant reserves the right to object to or otherwise challenge or oppose any motion or other request by Class Counsel for court approval to distribute Residual Funds to a cy pres recipient." Doc. 679-1, Settlement Agreement ¶ 12.3.

12. This settlement language reflects the Eighth Circuit's guidance on *cy pres* distribution: "*[C]y pres* distribution of unclaimed settlement funds to a third party is permissible

2

only when it is not feasible to make further distributions to class members." *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1063 (8th Cir. 2015). Specifically, a court should consider "the amounts involved are too small to make individual distributions economically viable." *Id.* At 1064 (citing American Law Institute Principles of the Law of Aggregate Litigation (2010) § 3.07(a)).

13. A balance of just over $50,000 is simply too small to redistribute to the thousands of class members who received the first, second, and third distributions, given that the printing, mailing, address-tracing, tax-reporting, and re-issuance costs would consume a disproportionate amount of the remaining funds, leaving an impractical amount to actually distribute. Atticus Affidavit at ¶ 25.

14. As such, Plaintiffs believe a Fourth Distribution is economically infeasible and ask instead for the remainder to be sent to a *cy pres* recipient.

15. The Parties did not previously designate a *cy pres* recipient.

*16.* "[A]ny *cy pres* distribution must be for the next best use for indirect class benefit, and for uses consistent with the nature of the underlying action and with the judicial function," *Id.* The *cy pres* recipient should pursue "a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d at 1067.

17. Plaintiffs propose the remaining funds be split between two nonprofits: the Michael O.D. Brown We Love Our Sons & Daughters Foundation, and The Michael Brown Sr. Chosen For Change Organization. These two nonprofits are founded by the parents of Michael Brown, whose death in 2014 motivated the movement that sparked and fueled

3

this litigation.

18. The nonprofits both provide services that benefit the citizens of Ferguson. Both nonprofits regularly hold events in the City of Ferguson. For example, the Michael O.D. Brown Foundation, to honor what would have been Michael Brown's 30th birthday in 2026, will award scholarships to 30 St. Louis-area high school seniors who attend public school in North County and City. Likewise, the Michael Brown Sr. Chosen For Change Organization regularly holds resource fairs in the City of Ferguson to connect its residents to government, business, and nonprofit resources.

19. Defendant is fully appraised of and do not oppose the designation of *cy pres* recipients and the distribution to *cy pres* at this point given the multiple distributions to the class.

In sum, Plaintiffs respectfully request that the order approve a *cy pres* distribution of any remaining residual funds evenly split between two *cy pres* recipients: the Michael O.D. Brown We Love Our Sons & Daughters Foundation, and The Michael Brown Sr. Chosen For Change Organization.


Dated: July 6, 2026                                    Respectfully submitted,

                                                       /s/ *Maureen Hanlon*
                                                       Blake A. Strode (MBE #68422MO)
                                                       Maureen G. Hanlon (MBE #70990MO)
                                                       ARCHCITY DEFENDERS, INC.
                                                       440 North 4th Street, Ste. 390
                                                       Saint Louis, MO 63102
                                                       Tel: (855) 724-2489 ext. 1021
                                                       Fax: (314) 925-1307
                                                       bstrode@archcitydefenders.org
                                                       mhanlon@archcitydefenders.org

                                                        Counsel for Plaintiffs


4

5